```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

GEOFFREY CROWTHER,                )
      Plaintiff                   )
                                  )
            v.                    )  C.A. NO. 09-cv-10334-MAP
                                  )
CONSOLIDATED RAIL CORPORATION     )
and CSX TRANSPORTATION, INC.      )
      Defendants                  )
```

### MEMORANDUM AND ORDER REGARDING
### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(Dkt. No. 37)

October 5, 2010

PONSOR, D.J.

### I. INTRODUCTION

Plaintiff, Geoffrey Crowther, filed this Federal Employee Liability Act ("FELA"), 45 U.S.C. § 51, complaint in the Court of Common Pleas in Pennsylvania on September 21, 2007. The action was later dismissed without prejudice, and Plaintiff refiled in the District Court of Massachusetts, Eastern Division, in Boston on March 5, 2009. Defendants subsequently were granted a transfer to the Western Division.

Plaintiff's complaint alleged both injuries and aggravation of injuries to his knees, neck, back, shoulders, elbows, and thumbs that occurred during his employment with Defendants and as a direct result of Defendants' negligence.

Defendants have moved for summary judgment on three grounds: (1) Plaintiff's claim that his prior injuries were "aggravated" by his work as a trackman is not cognizable under the FELA; (2) Plaintiff's complaints of injuries and aggravation of injuries are barred by the FELA's statute of limitations; and (3) Plaintiff has presented no evidence that Defendants were negligent or that such negligence caused his injuries.

Counsel for the parties appeared for argument on the summary judgment motion on September 27, 2010.  At the hearing, Plaintiff's counsel conceded that the record contained insufficient evidence to support Plaintiff's allegations of injury to his back and shoulder. Accordingly, the motion for summary judgment as to those claims will be allowed without opposition.

## II. FACTUAL BACKGROUND

Plaintiff's employment history is undisputed.  From 1975 through 2006, Plaintiff was employed by Defendants as a track laborer, welder, foreman, and inspector ("trackman"). From 1975-2002, Plaintiff's duties included heavy labor and lifting. (Ex. 16, 74:11-85:2.)  In 2002, Plaintiff's primary care physician recommended that he modify his work duties to include less physical labor, particularly to reduce welding.

(Ex. 16, 106:25-107:10; Pl. Resp. In Opp. To Def. Statement of Facts, ¶ 17.)  From 2002-2005, Plaintiff took on supervisory roles. In 2005, Plaintiff accepted Defendants' offer to build a new track in New Bedford, a position that required him to resume his previous manual labor duties for four months.  (Ex. 16, 107:20-108:2; Ex. 17, 43:8-11.)  In December, 2006, Plaintiff left his employment.[1]  (Ex. 17, 201:2-4.)

Also undisputed is Plaintiff's medical history. Throughout the course of his employment, Plaintiff suffered from what he described as "aches and pains."  (Ex. 15, 93:10.)  Additionally, Plaintiff underwent knee surgery due to specific injuries in 1970, 1977, and 1986, and was diagnosed with epicondylitis (tennis elbow) and cervical degeneration in his neck in 2002.[2]  (Pl.'s Resp. in Opp'n to Def.'s Statement of Facts, ¶ 5.)  Since 2006, when he left the railroad, Plaintiff has undergone knee replacement surgery on both of his knees, neck fusion surgery to repair a herniated disk, left elbow arthroscopy, and left thumb

---

[1] Although the record is unclear as to whether Plaintiff retired or was found disabled, he began receiving a disability annuity from the Railroad Retirement Board in 2007, including retroactive payments to December 19, 2006. (Ex. 17, 210:22-23.)

[2] Plaintiff's counsel indicated that a 2002 diagnosis of carpal tunnel syndrome will be the subject of a separate lawsuit.

arthrodesis metacarpal joint surgery. (Ex. 17, 217:23-219:22.)

### III. DISCUSSION

A.  Legal Standard.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of demonstrating the absence of genuine issues of material fact. The burden then shifts to the opposing party who must demonstrate that a reasonable jury could return a verdict in his favor based on the evidence. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court "view[s] the facts in the light most favorable to the non-moving party" and draws "all reasonable inferences in that party's favor." Pac. Ins. Co. v. Eaton Vance Mgmt., 369 F.3d 584, 588 (1st Cir. 2004) (quotation omitted).

B.  Aggravation of Injuries.

Defendants argue that aggravation of a pre-existing health condition is not a cognizable claim under the FELA. The argument is unpersuasive. Defendants' citations to other Circuit Courts of Appeal decisions notwithstanding, the First Circuit has held that the language of the FELA, namely that a defendant is liable

for injuries resulting from negligence "in whole or in part," signifies that the FELA recognizes claims where "a defendant's negligence aggravates a plaintiff's pre-existing health condition." Stevens v. Bangor & Aroostook R.R., 97 F. 3d 594, 601 (1996)(quoting 45 U.S.C. § 51). Furthermore, to preclude a claim based on aggravation "would prevent the plaintiff from recovering damages for the aggravation in what the factfinder has determined to be meritorious case. This would defeat the remedial purpose of the statute." Id. at 602 (acknowledging that the statute did not specify how to apportion damages "when the causes of plaintiff's disability are inseparable"). In short, the court will consider claims for aggravation of a pre-existing injury.

C. Statute of Limitations.

A claim under the FELA must commence within three years of the date that the cause of action accrued. 45 U.S.C. § 56. "[T]he three-year statute of limitations period begins to run when a plaintiff knows, or should know, of [his] injury and its cause." Granfield v. CSX Transp., Inc., 597 F.3d 474, 482 (1st Cir. 2010). Where a Plaintiff "believe[s] that the injury was caused by his employment . . . he ha[s] a duty to investigate the situation in order to confirm or deny his belief."

<u>Albert v. Maine C.R. Co.</u>, 905 F. 2d 541, 544 (1st Cir. 1990).  "Definite knowledge" is not required.  <u>Id.</u> at 543.

The parties agree that the statute of limitations regarding most of Plaintiff's claims of injury began to run on September 21, 2004, three years before Plaintiff first filed his complaint in state court in Pennsylvania on September 21, 2007.  Defendants contend that the record is replete with evidence that Plaintiff was aware that his work caused his injuries, particularly after 2002 when Plaintiff's primary care physician recommended that he cease manual labor to minimize the pain in his hands and arms.

The primary dispute concerns whether the post-2004 injuries alleged in the complaint are the same as the pre-2004 injuries documented in Plaintiff's medical records.  Plaintiff claims that the earlier diagnoses are completely different and that all of the prior injuries resolved following surgery and other treatment.  Thus, Plaintiff's post-2004 injuries, while they may affect the same body parts, are <u>new</u> and fall within the statute of limitations. (Pl.'s Resp. in Opp'n to Def.'s Statement of Facts, ¶ 13.)  Defendants contend that the injuries are the same and that Plaintiff was not only aware of the

injuries prior to 2004 but was also aware that his work as a trackman was causing the injuries.  Viewed in the light most favorable to Plaintiff, even if some evidence supports Defendants' contention that some of Plaintiff's work-related injuries occurred before 2004, the evidence is far from conclusive that the later injuries were the same as the former injuries.

As to Plaintiff's elbow, it is true that Plaintiff admitted that he was aware in 2002 that his welding work caused injury to his elbow.[3]  However, a report from Plaintiff's doctor in 2005 indicates that his elbow pain "has largely resolved."  (Ex. 3 at 4.)  There is no dispute that Plaintiff had surgery on his elbow in 2009 (Ex. 3 at 71), yet no evidence connects the two elbow injuries.  Accordingly, because Plaintiff's admission of the cause of the former injury has no bearing on the later injury, a reasonable jury could conclude that the onset date of the later injury was within the statute of limitations.

As to his left thumb, Defendants point to a statement that Plaintiff made in 1992 that after welding, he felt pain in the joints of his hands, wrists, and

---

[3] Counsel: "So the problems that you were having with your elbow in 2002, you related to your job.  Fair to say?"  Plaintiff: "Yes."  (Ex. 16, 97:17-20.)

fingers.  (Ex. 43, 169:17-22.)  Again, however, no evidence connects Plaintiff's general complaint of pain in 1992 to the surgery he underwent for arthritis in 2007.  Moreover, although Dr. Steven Wenner's 2005 medical file statement that Plaintiff reported that his thumb pain had "gone on for several years" (Ex. 8) may be sufficient to show that Plaintiff had experienced pain prior to the statute of limitations period, it does not demonstrate any knowledge on Plaintiff's part that his work was causing the pain.  In light of this, the court is obliged to find, for purposes of this motion, that Plaintiff's thumb injury arose within the statute of limitations.

Turning to the claims based on Plaintiff's knees and neck, Defendants have provided no evidence linking Plaintiff's pre-2004 injuries to those alleged in his complaint.  Therefore, this court finds that none of Plaintiff's claims of injury to these parts of his body are time barred by the statute of limitations.

Plaintiffs' aggravation claims are also subject to the FELA's statute of limitations.  Here, Plaintiff did not allege aggravation in his initial complaint but added it when he refiled in the District Court of Massachusetts on March 5, 2009.  Thus, the statute of limitations began

to run on these claims on March 5, 2006.  Defendants' argument that all of Plaintiff's aggravation claims are time barred because he admitted that when he resumed manual labor in New Bedford in 2005, "the symptoms or aches and pains that I had before just kind of came back over me," (Ex. 16, 108:1-6) is unavailing.  See Granfield, 597 F. 3d at 483 ("Generally, de minimis aches and pains are not considered to be an injury for the purposes of the FELA statute of limitations.").

However, the record is undisputed that Plaintiff did specifically admit, after his MRI on February 8, 2006, that he knew that the degenerative changes in his neck were associated with his work.  (Ex. 16, 118:15-25.)  As this admission came one month outside the farthest reach of the statute of limitations, Defendants' motion for summary judgment will be allowed as to Plaintiff's claim of aggravation to his neck.

D. Causation.

A plaintiff filing a FELA action must prove duty, breach, foreseeability, and causation. Robert v. Consolidated Rail Corp., 832 F. 2d 3, 9 (1st Cir. 1987). Defendants allege that Plaintiff has failed to provide any evidence that Defendants were negligent and that such negligence was the cause of his injuries.  In examining

the evidence, judicial review "is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played <u>any part at all</u> in the injury." Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 506-07 (1957) (emphasis supplied).

Here, the evidence of Defendants' negligence, though by no means overwhelming, is sufficient. Plaintiff's ergonomics expert, Michael D. Shinnick, opines that Defendants' workplace did not meet industry standards and, accordingly, because Plaintiff worked there, he was exposed to risk. (Ex. A.) Furthermore, Plaintiff, a track laborer with thirty years experience, testified that the work conditions at Defendants' New Bedford location were unsafe. <u>See</u> Ex. 16, 108:9-14 ("We were working like six, seven days a week and we were using antiquated methods and it just kind of caught up to me."); Ex. 16, 154:19-24 (discussion of work environment as not "reasonably safe"); Ex. 16, 165:4-13 (work pressure due to threats to job security for failure to meet demanding production goals).

As to whether Defendants' negligence caused or contributed to Plaintiff's injuries, again, while Plaintiff has not presented abundant evidence, Dr. Shinnick's report provides sufficient evidence linking

Defendants' unsafe workplace to Plaintiff's injuries to surmount his minimal hurdle. See Rogers, 352 U.S. at 508 (employee's burden is met "when there is proof, even though entirely circumstantial" that "negligence of the employer played any part, however small, in the injury or death which is the subject of the suit").

Given the "low threshold" required for Plaintiff to overcome the summary judgment motion, the court concludes that the record contains sufficient evidence for a reasonable jury to find in Plaintiff's favor. Butynski v. Springfield Terminal Ry., 592 F.3d 272, 276 (1st Cir. 2010) ("low threshold for proving fault on the employer's part").

## IV. CONCLUSION

For the reasons stated herein, the court hereby rules on Defendants' Motion for Summary Judgment (Dkt. No. 37) as follows:

- Defendants' motion for summary judgment with regard to Plaintiff's claims of injury to his neck, knees, elbows, and thumbs is DENIED;

- Defendants' motion for summary judgment with regard to Plaintiff's claims of aggravation of injury to his knees, elbows, and thumbs is DENIED;

- Defendants' motion for summary judgment with regard to Plaintiff's claims of aggravation of injury to his neck and for all claims related to his back and shoulder is ALLOWED;

**This case will proceed to a final pretrial conference and trial in accordance with the schedule previously established.**

**It is So Ordered.**

                                            <u>**/s/ Michael A. Ponsor**</u>
                                            **MICHAEL A. PONSOR**
                                            **U. S. District Judge**