UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>    Plaintiff,<br>    v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>    Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>    Plaintiff,<br>    v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br>3:09-cv-11467-MAP |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corporation ("Conrail") (hereinafter referred to collectively as "Defendants"), hereby submit the following Supplemental Brief in Support of Their Motion for Reconsideration of the Court's October 5, 2010 Order denying in part Defendants' Motion for Summary Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Defendants respectfully request that this Honorable Court consider this Supplemental Brief in conjunction with the Motion for Reconsideration submitted on October 20, 2010. (Doc. No. 49.)

1

# I.    <u>DISCUSSION OF LAW</u>:

**E.    Defendants Are Entitled to Summary Judgment on The Grounds That Plaintiff Has Failed to Show That The Underlying Degenerative Conditions Which Are The Subject of This Action Are Separate and Distinct from The Conditions He Suffered From Prior to September 21, 2004**

The Court erroneously placed the burden of proof on Defendants to show that Plaintiff's claims are timed-barred requiring Defendants to prove that Plaintiff's conditions are not separate and distinct from Plaintiff's pre-2004 conditions.  It is not, however, Defendants' burden to prove lack of compliance with the FELA's statute of limitations.  Rather, the burden lies with Plaintiff to demonstrate that the he did in fact bring his claims in a timely fashion by proving that he did not suffer from the conditions which are the subject of this lawsuit prior to September 21, 2004, i.e., that the conditions which are the subject of this action are separate and distinct from the conditions he suffered from pre-2004.  See <u>Emmons v. S. Pac. Transp. Co.</u>, 701 F.2d 1112 (5th Cir. 1983) (holding that burden of proof is on the claimant to allege and to prove that his cause of action was commenced within the three-year period).  In the October 5, 2010 Order, the Court held, "[v]iewed in the light most favorable to Plaintiff, even if some evidence supports Defendants' contention that some of Plaintiff's work-related injuries occurred before 2004, **the evidence is far from conclusive that the later injuries were the same as the former injuries**." (Doc. 45 at 7.)  Defendants' do not, however, bear the burden of showing that Plaintiff's later injuries (those which are the subject of this lawsuit) are the same as the former injuries (those injuries Plaintiff suffered from prior to September 21, 2004).  Moreover, regarding Plaintiff's bilateral knee condition, the Court specifically stated, "Defendants have provided no evidence linking Plaintiff's pre-2004 injuries to those alleged in his Complaint."  Again, it is not Defendants' burden to link Planitiff's pre-2004 injuries to his present conditions.  In fact, Defendants' conceded that Plaintiff suffered from conditions prior to 2004 which were separate

2

and distinct from his present conditions.   That does not, however, as this Court has found, demonstrably lead to the conclusion that Plaintiff did not also suffer from the degenerative conditions which are the subject of this lawsuit.

Here, Plaintiff has failed to meet his burden.  In fact, the October 5, 2010 Order does not cite a single piece of evidence provided by Plaintiff in support of the finding that the present degenerative conditions of his knees, neck, and left thumb are separate and distinct from the pre-2004 degenerative conditions that he suffered from (arthritis).   All of the evidence before the Court overwhelmingly suggests that Plaintiff suffered from arthritis of his knees, neck and left thumb prior to September 21, 2004.   For example, and as is more-fully discussed in Defendants' Motion for Reconsideration, Plaintiff was diagnosed with arthritis of the right knee in 1986, and arthritis of his left knee in 2003 – the same conditions which are the subject of the instant lawsuit.   In addition, Dr. Baustin conclusively diagnosed Plaintiff with arthritis of his neck – the same condition which is the subject of the instant lawsuit – in 2002.   Finally, in 2005, Plaintiff presented to Dr. Wenner with chronic left thumb pain and reported that his symptoms *had been present for several years.*   Dr. Wenner has testified that Plaintiff reported to him symptoms/pain for at least more than two years because he used the word "several" in the medical record.   In sum, Plaintiff has failed to advance any evidence that after September 2004 he developed and was treated for any condition with respect to his knees, left thumb or neck other than the arthritis which had existed since before 2004.   As such, Plaintiff's claim that Defendants' negligence caused the underlying degenerative condition of his knees, neck and left thumb are time-barred and Defendants are entitled to Judgment as a matter of law on that issue.

Even Plaintiff's own expert, Michael Shinnick, has opined that the conditions from which Plaintiff suffers is arthritis, which, as Defendants have previously stated, was diagnosed before 2004.  (Ex. E to Defendants' Mot. for Recon. at 2-3.)

Since Plaintiff has failed to meet his burden as set forth above, Plaintiff is left with only his alleged aggravation claims.  However, if Plaintiff knew or should have known that his degenerative conditions were being aggravated, and of the potential cause(s) of the aggravation (at least according to the allegations in his Complaint), more than three years prior to initiating his claims, his aggravation claims are time-barred.  As is fully-set forth in Defendants' Motion for Reconsideration, it is indisputable that Plaintiff admittedly became symptomatic, with regard to all of his alleged conditions, in 2005 and well-before the statute of limitations began to run on his aggravation claims in March 2006.   In addition, Plaintiff admittedly attributed, albeit wrongfully, every single injury/condition he ever had to his job duties at the New Bedford job, which was completed in 2005.  As such, the moment Plaintiff became symptomatic he should have considered that his job duties were the potential cause.  Thus, Plaintiff knew or should have known that his degenerative conditions were being aggravated, and of the potential cause(s) of the aggravation (at least according to the allegations in his Complaint), well-before March 5, 2006.  Accordingly, Plaintiff's aggravation claims are time-barred and Defendants' are entitled to judgment as a matter of law.

**F.      Defendants Are Entitled to Summary Judgment on Plaintiff's Claim that Defendants' Negligence Caused His Underlying Degenerative Neck Condition**

This Court concluded that Plaintiff's claim that Defendants' negligence aggravated his degenerative neck condition (arthritis) was time-barred based on the standard discussed above. Yet, this Court also allowed Plaintiff's claim that Defendants' negligence caused his underlying neck condition to proceed.  This is clear error.  Simply put, if Plaintiff's aggravation claim is

4

time-barred (which the Court correctly determined) then the claim for the underlying condition which Plaintiff claims was aggravated must also, as a matter of law, be time-barred.

The claim that Defendants' negligence caused Plaintiff's underlying degenerative neck condition cannot be timely unless Plaintiff was completely and utterly unaware of his underlying neck condition between September 21, 2004 and March 5, 2006.  Otherwise, the Court has essentially concluded that Plaintiff was aware that his degenerative condition was being aggravated, but was not aware that he suffered from the underlying condition.  As is fully set forth in Defendants' Motion for Reconsideration, Dr. Baustin diagnosed Plaintiff with his degenerative neck condition in 2002, and Plaintiff admitted having knowledge of the diagnosis at that time.  Based on these facts, it is impossible for Plaintiff to proceed on his claim that Defendants' negligence caused his underlying neck condition and Defendants are entitled to judgment as a matter of law.

## II.    CONCLUSION:

Based on the foregoing, and in conjunction with Defendants' Motion for Reconsideration, Defendants respectfully request that this Honorable Court reconsider its October 5, 2010 Order denying in part Defendants' Motion for Summary Judgment and grant Defendants' Motion for Reconsideration.

Respectfully submitted,
Defendants, CSX Transportation, Inc., and
Consolidated Rail Corporation,
By their attorneys,


 /s/ Heather M. Gamache_____
Michael B. Flynn, Esq., BBO# 559023
mbflynn@flynnwirkus.com
Lori A. Wirkus, Esq., BBO # 635525
lawirkus@flynnwirkus.com
Heather M. Gamache, BBO# 671898
hgamache@flynnwirkus.com
Flynn & Wirkus, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

DATED: October 26, 2010

## <u>CERTIFICATE OF SERVICE</u>

I, Heather M. Gamache, attorney for Defendants CSX Transportation, Inc. and Consolidated Rail Corporation hereby certify that I have served true and correct copies of the foregoing upon all counsel of record electronically via *CM/ECF* this 26th day of October, 2010.

/s/ Heather M. Gamache
Heather M. Gamache, Esq.