UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>        Plaintiff,<br>        v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>        Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>        Plaintiff,<br>        v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE PLAINTIFF'S MEDICAL EXPERT R. SCOTT COWAN, M.D.,
FROM TESTIFYING AT TRIAL</u>**

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corp. ("Conrail") submit this Memorandum of Law in support of their Motion in Limine to Preclude Plaintiff's Medical Expert, R. Scott Cowan, M.D., from Testifying at Trial. As grounds for their Motion, Defendants state:

    1.    Dr. Cowan does not qualify as an expert because he lacks training and experience in ergonomics and occupational medicine;

    2.    Dr. Cowan's opinion is unreliable because it lacks the necessary factual foundation;

    3.    Dr. Cowan's opinion is unreliable because it lacks the prerequisite scientific support;

4. Dr. Cowan's opinion is not based on a reasonable degree of medical certainty or its substantive equivalent;

5. Dr. Cowan's purported medical causation opinion is inadmissible because he fails to link Defendants' alleged negligence with Plaintiff's alleged degenerative disc disease.

In further support of this Motion, Defendants state as follows:

## I.    FACTUAL BACKGROUND

In addition to the facts summarized below, Defendants refer to and specifically incorporate herein by this reference their Omnibus Statement of Facts in Support of Defendants' Motions in Limine and exhibits attached thereto.

Plaintiff disclosed his orthopedic surgeon, R. Scott Cowan, M.D. ("Dr. Cowan") as an expert witness in this case. See Dr. Cowan's Expert Report, a copy of which is attached as Exhibit A. On January 17, 2007, Dr. Cowan performed surgery on Plaintiff's cervical spine (neck).[1] See Dr. Cowan's Operative Report dated Jan. 17, 2007, a copy of which is attached as Ex. B. According to Dr. Cowan, the surgery was necessitated by Plaintiff's disk degeneration which was caused by unrelated pre-railroad conditions. (See Dep. of R. Scott Cowan, M.D., at 25:10-14, 38:15-39:24, relevant portions of which are attached as Ex. C.) In fact, Dr. Cowan testified that Plaintiff would have developed disc degeneration independent of his occupation. (Id. at 76:11-15.) Dr. Cowan admitted that there are no studies linking disc degeneration with Plaintiff's work activities. (Id. at 33:9-34-1.)

Despite acknowledging under oath that Plaintiff's occupation did not cause his cervical spine degeneration, Dr. Cowan submitted an expert report opining "based on a reasonable degree

---

[1] Specifically, Dr. Cowan performed an anterior discectomy with microscopic decompression and fusion with fibular allograft and plate fixation C5-C7. Ex. A.

of medical certainty, that [Plaintiff] sustained cumulative micro-trauma to his neck as a result of his strenuous labor on the railroad . . . ." Ex. A at p. 2. Dr. Cowan added that the "lifting, stooping, bending, awkward postures and vibration all contributed to the progression of this degenerative disc condition and resultant herniations . . . ." Notably, in his report, Dr. Cowan did not opine to a reasonable degree of medical certainty, or otherwise, that Plaintiff's railroad occupation caused his degenerative disc disease or that it contributed to its progression.

Dr. Cowan's deposition testimony casts serious doubts regarding the validity of his opinion that Plaintiff's work activities contributed to the progression of his degenerative disc condition. First, Dr. Cowan contradicted his opinion numerous times during his deposition. Dr. Cowan testified that he could not state to a reasonable degree of medical certainty that Plaintiff's "job increased the disease process in his neck." (Ex. C at 36:14-22.) In fact, Dr. Cowan admitted that there is no objective evidence showing that Plaintiff's work activities aggravated his degenerative disc disease. (Id. at 37:8-23.)

Second, Dr. Cowan admittedly has no knowledge whatsoever of the specific job duties Plaintiff had during the course of his employment with Defendants. While Dr. Cowan had a brief conversation with Plaintiff regarding his occupation, Dr. Cowan did not inquire as to the specific activities Plaintiff's job entailed. (Ex. C at 14:17-15:13, 17:11-18:13, 22:110.) Dr. Cowan does not know the specific tasks of a track laborer, does not know what track repairs entail, has not observed, whether live or on video, what Plaintiff actually did and has no knowledge of railroad operations. (Id. at 17:11-18:13, 22:110.) Dr. Cowan is completely unaware of the frequency and amount of times Plaintiff was required to stoop, rotate his neck or use his neck for lifting. (Id. at 28:11-14, 29:3-24, 30:1-31:3.) Dr. Cowan does not know the frequency of and extent of vibrations, if any, to which Plaintiff was exposed. (Id. at 69:14-19.)

3

Importantly, Plaintiff did not suffer any neck trauma during his employment with Defendants. (Id. at 34:11-16.) In short, Dr. Cowan never quantified the work activities that allegedly aggravated Plaintiff's disk degeneration disease. (Id. at 19:19-22.)

Third, Dr. Cowan testified that he lacked the training and experience necessary to render an opinion that Plaintiff's work aggravated his disk degeneration. In fact, Dr. Cowan is not an ergonomist, an occupational medicine physician nor someone who makes forensic determinations on causation. (Ex. C at 13:7-23, 32:18-33:8.) He is not familiar with occupational medicine and ergonomics as he has not reviewed any literature regarding repetitive stress injuries, cumulative trauma disorders or causes of degenerative disc disease. (Id. at 6:19-22, 23:15-20.) Dr. Cowan testified that he lacked any scientific evidence suggesting that Plaintiff's work aggravated his disc degeneration. (Id. at 37:8-23.) Dr. Cowan even admitted that a person with disc degeneration condition can experience enhanced symptoms without there actually being an aggravation of the disease process. (Id. at 35:20-23.)

Lastly, Dr. Cowan's opinion lacks the necessary factual and scientific foundation because he only relied on his own notes for concluding that Plaintiff's work aggravated his disc degeneration. (Ex. C at 12:12-15.) He did not review Plaintiff's medical records or his deposition testimony. (Id. at 12:19-13:2.) Yet, Dr. Cowan admitted that a medical causation determination would depend on the opining physician's familiarity with the patient and his occupation. (Id. at 19:23-20:22). Clearly, Dr. Cowan possessed neither.

## II.   DISCUSSION OF LAW

### A.   The Court Should Preclude Dr. Cowan from Testifying Because He Does not Qualify as an Expert, His Opinion Lacks the Necessary Factual and Scientific Foundation Under Rule 702, and He Applied the Incorrect Standard

Expert testimony is only admissible when it is reliable and would assist the trier of fact to understand the evidence or determine a fact at issue. See Fed. R. Evid. Rule 702; Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589-591 (1993). The proponent of the expert bears the burden of demonstrating that the expert's testimony satisfies the Daubert standard. See Fed. R. Evid. Rule 702 advisory committee's note (2000 Amends.). Cf. Bourjaily v. United States, 483 U.S. 171, 175-76 (1987) (holding that proponent of hearsay evidence must prove by preponderance of evidence that Rules of Evidence have been satisfied).

In Daubert, the Supreme Court held that, when faced with the proffer of expert testimony under Rule 702, the trial judge must preliminarily assess whether the testimony's underlying reasoning or methodology is scientifically or technically valid and can properly be applied to the facts at issue. 509 U.S. at 592-93. The judge must consider the following factors when determining whether an expert's opinion meets the minimum standards of reliability:

(1)   Whether the theory or technique in question can be (and has been) tested;
(2)   Whether the theory or technique has been subjected to peer review and publication;
(3)   The known potential rate of error and the existence and maintenance of standards controlling the techniques, operation; and
(4)   General acceptance by the relevant scientific community.

Id. at 591-95.

Federal courts have noted that the more subjective and controversial the expert's inquiry, the more likely the testimony should be excluded as unreliable. O'Conner v. Commw. Edison Co., 13 F.3d 1090, 1106 (7th Cir. 1994) (holding Rule 702 requires more than subjective belief or speculation); United States v. Santiago, 156 F. Supp. 145, 147 (D.P.R. 2001) (stating purpose

of Daubert inquiry is to rule out subjective belief or speculation); Best v. Lowe's Home Ctrs., Inc., 2008 U.S. Dist. LEXIS 45175, at *20 (E.D. Tenn., June 4, 2008) (holding that if expert's methodology cannot be explained in objective terms then methodology is presumptively unreliable). An expert's opinion cannot be based solely on the weight of his own authority. See Gen. Elec. v. Joiner, 522 U.S. 136, 146 (1997). "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert." Id. "The expert must explain precisely how [he has] followed the scientific method, as it is practiced by (at least) a recognized minority of scientists in [his] field." Lust v. Merrell Dow Pharm., 89 F.3d. 594, 597 (9th Cir. 1996) (internal quotations omitted).

### 1. Dr. Cowan Is Not Qualified to Offer A Medical Causation Opinion in This Case

Dr. Cowan is not qualified to provide causation testimony because he lacks the training and experience necessary to link Plaintiff's work activities with his degenerative disc disease. Under Daubert, the trial judge must determine whether a proffered expert is qualified to testify and whether his testimony is scientifically reliable. 509 U.S. at 592-593. As noted by the Seventh Circuit:

> [W]e have no doubt that an expert's qualifications bear upon the scientific validity of his testimony. In United States v. Benson, 941 F.2d 598 (7th Cir. 1991), we stated, "An expert's opinion is helpful only to the extent the expert draws on some special skill, knowledge, or experience to formulate that opinion; the opinion must be an expert opinion (that is, an opinion informed by the witness's expertise) rather than simply an opinion broached by a purported expert." Id. at 604. Because an expert's qualifications bear upon whether he can offer special knowledge to the jury, the Daubert framework permits – indeed, encourages – a district judge to consider the qualifications of a witness. Cf. Braun v. Lorillard Corp., 84 F.3d 230, 234-35 (7th Cir. 1996).

United States v. Vitek Supply Corp., 144 F.3d 476, 486 (7th Cir. 1998)

By his own admission, Dr. Cowan is not qualified to offer an expert opinion in this case because he has no training whatsoever in analyzing work place exposure to risk factors for repetitive stress injuries, let alone railroad work place exposure, to determine whether Plaintiff's degenerative disc disease was actually caused and/or aggravated by his work place activities. (Ex. C at 13:7-20.) Indeed, he is not trained to make forensic determinations of causation with respect to occupational injuries such as those alleged by Plaintiff. (See id. at 13:17-23.) In making a diagnosis, whether in Plaintiff's case or another, Dr. Cowan is not concerned with also diagnosing the cause of the condition. More importantly, Dr. Cowan has neither reviewed nor authored any literature regarding repetitive stress injuries, cumulative trauma disorders or causes of degenerative disc disease. (Id. at 6:19-22, 23:15-20.) Therefore, the Court should preclude Dr. Cowan from offering any expert testimony because is not qualified to opine on medical causation under the circumstances of this case.

### 2. Dr. Cowan's Opinion Is Inadmissible Because It Lacks Any Factual Basis

Even if he were qualified to testify, Dr. Cowan's opinion lacks the reliability required by Daubert and its progeny because he knows nothing about Plaintiff's job duties with Defendants. Dr. Cowan did not obtain any specific information regarding Plaintiff's occupation when he spoke with him. (Ex. C at 14:17-15:13, 17:11-18:13, 22:110.) Dr. Cowan is neither familiar with railroad operations nor track repair activities in which Plaintiff was involved during his career with Defendants. (Id. at 17:11-18:13, 22:110.) Dr. Cowan could not quantify the frequency of Plaintiff's stooping, vibrations or neck rotations encountered during his railroad employment. (Id. at 19:19-22, 28:11-14, 29:3-24, 30:1-31:3, 69:14-19.). Plaintiff did not even suffer any workplace neck-trauma. (Id. at 34:11-16.)

7

Dr. Cowan's opinion is also devoid of any factual basis because he failed to review any of Plaintiff's other medical records, his deposition testimony or his avocational activities. (Ex. C at 12:12-15, 22:5-7.) Indeed, Dr. Cowan relied exclusively on his own clinic notes. (Id. at 12:19-13:2.) Even Dr. Cowan admitted, however, that this is insufficient because a causation determination requires that the opining physician be familiar with Plaintiff's medical history and his occupation. (See id. at 19:23-20:22.) Therefore, Dr. Cowan should be precluded from offering any causation testimony because he lacks the necessary familiarity with Plaintiff's medical and employment history.

### 3. Dr. Cowan's Opinion Is Inadmissible Because It Lacks Any Scientific Support

Dr. Cowan's opinion lacks the reliability required by Daubert and its progeny because it is not based on any scientific evidence. Dr. Cowan outright admitted that he lacked any scientific or objective evidence showing that Plaintiff's employment activities aggravated his degenerative disc condition. (Ex. C at 37:8-23.) In fact, Dr. Cowan acknowledged that enhanced symptoms are not necessarily indicative of an exacerbation of the disease process so as to substantiate Plaintiff's claims that his work aggravated the disc degeneration. (Id. at 35:20-23.) In fact, a patient's symptoms can appear without there being an aggravation to the degenerative condition. (Id. at 35:20-23.) More significantly, Dr. Cowan could point to no studies or literature linking Plaintiff's occupational activities with degenerative disc disease. (Id. at 23:15-20, 33:9-19, 70:11-18, 71:10-16.) Therefore, Dr. Cowan's testimony is inadmissible as unreliable because it lacks any scientific basis.

### 4. Dr. Cowan's Testimony Is Inadmissible Because He Fails to Opine to a Reasonable Degree of Medical Certainty that Plaintiff's Work Aggravated His Degenerative Disc Disease

Finally, Dr. Cowan's opinion is inadmissible because he did not opine to a reasonable degree of medical certainty that Plaintiff's occupation exacerbated his alleged degenerative disc disease. When presenting medical causation testimony, the "opinion must be stated within a reasonable degree of medical certainty or probability." Gonzalez v. United States, No. 05-00269, 2010 U.S. Dist. LEXIS 110215, *22 (E.D. Ari. 2010). In fact, many jurisdictions require that the phrase "reasonable degree of medical certainty" be incorporated into the testimony. See, e.g., Bone v. Ames Taping Tool Sys., Inc., 179 F.3d 1080, 1082 n.1 (8th Cir. 1999) (noting Missouri requires medical causation opinion to be expressed in terms of reasonable degree of certainty); Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 n.5 (3d Cir. 1997) (same for New Jersey); In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 750 (3d Cir. 1984) (same for Pennsylvania); O'Banion v. Owens-Corning Fiberglass Corp., 968 F.2d 1011, 1013 (10th Cir. 1992) (agreeing with other courts that medical opinions should be given to medical degree of certainty); Askey v. Occidental Chem. Corp., 102 A.D.2d 130, 137 (N.Y. 1984) (same for New York). At the very least, the medical expert should base his opinion on the substantive equivalent of "reasonable degree of certainty." Guam v. Reyes, 879 F.2d 646, 649 (9th Cir. 1989).

In his report, Dr. Cowan never opined to a reasonable degree of medical certainty that Plaintiff's railroad occupation aggravated his disc degeneration; he only stated that Plaintiff's work contributed to his neck condition. (Ex. A at p. 2.) Dr. Cowan did not, however, elaborate on the extent of the role Plaintiff's occupation played in aggravating his disc degeneration. In other words, Dr. Cowan did not quantify his opinion in terms of degree of probability. A jury

certainly cannot rely on Dr. Cowan's vague and speculative conclusion to make a fact determination.

More importantly, Dr. Cowan contradicted his opinion at his deposition when he testified that he could not opine to a reasonable degree of medical certainty that Plaintiff's work aggravated his neck condition. (Ex. C at 36:14-22.) His lack of conviction and certainty, as expressed in his deposition contradiction, is reinforced by his own admission that the scientific or objective evidence does not demonstrate that Plaintiff's work aggravated his disc degeneration. When combining Dr. Cowan's contradiction with his lack of qualifications and his factually and scientifically defective opinion, it cannot be said that his medical causation testimony is given to a reasonable degree of certainty. In fact, there is absolutely no certainty at all in Dr. Cowan's causation opinion. In determining disputed issues of fact at trial, Defendants will be greatly prejudiced by the risk that the jury could base a verdict on Dr. Cowan's speculations, uncertainty and lack of conviction. See Daubert, 509 U.S. at 589-90; Goodwin v. MTD Prods., Inc., 232 F.3d 600, 608-09 (7th Cir. 2000). Accordingly, the Court should preclude Dr. Cowan from testifying that Plaintiff's work aggravated his degenerative disc disease.

**5. The Court Should Preclude Dr. Cowan from Testifying on Medical Causation Because He Offers No Opinion Whatsoever Linking Defendants' Alleged Negligence to Plaintiff's Alleged Degenerative Disc Disease**

To the extent the Court finds Dr. Cowan qualified to render an opinion in this case and that the foundation of his opinion pass muster under Daubert, his opinion is nonetheless inadmissible because it fails to provide the causal link between Defendants' alleged negligence and Plaintiff's alleged arthritic conditions. In occupational cases, it is insufficient for a plaintiff to claim that his normal and routine work activities caused his injuries. He must instead demonstrate that his injuries were caused by some increased repetition, force, posture, or other

exposure, over and above that normally experienced in the workplace, and that these atypical exposures were further caused by the defendant's negligence.

Interestingly, Dr. Cowan testified that he could not opine that Plaintiff's railroad employment caused his degenerative disc disease. In fact, Dr. Cowan has no opinion on whether Plaintiff's work conditions were unreasonably dangerous or could have been made reasonably safe. Dr. Cowan's failure to link Defendants' alleged negligence to Plaintiff's alleged disc degeneration is best described the following deposition testimony:

> Q. Would you agree that you've not given any opinions that there were any specific changes to [Plaintiff's] job that could have been done by [Defendants] that would have prevented his injury?
>
> A. Correct. I give no such opinions.

(Ex. C at 23:6:11.) Therefore, the Court should preclude Dr. Cowan from providing any medical causation testimony.

### III.  CONCLUSION

WHEREFORE, for all the above-stated reasons, Defendants' Motion should be **ALLOWED**.

## IV. REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7, Defendants respectfully state that oral argument may assist the Court and requests a hearing on its motion in limine.

        Respectfully submitted,
        CSX Transportation, Inc.,
        by its attorneys,


        /s/ Heather M. Gamache
        Michael B. Flynn, BBO# 559023
        *mflynn@flynnwirkus.com*
        Heather M. Gamache, BBO# 671898
        *hgamache@flynnwirkus.com*
        FLYNN & WIRKUS, P.C.
        400 Crown Colony Drive, Suite 200
        P.O. Box 699242
        Quincy, MA 02269
        T: (617) 773-5500
Dated: November 8, 2010        F: (617) 773-5510

G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Trial\Motions in Limine\MIL to Preclude Cowan\MoL re MIL to Preclude Dr. Cowan.doc

## **CERTIFICATE OF SERVICE**

    I, Heather M. Gamache, attorney for Defendants hereby certify that I have served true and correct copies of the foregoing Memorandum of Law upon all counsel of record electronically via *CM/ECF* this 8th day of November, 2010.

                                             /s/ Heather M. Gamache\_\_\_\_
                                             Heather M. Gamache, Esq.