UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>   Plaintiff,<br>  v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>   Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>   Plaintiff,<br>  v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF DAMAGES ASSOCIATED WITH THE PERIOD OF TIME DURING WHICH HE WAS DISABLED AS A RESULT OF A MAY 2009 BICYCLE ACCIDENT**

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corp. ("Conrail") submit this Memorandum of Law in support of their Motion in Limine to Preclude Plaintiff from Introducing Evidence of Damages Associated with The Period of Time During Which He Was Disabled as A Result of a May 2009 Bicycle Accident.  As grounds for their Motion, Defendants state that:

1. Plaintiff was involved in an accident that rendered him disabled from May 14, 2009 to February 2, 2010; and

2. As a result of this accident, Plaintiff was unable to work.

In further support of this Motion, Defendants state as follows:

I.     FACTUAL BACKGROUND

In addition to the facts summarized below, Defendants refer to and specifically incorporate herein by this reference their Omnibus Statement of Facts in Support of Defendants' Motions in Limine and exhibits attached thereto.

Among other things, Plaintiff is seeking damages for future lost wages from December 12, 2006, until his expected date of retirement at age 62. In his claim for damages for future lost wages, Plaintiff has not excluded the time during which he was disabled as a result of a bicycle accident in May 2009. Indeed, on May 14, 2009, years after Plaintiff's alleged workplace injuries occurred/developed, Plaintiff was involved in a bicycle accident. (See Pl.'s Dep. dated Jan. 22, 2010, at 154:19-155:12 relevant portions of which are attached as Exhibit A.) Initially, Plaintiff was diagnosed with a left shoulder strain and was prescribed physical therapy. See Record from Dr. Cowan dated May 26, 2009, a copy of which is attached as part of Exhibit B. Plaintiff underwent physical therapy between June 2, 2009 and October 7, 2009. See Advanced Therapuetics Physical Therapy records dated June 2, 2009 to October 7, 2009, copies of which are attached as Exhibit C.

Plaintiff's left shoulder pain, however, did not abate and he sought additional treatment with Dr. Luber. Dr. Luber diagnosed Plaintiff with a severe left rotator cuff tear and a left knee contusion with significant swelling.[1] (See Ex. A at 158:18-159:2, 164:1-13, 167:5-8;) see also Dr. Luber's Clinic Note dated October 29, 2009, a copy of which is attached as part of Exhibit B. Moreover, Robert Meyers, Plaintiff's physical therapist, opined that Plaintiff had "obvious functional losses in regard to upper extremity and cervical function." Ex. C.  In fact, the severity of Plaintiff's rotator cuff tear ultimately required surgical intervention on November 12,

---

[1] In regards to the rotator cuff tear, Plaintiff suffered large full thickness tears of the supraspinatus and infraspinatus tendons as well as an infrasubstance tear of the subscapulos. See MRI Report dated October 21, 2009, attached as part of Exhibit B.

2

2009. See Ex. B. After the surgery, Plaintiff received additional physical therapy for nearly two months and was subject to activity and lifting restrictions. See Dr. Luber Clinic Note dated Dec. 29, 2009, attached as part of Exhibit B (cautioning against heavy lifting and recommending continued physical therapy); see also Cooley Dickinson Hospital Rehabilitation Treatment Notes dated Dec. 11, 2009 – Feb. 2, 2010, copies of which are attached as Exhibit D.

In his deposition, Plaintiff admitted that he would have been unable to perform his job duties with Defendants as a result of the May 2009 bicycle accident. Plaintiff testified that he would not have been physically able to perform the duties of track inspector as a result of the rotator cuff injury. (Ex. A at 179:2-180:6.) Similarly, by his own admission, Plaintiff would not have been able to perform his track laborer duties as a result of the rotator cuff injury. (Id. at 180:7-13.) Likewise, Plaintiff would have been unable to perform the activities of a welder foreman. (Id. at 180:14-19.)

## II.    DISCUSSION OF LAW

The Supreme Court has long held that the FELA is compensatory in nature and that a plaintiff may only recover for the amount of his actual damages. See Norfolk & W. Ry. v. Liepelt, 444 U.S. 490, 493-496 (1980); Michigan Cent. R.R. v. Vreeland, 227 U.S. 59, 68 (1913). The plaintiff bears the burden of proving the factual basis under which damages can be awarded, whether such damages are for lost earnings, medical expenses or pain and suffering. Williams v. Missouri Pac. R.R., 11 F.3d 132, 135 (10th Cir. 1993). A FELA plaintiff may not recover for damages he would have experienced even if the workplace incident would have never occurred. See Stevens v. Bangor & Aroostook R.R. Co., 97 F.3d 594, 599-600 (1st Cir. 1996). As the First Circuit in Stevens noted, "[i]f post-accident health problems have an impact on a plaintiff's ability to work or on his life expectancy and arise independently of the accident,

defendant is entitled to adduce evidence of such problems in an effort to reduce a potential damages award." 97 F.3d at 599.  Accord Villa v. Burlington N. & Sante Fe, 397 F.3d 1041, 1045 (8th Cir. 2005).  Thus, a FELA plaintiff is entitled to recover the difference between what he was earning before the workplace injury and what he could earn thereafter.  See Harris v. Illinois Cent. R.R., 58 F.3d 1140, 1144-1145 (6th Cir. 1995) (error to allow testimony regarding carman's lost earnings because his heart ailment would have prevented him from continued work even if his legs had not been injured in workplace incident); Hamm v. Consolidated R. Corp., 582 F. Supp. 906, 909-910 (E.D. Pa. 1983) (evidence of impending layoff nullified switchman's claim of lost earnings due to workplace injury); see also Taylor v. Denver & Rio Grande W. R.R. Co., 438 F.2d 351, 354 (10th Cir. 1971) (The plaintiff "is entitled to the difference between what he was able to earn prior to his injury and what he earned or could have earned thereafter."). Accordingly, ailments developing after a workplace incident may be grounds for lowering damage awards.  Shupe v. New York Cent. Sys., 339 F.2d 998, 1000-10002 (7th Cir. 1965). This is so because the defendant is only liable for injuries it has negligently caused and not for any post-incident aggravation.  See Andrews v. Terminal R.R. Ass'n of St. Louis, 716 S.W.2d 344, 345 (Mo. Ct. App. 1986); see also Dale v. Baltimore & Ohio R.R. Co., 520 Pa. 96, 104-107 (1989) (railroad only liable for damages attributable to its negligence).

  Here, the Court should preclude Plaintiff from seeking and/or recovering damages during the period of disability caused by his May 2009 bicycle accident because any damages resulting therefrom are separate and distinct from any degenerative condition he allegedly developed as a result of Defendants' alleged negligence.  As discussed, Plaintiff would have been unable to withstand the physical demands of railroad work after his bicycle accident because the severe tear of his rotator cuff was an "obvious functional loss" that weakened Plaintiff's arm strength

and caused him significant pain and discomfort. Accordingly, Plaintiff would not have worked during this period even if he was otherwise physically capable of performing railroad work.

Just as importantly, any pain and suffering or medical expenses attributed to the conditions resulting from the May 2009 bicycle accident are not recoverable as they were not caused by Defendants' negligence. As such, Defendants' Motion should prevail because any damages associated with the period during which Plaintiff was disabled due to the May 2009 left rotator cuff injury are not recoverable as Defendants' alleged negligence, which is the subject of this lawsuit, did not cause the May 2009 bicycle accident or Plaintiff's resulting left shoulder injury.

### III.   CONCLUSION

WHEREFORE, for all the above-stated reasons, Defendants' Motion should be **ALLOWED**.

## IV. REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants respectfully state that oral argument may assist the Court and requests a hearing on its motion in limine.

> Respectfully submitted,
> Defendants, CSX Transportation, Inc., and
> Consolidated Rail Corporation,
> By their attorneys,
>
>  /s/ Heather M. Gamache
> Michael B. Flynn, Esq., BBO# 559023
> mbflynn@flynnwirkus.com
> Lori A. Wirkus, Esq., BBO # 635525
> lawirkus@flynnwirkus.com
> Heather M. Gamache, BBO# 671898
> hgamache@flynnwirkus.com
> Flynn & Wirkus, P.C.
> 400 Crown Colony Drive, Suite 200
> Quincy, MA 02169
> (617) 773-5500

DATED: November 8, 2010

G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Trial\Motions in Limine\MIL to Preclude Damages re Bike Accident\MoL re MIL to Preclude Damages re Bike Accident.doc

## CERTIFICATE OF SERVICE

    I, Heather M. Gamache, attorney for Defendants hereby certify that I have served true and correct copies of the foregoing Memorandum of Law upon all counsel of record electronically via *CM/ECF* this 8th day of November, 2010.

/s/ Heather M. Gamache\_\_\_\_
Heather M. Gamache, Esq.