UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>        Plaintiff,<br>v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>        Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>        Plaintiff,<br>v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OR THEORY OF LIABILITY THAT PLAINTIFF'S DEGENERATIVE CONDITIONS WERE AGGRAVATED BY ANY WORK LOCATION OTHER THAN NEW BEDFORD, MASSACHUSETTS IN 2005**

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corporation ("Conrail") submit this Memorandum of Law in support of their Motion in Limine to Preclude Any Evidence or Theory of Liability That Plaintiff's Degenerative Conditions Were Aggravated by Any Work Location Other than New Bedford, Massachusetts in 2005. All record evidence indicates that Plaintiff admittedly attributed the alleged aggravation of his bilateral knee arthritis, left elbow arthritis and left thumb arthritis to the work he performed in New Bedford, Massachusetts in 2005. Accordingly, any evidence, testimony or theory of liability regarding a work location other than New Bedford, Massachusetts, causing the alleged aggravation of his degenerative conditions is irrelevant and purposefully meant to confuse the jury.

## I.     FACTUAL BACKGROUND:

Defendants will not reiterate the facts of this case in their entirety here, instead Defendants hereby incorporate by this reference their Omnibus Statement of Facts in Support of Defendants' Motions in Limine and exhibits attached thereto.  Briefly, based on Plaintiff's own testimony, as well as his attorney's admissions, he attributes the aggravation of his alleged degenerative conditions to work he performed in New Bedford, Massachusetts in 2005.  Indeed, Plaintiff has wittingly attributed every single problem he has to the work he performed in New Bedford, Massachusetts in 2005.

According to Plaintiff, between 2002 and 2005, he was not experiencing any pain or symptoms in his knees, neck or left thumb.  Plaintiff testified that he was inspecting track and overseeing production gangs and that "everything was fine."  (Dep. of Geoffrey Crowther dated Nov. 18, 2008, at 108, relevant portions of which are attached as Exhibit A.)  Plaintiff alleges, however, that while working in New Bedford, Massachusetts in 2005, he used "primitive tools" and "antiquated methods" which caused the alleged aggravation of his pre-existing degenerative conditions.  (Id. at 95, 107-108.)  Indeed, Plaintiff testified that, while in New Bedford, "the symptoms or the aches and pains that I had before just kind of came back over me."  (Id. at 108.)  In fact, Plaintiff testified that, while working in New Bedford, his bilateral knee, left thumb and neck pain all surfaced.  (Id. at 94-95; Dep. of Geoffrey Crowther dated Jan. 22, 2010, at 236, 257, relevant portions of which are attached as Exhibit B.)  Plaintiff's attorney corroborated Plaintiff's testimony on the record when he stated, "[Plaintiff's] contention is what the conditions were like related to August of '05 through November of '05 when he **developed** bilateral knee pain, neck pain, and thumb pain."  (Id. at 289.) (Emphasis added).  Moreover, at the summary judgment hearing on September 27, 2010, Plaintiff's counsel further admitted that Plaintiff

became symptomatic while working in New Bedford between August and November 2005. (Summary Judgment Hearing Transcript at 21, relevant portions of which are attached as Exhibit C.) In short, according to Plaintiff, he was "fine" prior to 2005, but that the working conditions in New Bedford, Massachusetts, exclusively, caused the alleged aggravation of the degenerative arthritis of his knees, neck and left thumb.

## II.     DISCUSSION OF LAW:

**A.     This Court Should Preclude Plaintiff from Offering Any Evidence That His alleged Degenerative Conditions Were Aggravated by any Work Location Other than New Bedford, Massachusetts in 2005**

Admissibility of all evidence strictly depends on its relevance to the issues to be tried. See Fed. R. Evid. 402 (irrelevant evidence is inadmissible); See also Huddleston v. United States, 485 U.S. 681, 691 (1988) (noting indispensible relevance requirement of Rule 402). "'Relevant evidence' means such evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; Old Chief v. United States, 519 U.S. 172, 178 (1997). Excluding irrelevant evidence from trial is especially important to prevent waste of time, undue prejudice, and jury confusion. See Fed. R. Evid. 403; Daubert v. Merrell Dow Pharm., 509 U.S. 579, 595 (1993) (judicial economy is important consideration in trials).

Here, any evidence related to Plaintiff's working conditions at any location other than the 2005 New Bedford, Massachusetts work site, is entirely irrelevant and inadmissible. As stated, *supra*, by Plaintiff's own admission the alleged aggravation of his bilateral knee, neck and left thumb arthritis was directly caused by the working conditions in New Bedford, Massachusetts in 2005. It is, therefore, entirely unnecessary for the jury to hear any testimony related to any work location other than the New Bedford, Massachusetts location.

**B.     If This Court Precludes Plaintiff from Offering Evidence That His alleged Degenerative Conditions Were Aggravated by any Work Location Other than New Bedford, Massachusetts in 2005 the Court Should Dismiss All Claims Against Conrail as A Matter of Law**

Assuming *arguendo* that this Court precludes Plaintiff from offering any evidence that his alleged degenerative conditions were aggravated by any work location other than New Bedford, Massachusetts in 2005, Defendants also move this Court to dismiss Conrail on the grounds that, as of June 1999, Plaintiff was exclusively employed by CSXT and not Conrail.  As such, Plaintiff would have no viable claims against Conrail and Conrail is entitled to judgment as a matter of law.

### III.     CONCLUSION:

WHEREFORE, for all the above-stated reasons as well as the reasons stated in the Motion in Limine, Defendants' Motion should be **ALLOWED**.

### IV.     REQUEST FOR ORAL ARGUMENT:

In accordance with Local Rule 7.1(D), Defendants believe that oral argument may assist the Court and wishes to be heard.  Defendants, therefore, request that the Court schedule a hearing on the instant Motion.

Respectfully submitted,
Defendants, CSX Transportation, Inc., and
Consolidated Rail Corporation,
By their attorneys,


 /s/ Heather M. Gamache_____
Michael B. Flynn, Esq., BBO# 559023
mbflynn@flynnwirkus.com
Lori A. Wirkus, Esq., BBO # 635525
lawirkus@flynnwirkus.com
Heather M. Gamache, BBO# 671898
hgamache@flynnwirkus.com
Flynn & Wirkus, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

DATED: November 8, 2010
G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Trial\Motions in Limine\MIL to Preclude Work Site Evid\MOL re MIL to Preclude Evid re Work Loc

**CERTIFICATE OF SERVICE**

I, Heather M. Gamache, attorney for Defendants CSXT and Conrail hereby certify that I have served true and correct copies of the foregoing upon all counsel of record electronically via *CM/ECF* this 8th day of November, 2010.

/s/ Heather M. Gamache
Heather M. Gamache, Esq.