UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>    Plaintiff,<br>v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>    Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>    Plaintiff,<br>v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON PLAINTIFF'S LOCOMOTIVE INSPECTION ACT AND SAFETY APPLIANCES ACT CLAIMS AND TO STRIKE ANY REFERENCES THERETO FROM COMPLAINT**

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corp. ("Conrail") submit this Memorandum of Law in support of their Motion for Judgment on Plaintiff's claims pursuant to the Safety Appliance Act ("SAA"), 49 U.S.C. §§ 20301 et seq. and Locomotive Inspection Act ("LIA"), 49 U.S.C. §§ 20701 et seq. (formerly referred to as the Boiler Inspection Act ("BIA")). Defendants further request that this Honorable Court strike any references to the SAA and the LIA/BIA from the Complaint. As grounds for its Motion, Defendants state that Plaintiff's counsel has stipulated that these claims will not be pursued and the record contains no evidence entitling Plaintiff to any relief under the SAA and/or the LIA/BIA.

## I.     FACTUAL BACKGROUND:

Plaintiff initiated this action under the Federal Employer's Liability Act. ("FELA"), 45 U.S.C. §§ 51-60, the Federal Safety Appliance Acts, 45 U.S.C. §§ 1-16, and the Boiler Inspection Act, 45 U.S.C. §§ 22-34, (Pl.'s Compl. at ¶ 4, a copy of which is attached as Exhibit A), alleging that he sustained repetitive stress injuries to his knees, neck, left elbow and left thumb during the course and scope of his employment with Defendants.  More specifically, Plaintiff alleges he was exposed to "excessive and harmful" repetitive stress due to excessive reaching, stretching, bending, twisting, squatting, kneeling, climbing, lifting, operation of equipment, use of hand tools, working awkward positions, working in poor ground conditions, and walking on improper and poorly maintained ballast.  (Id. at ¶ 9.)

On November 18, 2008, Plaintiff's counsel stipulated on the record that Plaintiff had no claim(s) under the either the SAA or LIA/BIA.  Despite Plaintiff's counsel's stipulation, on March 10, 2009, Plaintiff, upon refilling his Complaint in this Court, included a claim under the SAA and LIA/BIA.  Plaintiff, however, has presented no evidence whatsoever that Defendants' violated the SAA and/or LIA/BIA.

## II.     DISCUSSION OF LAW:

The SAA imposes liability on a railroad defendant if train cars contain defective couplers, handbrakes, or other equipment used to mount a car.  See 49 U.S.C. § 20302(a).  The LIA requires that a locomotive be "in proper condition and safe to operate without unnecessary danger of personal injury."  49 U.S.C. § 20701(1).  A violation of either statute establishes negligence per se against the defendant railroad.  See Carter v. Atlanta & St. Andrews Bay Ry. Co., 338 U.S. 430 (1949); see also Myers v. Reading Co., 331 U.S. 477 (1947) (violation of SAA or LIA alone is insufficient for recovery; plaintiff must also prove causation).

Plaintiff cannot prevail under the SAA and/or LIA as a matter of law because his counsel has stipulated that Plaintiff is not pursuing any claim under the LIA or SAA and Plaintiff has put forth no evidence of injury resulting from operating a locomotive or car. During Plaintiff's November 18, 2008, deposition, Plaintiff's counsel stipulated for the record that Plaintiff had no claims under the LIA/BIA or SAA:

> MR. HALL: My understanding is that we're going to stipulate that there's no claim under the Boiler Inspection Act or the Safety Appliance Act. Is that right, Tom?
>
> MR. JOYCE: That's correct.

(Pl.'s Dep. dated Nov. 18, 2008, at 4:14-18, relevant excerpts attached as Exhibit A.)

In addition to this stipulation, Plaintiff has never alleged he was injured while working on locomotives or railroad cars, or that any safety appliances were causally connected to his alleged injuries. On January 24, 2008, Defendants served Interrogatories on Plaintiff, and on April 10, 2008, Plaintiff provided Answers to the Interrogatories. (See Def.s' Interrogs. to Pl. dated January 24, 2008, attached as Exhibit B; see also Pl.'s Ans. to Interrogs. dated April 10, 2008, attached as Exhibit C.) At Interrogatory No. 2, Plaintiff was asked:

> 2. State each and every injury, disease, or condition, which you allege was caused, in whole or in part, by [sic]. If you contend your injury is a "cumulative trauma" type of injury, please specify the specific "cumulative" activities you believed caused or contributed to the alleged injury.

(Ex. B at 2.)

Plaintiff responded as follows:

> 2. Plaintiffs injuries include but are not limited to: osteoarthritis of left and right knee that required surgery; disc herniation and neuroforaminal stenosis C5-C6, C6-C7, left that required surgery; osteoarthritis left thumb that required surgery; See attached copies of medical records. As a track laborer, track welder, track foreman, track inspector and welding foreman. Plaintiffs tasks included, but were not limited to, operating all types of equipment such as hand and power

3

> tools including torches, electric and gas welding equipment, grinders, chipping hammers, track chisels, sledge hammers, claw bars, spiking mauls, needle guns air impact hammers and saws. Plaintiff was also required to do very heavy lifting. Plaintiffs job duties required him to climb, crawl, stoop, bend and kneel for extended periods of time while welding and repairing freight cars which were overhead, putting him in prolonged awkward positions along with excessive walking on uneven ballast. See attached copies of medical records. See also Plaintiffs railroad employment fie in Defendants' possession.

(Ex. C at 2.)  Plaintiff has failed to even allege that any equipment implicating the LIA/BIA or SAA is causally related to his alleged injuries and has produced no evidence supporting the LIA and SAA claims in his Complaint.  Therefore, this Court should enter judgment in favor of Defendants on the SAA and LIA/BIA causes of action and should strike any references to those claims from the Complaint.

WHEREFORE, for all the above-stated reasons, CSXT's motion should be **ALLOWED**.

Respectfully submitted,
Defendants, CSX Transportation, Inc., and
Consolidated Rail Corporation,
By their attorneys,

 /s/ Heather M. Gamache_____
Michael B. Flynn, Esq., BBO# 559023
mbflynn@flynnwirkus.com
Lori A. Wirkus, Esq., BBO # 635525
lawirkus@flynnwirkus.com
Heather M. Gamache, BBO# 671898
hgamache@flynnwirkus.com
Flynn & Wirkus, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

DATED: November 8, 2010

G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Trial\Motions in Limine\MOT for Judgment re LIA & SAA\Memo of Law re Judgment on LIA & SAA.doc

## **CERTIFICATE OF SERVICE**

I, Heather M. Gamache, attorney for Defendants CSXT and Conrail hereby certify that I have served true and correct copies of the foregoing Memorandum of Law in Support of Motion for Judgment upon all counsel of record electronically via *CM/ECF* this 8th day of November, 2010.

              /s/ Heather M. Gamache____
              Heather M. Gamache, Esq.