IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | Civil Action No. 09-10334-MAP |
| Plaintiff | : | |
| v. | : | |
| CSX TRANSPORTATION, INC. and CONSOLIDATED RAIL CORP. | : | ORAL ARGUMENT REQUESTED |
| Defendants | : | |

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR RECONSIDERATION

The Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J. Joyce, III, and Michael J. McDevitt, responds in opposition to Defendants CSX Transportation, Inc. and Consolidated Rail Corp.'s Motion for Reconsideration (Document 49), as follows:

I.   INTRODUCTION:

This is an occupational injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq. Plaintiff, Geoffrey Crowther, claims occupational bilateral knee, neck, left thumb, and left elbow injuries, which were caused, contributed to, and/or aggravated, worsened and exacerbated, in whole or in part, by exposure to occupational risk factors for cumulative-trauma injuries, including repetition, force, vibration and/or awkward postures, in his employment as a track laborer, track welder, track foreman, and track inspector (Trackman) with Defendants, CSX Transportation, Inc. (CSX) and Consolidated Rail Corp. (Conrail). CSX and Conrail failed to provide Geoffrey Crowther

with adequate manpower and adequate tools and equipment to safely perform his jobs duties. CSX and Conrail failed to provide Geoffrey Crowther with a timely and adequate comprehensive ergonomic, safety and medical management program to prevent or reduce the risk of occupational cumulative-trauma injuries. The railroad's safety, medical and claims departments did not communicate with each other about a comprehensive safety program to address any cumulative-trauma injuries. This fundamental failure prevented Defendants from proactively conducting work site analyses, hazard prevention and control, medical monitoring, and employee education and training, as to cumulative-trauma injuries. The railroad's safety training was concerned only with specific traumatic injuries and historically ignored occupational injuries that develop over time. Defendants failed to provide a reasonably safe place to work under the FELA.

Defendants filed a motion seeking summary judgment in this matter on the basis of alleged expiration of the statute of limitations of all of Geoffrey Crowther's occupational injury claims. Defendants further sought summary judgment on the basis of alleged insufficient causation. On October 5, 2010, this Honorable Court entered an Order denying Defendants' Motion for Summary Judgment, except for Plaintiff's claim for aggravation of degenerative arthritis in his neck, for which summary judgment was granted due to expiration of the statute of limitations based upon the March 5, 2009 re-filing date of Plaintiff's action. Defendants have filed a motion for reconsideration of the Court's Order, again arguing expiration of the statute of limitations, and that Plaintiff has not presented sufficient evidence of causation. For the reasons stated herein, Defendants' Motion for Reconsideration should be denied.

Plaintiff further respectfully requests this Honorable Court re-evaluate its grant of summary judgment with regard to Plaintiff's claim for aggravation of degenerative arthritis in his

neck, so as to obviate the need for Plaintiff to file a Petition to Strike the February 3, 2009 Order of the Court of Common Pleas of Philadelphia County dismissing Plaintiff's action pursuant to forum non conveniens without prejudice.

---

II.   ARGUMENT:

Rule 60(b) of the Federal Rules of Civil Procedure is applicable to Defendants' Motion for Reconsideration. In pertinent part, Rule 60(b) states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

F.R.C.P. 60(b).

Motions for reconsideration are generally frowned upon, and this Honorable Court should not lightly allow Defendants' Motion for Reconsideration. To prevail, the moving party must either present previously unavailable evidence or show that a manifest error of law was committed. *Palmer v. Champion Mortgage*, 465 F. 3d 24, 30 (1st Cir. 2006). Defendants' Motion for Reconsideration should be denied, because Defendants' have failed to show any proper basis for reconsideration of this Honorable Court's October 5, 2010 Order denying Defendants' Motion for Summary Judgment. Geoffrey Crowther now addresses Defendants' arguments as follows:

A.   Causation:

Geoffrey Crowther began working for the railroad in 1975. As a track laborer, track welder, track foreman, and track inspector (Trackman) with the railroad, Geoffrey Crowther was required to do an extreme amount of heavy repetitive work, utilizing certain track tools and equipment such as torches, electric and gas welding equipment, grinders, chipping guns, track chisels, sledge hammers, claw bars, spiking mauls, needle guns, air impact hammers and saws. He was also required to lift and carry heavy objects, and was exposed to excessive and harmful vibration. Geoffrey Crowther's job duties further required prolonged use of his arms in awkward and extended positions, and working in poor ground conditions and walking on improper and poorly maintained ballast. Many times he was required to perform his tasks without adequate tools and equipment and/or adequate manpower. Geoffrey Crowther has produced ample evidence of the negligence of Defendants through his own testimony, as well as through the ergonomic report of Plaintiff's liability expert, Michael D. Shinnick.

Geoffrey Crowther disclosed his treating physicians and orthopedic surgeons, Dr. Steven Wenner, Dr. R. Scott Cowan, Dr. Andrew Lehman, and Dr. Martin Luber, as Plaintiff's medical experts with regard to this matter. Dr. Wenner, Dr. Cowan, Dr. Lehman, and Dr. Luber are Board Certified Orthopedic Surgeons with years of experience. They are familiar with the risk factors, both work related and non-work related, for cumulative-trauma injuries of the knees, neck, thumbs, and elbows. Dr. Wenner, Dr. Cowan, Dr. Lehman, and Dr. Luber, have opined that their patient's injuries or conditions in his left thumb, neck, bilateral knees, and left elbow were contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by his exposure to risk factors in his railroad work.

Defendants argue that Geoffrey Crowther's treating physicians' opinions are insufficient because they do not specifically state that Defendants' "negligence" proximately caused Plaintiff's injuries. Defendants are in error. Geoffrey Crowther has presented sufficient evidence on the record to justify the conclusion that Defendants' negligence played a part in producing Plaintiff's injuries, and it is not necessary under the FELA, nor is it even realistic, for Plaintiff's treating physicians and medical experts to make such a statement. Indeed, following Defendants' logic, all medical experts would have to be liability experts, and conversely all liability experts would have to be medical experts. Consider Geoffrey Crowther's claim for his traumatic left forearm injury sustained on September 8, 2005, which is also part of this action. It is not necessary for Plaintiff's treating physician and medical expert Dr. Allan Baustin to opine that Defendants' "negligence" proximately caused Plaintiff's left forearm injury, only that his injuries were caused by the incident on September 8, 2005. Defendants are misleading the Court.

In *Rogers v. Missouri Pacific Railroad Company*, 352 U.S. 500 (1957), the United States Supreme Court stated:

> The test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.

*Rogers* at 506-07.

Plaintiff's proofs here are certainly sufficient. The jury is certainly entitled to infer the connection between Defendants' negligence and Geoffrey Crowther's injuries under the low threshold for causation under the FELA. The FELA does not require a plaintiff to prove that the defendant's negligence proximately caused his injury. Defendants' motion as to alleged insufficient causation is without merit, as there are questions of fact for the jury to decide as to whether Geoffrey Crowther's left thumb, neck, bilateral knees, and left elbow injuries or

conditions were contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by the negligence of Defendants, CSX and Conrail, as recognized under the FELA. As this Honorable Court noted in its Order denying summary judgment:

> Given the "low threshold" required for Plaintiff to overcome the summary judgment motion, the court concludes that the record contains sufficient evidence for a reasonable jury to find in Plaintiff's favor.

Order dated October 5, 2010 (Document 45), page 11.

Defendants CSX and Conrail are not entitled to judgment as a matter of law on the issue of causation.

B. <u>Statute of Limitations</u>:

Geoffrey Crowther filed his FELA occupational injury action on September 21, 2007 in the Court of Common Pleas of Philadelphia County, Pennsylvania. Defendants, after considerable discovery was completed in Philadelphia, filed a motion seeking dismissal of Plaintiff's action and re-filing in Massachusetts on the basis of forum non conveniens under 42 Pa. C.S. Sec. 5322(e). The Court in Philadelphia granted Defendants' Motion on February 3, 2009. In compliance with the Court's Order, Plaintiff re-filed his action in the United States District Court for the District of Massachusetts, Boston Division, on or about March 5, 2009. Defendants then filed a Motion to Transfer Venue to the Springfield Division, which was granted on October 6, 2009.

Geoffrey Crowther's action in Philadelphia, Pennsylvania was dismissed prior to Plaintiff making a motion to amend his Complaint to include aggravation language with regard to his injuries. Upon re-filing his Complaint in the United States District Court for the District of Massachusetts, Plaintiff reasonably included aggravation language to conform with the causation

/ aggravation opinions of Plaintiff's treating physicians and medical experts as revealed during the course of discovery.

On May 28, 2010, Defendants filed a Motion for Summary Judgment, arguing in part that the statute of limitations on Plaintiff's claims as to aggravation were *not* tolled as of the filing of Plaintiff's action on September 21, 2007. On October 5, 2010, this Honorable Court entered an Order denying Defendants' Motion for Summary Judgment, except for Plaintiff's claim for aggravation of degenerative arthritis in his neck, for which summary judgment was granted due to expiration of the statute of limitations based upon the *March 5, 2009* re-filing date of Plaintiff's action as argued by Defendants.

Plaintiff respectfully requests this Honorable Court re-evaluate its grant of summary judgment only with regard to Plaintiff's claim for aggravation of degenerative arthritis in his neck, so as to obviate the need for Plaintiff to file a Petition to Strike the February 3, 2009 Order of the Court of Common Pleas of Philadelphia County dismissing Plaintiff's action pursuant to forum non conveniens without prejudice. The Order issued by the Court in Philadelphia, dated February 3, 2009, states in pertinent part:

> If Massachusetts proves to be an unavailable forum, plaintiff may petition to strike this order.

(See Order of the Court of Common Pleas of Philadelphia County, Pennsylvania dated February 3, 2009, attached as Exhibit A).

The dismissal of Plaintiff's action in Philadelphia, Pennsylvania by Judge William J. Manfredi was clearly not meant to substantively impact Plaintiff's case, but rather was strictly for the purpose of changing the location of the action for more convenient access to witnesses and/or other evidence. Had the matter originally been filed in the United States District Court for the

Eastern District of Pennsylvania in Philadelphia, rather than in Pennsylvania state court, it would simply have been transferred to the United States District Court for the District of Massachusetts. Plaintiff's action before this Honorable Court must be viewed as a continuation of Plaintiff's action filed on September 21, 2007 in Philadelphia, Pennsylvania.

By virtue of this Honorable Court's ruling on October 5, 2010, Massachusetts has proved to be an unavailable forum for Plaintiff's claim only for aggravation of degenerative arthritis in his neck. Geoffrey Crowther respectfully request this Honorable Court to rectify this and allow Plaintiff to proceed here in this forum not only with his cervical disc herniation injuries (and his knee, thumb and elbow injuries), but also with his aggravation of cervical degenerative arthritis, so that his aggravation of neck injuries will not have to proceed in a separate forum.

Geoffrey Crowther now addresses his individual occupational injury claims as follows:

---

1. NECK:

In October 2002, Geoffrey Crowther consulted his primary care physician Dr. Allan Baustin of Hadley Family Practice with complaints of right shoulder, right arm and neck pain. X-rays were taken of his right shoulder and cervical spine on October 8, 2002, showing right shoulder degenerative changes and early cervical degenerative disc disease. Geoffrey Crowther was prescribed anti-inflammatory medication and underwent a course of physical therapy. By early 2003, Geoffrey Crowther's complaints had improved, and he continued to work at the railroad without any neck problems.

On December 23, 2005, while Geoffrey Crowther was consulting Dr. Steven Wenner of New England Orthopedic Surgeons with regard to numbness and tingling in his hands, it was noted, "since his last visit he has had a constellation of symptoms involving the left upper

extremity." X-rays were taken of Geoffrey Crowther's cervical spine, and the doctor's impression was "that the patient's primary symptoms are that of left cervical radicular pain." Geoffrey Crowther was referred to Dr. R. Scott Cowan of New England Orthopedic Surgeons for cervical consultation. Despite conservative treatment for his neck injuries, Geoffrey Crowther eventually underwent cervical anterior discectomy with microscopic decompression and fusion with fibular allograft and plate fixation C5-C7 surgery to repair multiple cervical disc herniation injuries, performed by Dr. Cowan on January 17, 2007.

Geoffrey Crowther disclosed his treating physician and orthopedic surgeon, Dr. R. Scott Cowan, as Plaintiff's medical expert with regard to his neck injuries. Through his narrative medical report and discovery deposition testimony, Dr. Cowan has opined that Geoffrey Crowther's multiple cervical disc herniation injuries were caused and/or contributed to by Geoffrey Crowther's work as a trackman. Dr. Cowan has further opined that that Geoffrey Crowther's degenerative arthritis in his neck was aggravated, worsened and exacerbated by Geoffrey Crowther's work as a trackman. Pertinent excerpts of Dr. Cowan's records, narrative medical report and discovery deposition testimony were previously set down at length in Plaintiff's Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Document 41), and Plaintiff refers to and specifically incorporates them herein by reference.

Defendants argue that Geoffrey Crowther's neck injuries claimed herein fall outside the statute of limitations. Defendants are in error. There are questions of fact for the jury to decide as to when Geoffrey Crowther's neck injuries claimed herein accrued under the FELA. With regard to Plaintiff's claim for aggravation of degenerative arthritis in his neck, although Geoffrey Crowther had a cervical x-ray in 2002 which revealed some early degeneration, the record

evidences that any symptoms or problems Geoffrey Crowther may have experienced in his neck in 2002, if any, were not significant enough to even trigger Plaintiff's memory, and were certainly not the primary reason for the October 8, 2002 x-ray having been ordered in the first place. Further, any complaints he had had in 2002 had been treated successfully with anti-inflammatory medication and physical therapy. Plaintiff's claim for aggravation of degenerative arthritis in his neck clearly accrued within three years of filing his Complaint on September 21, 2007.

Further, Plaintiff's claim for cervical disc herniation injuries is separate from Plaintiff's claim for claim for aggravation of degenerative arthritis in his neck. Plaintiff's claim for cervical disc herniation injuries are not an aggravation claim. Plaintiff's claim for cervical disc herniation injuries clearly accrued well within three years of filing his Complaint. Defendants CSX and Conrail are not entitled to judgment as a matter of law.

2. BILATERAL KNEES:

Geoffrey Crowther sustained traumatic injuries to his knees in the 1970s, for which he underwent bilateral meniscus surgery. He recovered from those original bilateral knee injuries / surgeries, and continued to work at the railroad without any knee problems. Geoffrey Crowther sustained further traumatic injury to his left knee in or around 1986, for which he underwent ACL reconstruction hamstring autograft surgery. He recovered from that left knee injury / surgery, and continued to work at the railroad without any knee problems.

In February 2007, Geoffrey Crowther consulted Dr. Andrew Lehman of New England Orthopedic Surgeons with complaints of severe left greater than right knee pain that was significantly bad over the last couple of years. On February 28, 2007, it was noted "As far as the

history of his knees are concerned, he had an open meniscectomy of his right knee back around 1970 of the lateral meniscus. Left knee had an injury at work back in the late 1970s. The patient underwent open meniscectomy followed by an open ACL reconstruction apparently using hamstring autograft. He did reasonably well following that until the last couple of years when he began to have a lot of troubles with his activities of daily living." X-rays of both knees demonstrated severe tricompartmental osteoarthritis of the bilateral knees. Despite conservative treatment for his bilateral knee injuries, Geoffrey Crowther eventually underwent bilateral total knee arthroplasty surgery performed by Dr. Lehman on April 17, 2007.

     Geoffrey Crowther disclosed his treating physician and orthopedic surgeon, Dr. Andrew Lehman, as Plaintiff's medical expert with regard to his bilateral knee injuries. Through his narrative medical report and discovery deposition testimony, Dr. Lehman has opined that that Geoffrey Crowther's bilateral knee osteoarthritis was aggravated, worsened and exacerbated by Geoffrey Crowther's work as a trackman. Pertinent excerpts of Dr. Lehman's records, narrative medical report and discovery deposition testimony were previously set down at length in Plaintiff's Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Document 41), and Plaintiff refers to and specifically incorporates them herein by reference.

     Defendants argue that Geoffrey Crowther's bilateral knee injuries claimed herein fall outside the statute of limitations. Defendants are in error. There are questions of fact for the jury to decide as to when Geoffrey Crowther's bilateral knee injuries claimed herein accrued under the FELA. Although Geoffrey Crowther sustained unrelated traumatic injuries to his knees in the 1970s and again in 1986, and began the development of degenerative arthritis in his knees due to those traumatic injuries as explained by Dr. Andrew Lehman, which would be noted from

time to time in subsequent medical records, the record evidences that any symptoms or problems Geoffrey Crowther experienced in his knees before eventually undergoing bilateral total knee arthroplasty surgery in 2007 were temporary and intermittent in nature and/or were certainly not significant. Further, there is no evidence of record that Plaintiff knew or should have known that work was aggravating, worsening or exacerbating any pre-existing arthritic condition in his knees before 2007. Plaintiff's claim for aggravation of degenerative arthritis in his knees clearly accrued within three years of filing his Complaint. Defendants CSX and Conrail are not entitled to judgment as a matter of law.

3.  LEFT THUMB:

In September 2005, Geoffrey Crowther consulted Dr. Steven Wenner of New England Orthopedic Surgeons with complaints of gradually worsening numbness and tingling in his hands with radiation of pain up the forearms, as well as complaints of pain in the left thumb. A follow-up visit on October 4, 2005, notes "intermittent pain in the right forearm and elbow which has largely resolved and intermittent more nagging discomfort in the left thumb MP joint and ulnocarpal joint on the left." Geoffrey Crowther was treated with steroid injections into the left thumb and was fitted with a splint. Despite conservative treatment for his left thumb injuries, Geoffrey Crowther eventually underwent left thumb arthrodesis metacarpal joint surgery, performed by Dr. Wenner on February 14, 2007.

Geoffrey Crowther disclosed his treating physician and orthopedic surgeon, Dr. Steven Wenner, as Plaintiff's medical expert with regard to his left thumb injuries. Through his narrative medical reports and discovery deposition testimony, Dr. Wenner has opined that that Geoffrey Crowther's left thumb arthritis of the metacarpophalangeal joint was aggravated,

worsened and exacerbated by Geoffrey Crowther's work as a trackman. Pertinent excerpts of Dr. Wenner's records, narrative medical reports and discovery deposition testimony were previously set down at length in Plaintiff's Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Document 41), and Plaintiff refers to and specifically incorporates them herein by reference.

Defendants argue that Geoffrey Crowther's left thumb injuries claimed herein fall outside the statute of limitations. Defendants are in error. There are questions of fact for the jury to decide as to when Geoffrey Crowther's left thumb injuries claimed herein accrued under the FELA. Although Geoffrey Crowther began the development of left thumb arthritis in 2005, the record evidences that any symptoms or problems Geoffrey Crowther experienced in his left thumb before eventually undergoing left thumb arthrodesis metacarpal joint surgery in 2007 were temporary and intermittent in nature and/or were certainly not significant. Further, there is no evidence of record that Plaintiff knew or should have known that work was aggravating, worsening or exacerbating any pre-existing arthritic condition in his left thumb before 2007. Plaintiff's claim for aggravation of left thumb arthritis of the metacarpophalangeal joint clearly accrued within three years of filing his Complaint. Defendants CSX and Conrail are not entitled to judgment as a matter of law.

---

      4.     LEFT ELBOW:

In October 2002, Geoffrey Crowther consulted his primary care physician Dr. Allan Baustin of Hadley Family Practice with complaints of right shoulder, right arm and neck pain. Dr. Baustin referred Geoffrey Crowther to physiatrist Dr. Arkam Rehman. On November 5, 2002, Dr. Rehman's impression was bilateral carpal tunnel syndrome, bilateral tennis / golfer's

elbow and left shoulder bursitis / impingement, and he recommended an EMG, which revealed left cubital tunnel syndrome and left carpal tunnel syndrome. Geoffrey Crowther was prescribed anti-inflammatory medication and underwent a course of physical therapy. By early 2003, Geoffrey Crowther's complaints had improved, and he continued to work at the railroad without any left elbow problems.

On October 18, 2006, while Geoffrey Crowther was consulting Dr. Steven Wenner of New England Orthopedic Surgeons with regard to complaints of pain predominantly in his left wrist and hand, it was noted "Additionally, he complains of pain in the lateral region of his left proximal forearm musculature and in the posterior portion of his elbow. He says that the elbow and upper forearm symptoms are much less severe than the wrist and hand symptoms." X-rays of the left elbow demonstrated a loose body at the radiocapitellar articulation. Geoffrey Crowther was referred to Dr. Martin Luber of New England Orthopedic Surgeons for left elbow consultation. Despite conservative treatment for his left elbow injuries, Geoffrey Crowther eventually underwent left elbow arthroscopy and loose body, olecranon and coronoid spur removal surgery performed by Dr. Luber on February 27, 2009.

Geoffrey Crowther disclosed his treating physician and orthopedic surgeon, Dr. Martin Luber, as Plaintiff's medical expert with regard to his left elbow injuries. Through his narrative medical report and discovery deposition testimony, Dr. Luber has opined that the development of Geoffrey Crowther's left elbow degenerative osteoarthropathy was caused and/or contributed to by Geoffrey Crowther's work as a trackman. Dr. Luber has further opined that Geoffrey Crowther's left elbow degenerative osteoarthropathy was aggravated, worsened and exacerbated by Geoffrey Crowther's work as a trackman. Pertinent excerpts of Dr. Luber's records, narrative medical report and discovery deposition testimony were previously set down at length in

Plaintiff's Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Document 41), and Plaintiff refers to and specifically incorporates them herein by reference.

Defendants argue that Geoffrey Crowther's left elbow injuries claimed herein fall outside the statute of limitations. Defendants are in error. There are questions of fact for the jury to decide as to when Geoffrey Crowther's left elbow injuries claimed herein accrued under the FELA. Although Geoffrey Crowther had complaints of upper extremity pain in 2002, the record evidences that he was diagnosed with unrelated bilateral tennis / golfer's elbow injuries. Further, any complaints he had had in 2002 had been treated successfully with anti-inflammatory medication and physical therapy. With regard to Geoffrey Crowther's claim that his work as a trackman caused and/or contributed to the development of his left elbow degenerative osteoarthropathy, the record evidences that Plaintiff was unaware that he had left elbow degenerative injuries until he underwent an X-ray in October 2006. Further, there is no evidence of record that Plaintiff knew or should have known that his work had caused and/or contributed to the development of his left elbow degenerative osteoarthropathy before October 2006. Plaintiff's claim that his work as a trackman caused and/or contributed to the development of his left elbow degenerative osteoarthropathy is not an aggravation claim. Plaintiff's claim that his work as a trackman caused and/or contributed to the development of his left elbow degenerative osteoarthropathy clearly accrued well within three years of filing his Complaint.

With regard to Plaintiff's claim that his left elbow degenerative osteoarthropathy was aggravated, worsened and exacerbated by Geoffrey Crowther's work as a trackman, the record evidences that Plaintiff was unaware that he had left elbow degenerative injuries until he underwent an X-ray in October 2006. Further, any symptoms or problems Geoffrey Crowther

experienced in his left elbow before eventually undergoing left elbow arthroscopy and loose body, olecranon and coronoid spur removal surgery were temporary and intermittent in nature and/or were certainly not significant.  Further, there is no evidence of record that Plaintiff knew or should have known that work was aggravating, worsening or exacerbating any pre-existing degenerative condition in his left elbow before undergoing left elbow surgery.  Plaintiff's claim for aggravation of left elbow degenerative osteoarthropathy clearly accrued within three years of filing his Complaint.   Defendants CSX and Conrail are not entitled to judgment as a matter of law.

In *Granfield v. CSX Transportation, Inc.*, U.S. Court of Appeals for the First Circuit, Civil Action No. 09-1302 (March 2010), the First Circuit recently noted:

> Dr. Spector determined that Granfield's lateral epicondylitis was being caused by the repetitive back and forth manipulation of what he deemed to be "levers" inside the locomotive cabin.  Granfield maintained throughout the trial that it was during this visit that he first became aware of the connection between his work activities and his injury.
> …
> [T]he jury returned its verdict in favor of Granfield.
> …
> In its briefs, CSX essentially rehashes the arguments it made in its motions for summary judgment and judgment as a matter of law.  Both motions were denied by the District Court, which found that the question of whether Granfield had complied with the tree-year statute of limitations was one for the trier of fact to decide.  We agree.
> We have reiterated that:
>> [a]pplication of the discovery rule ordinarily involves questions of fact and therefore in most instances will be decided by the trier of fact.  In particular, application of the discovery rule involves determining what the plaintiff knew or should have known, which is a factual question that is appropriate for the trier of fact.  Determining when a plaintiff had notice of the likely cause of her injury is one example of such a determination.
>
> *Genereux v. Am. Beryllia Corp*., 577 F.3d 360, 360 (1st Cir. 2009).
> …
> In his notes from Granfield's visit to him on July 8, 2003, Dr. Spector noted that

> Granfield had complained to him of feeling "symptoms" in his left elbow since December 2002. However, the record in unclear as to what these symptoms were, and whether they rose to the magnitude to lead Granfield to consider himself "injured."
>
> Generally, de minimus aches and pains are not considered to be an injury for the purposes of the FELA statute of limitations. *Green v. CSX Transp., Inc.*, 414 F.3d 758 (7th Cir. 2005); see also *Lancaster v. Norfolk & W. Ry. Co.*, 773 F.2d 807, 821 (7th Cir. 1985)…

*Granfield v. CSX Transportation, Inc.*, U.S. Court of Appeals for the First Circuit, Civil Action No. 09-1302 (March 2010).

III.   CONCLUSION:

On October 5, 2010, this Honorable Court found that Defendants are not entitled to judgment as a matter of law. Discovery reveals that there are genuine issues of material fact properly for the jury to consider as to the issues of causation and the statute of limitations in Geoffrey Crowther's FELA occupational injury action. There is no doubt that the issue of negligence is properly for the jury to determine.

A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 106 S. Ct. 2505, 477 U.S. 242, 249-50 (1986). The presumption against summary judgment is particularly strong under the FELA. As the United States Supreme Court in *Bailey v. Cent. Vt. Ry., Inc.,* 319 U.S. 350 (1943), has previously held:

> The right to a trial by jury is part and parcel of the remedy afforded railroad workers under the Federal Employers' Liability Act … [The] jury has been chosen as the appropriate tribunal to apply those standards to the facts of these personal injuries … To deprive these workers of a jury trial in close or doubtful cases is to take away a goodly portion of the relief which Congress has afforded them.

*Bailey* at 354.

As the moving parties, CSX and Conrail have failed to show any proper basis for reconsideration of this Honorable Court's October 5, 2010 Order denying Defendants' Motion for Summary Judgment. Defendants' Motion for Reconsideration should be denied.

---

Plaintiff respectfully requests oral argument.

WHEREFORE, Plaintiff, Geoffrey Crowther, respectfully requests this Honorable Court to enter an Order denying Defendants' Motion for Reconsideration.

                                                Respectfully submitted,

                                                */s/Thomas J. Joyce, III*
                                                THOMAS J. JOYCE, III
                                                Law Office of Thomas J. Joyce, III
                                                801 Centerton Road
                                                Mount Laurel, NJ 08054
                                                (856) 914-0220
                                                Attorney for Plaintiff

                                                */s/Michael J. McDevitt*
                                                MICHAEL J. McDEVITT
                                                Lawson & Weitzen
                                                88 Black Falcon Avenue, Suite 345
                                                Boston, MA 02110
                                                (617) 439-4990
                                                Attorney for Plaintiff

DATED: November 8, 2010