UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>          Plaintiff,<br>     v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>          Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>          Plaintiff,<br>     v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

## **DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51(b) of the Federal Rules of Civil Procedure, Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corporation ("Conrail") move that the jury in the above-captioned matter be instructed in accordance with the attached requested jury instructions. Defendants reserve their rights to file supplemental jury instruction requests, or withdraw any of the instructions requested herein, in response to evidence and/or issues which may arise during the course of trial.

Respectfully submitted,
Defendants, CSX Transportation, Inc., and
Consolidated Rail Corporation,
By their attorneys,


 /s/ Heather M. Gamache_____
Michael B. Flynn, Esq., BBO# 559023
mbflynn@flynnwirkus.com
Lori A. Wirkus, Esq., BBO # 635525
lawirkus@flynnwirkus.com
Heather M. Gamache, BBO# 671898
hgamache@flynnwirkus.com
Flynn & Wirkus, P.C.
400 Crown Colony Drive, Suite 200
Quincy, MA 02169
(617) 773-5500

DATED: November 19, 2010
G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Trial\Jury Instructions\Def. Jury Instructions 11.15.10

Defendants' Proposed Instruction No. 1

**Corporate Defendants**

A corporate defendant is entitled to the same fair and unprejudiced treatment that you would give any individual under the same circumstances.  You may not allow bias, prejudice, or sympathy to influence your decisions.  Instead, you must decide this case with the same impartiality you would use in deciding a case between two individuals.  All persons, including businesses and other corporations, stand equal before the law, and are to be dealt with as equals in a court of justice.

**Authorities:**   2 Devitt and Blackmar, Federal Jury Practice and Instructions §71.05 (3d Ed. 1977); §71.04 (4th Ed. 1987).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 2

**Sympathy and Emotion Irrelevant**

Sympathy and emotion should play no part in your deliberations.  You may not decide this case on the basis of the fact that you may feel sorry for Plaintiff or that you feel badly because he may have suffered an injury or illness.  Rather, your deliberations should be well-reasoned, impartial, and unemotional.  You must decide this case by applying the principles of law, which the Court defines for you, to the facts of this particular case, as you objectively find them to be.

**Authorities:**   2 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> §71.02 at 586 (3d ed. 1977).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 3

**<u>Weight of Testimony</u>**

You, the jury, are the sole judge of the credibility of each of the witnesses.  You have the right to decide whether to give any weight to a witness's testimony.  When you are deciding what weight, if any, to give to a witness's testimony you may consider the witness' manner and conduct on the witness stand, and the trustworthiness of the witness's testimony.  You should also consider the reasonableness of the witness's opinion, their knowledge of the facts and their interest in the outcome of the trial.

**<u>Authorities:</u>**   <u>Spesco, Inc. v. General Elec. Co.</u>, 719 F.2d 233 (7th Cir. 1983); <u>Bolton v. Kroger Grocery & Baking Co.</u>, 123 F.2d 526 (7th Cir. 1941); Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u> §72.01 (2d ed. 1970); §§ 17.01 <u>et. seq.</u> (4th ed. 1987).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 4

**Effect of Inconsistent Statements**

A witness may be impeached by contradictory evidence, or by evidence that at some time the witness has said or done something, or has failed to say or do something, which is inconsistent with that witness' present testimony.

If you believe that any witness has made inconsistent statements, it is your exclusive role to give the testimony of that witness such credibility, if any, as you think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust that witness's testimony in other matters and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**Authority:**   2 Devitt and Blackmar, Federal Jury Practice and Instructions §73.05 at 620 (3d ed. 1977).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 5

**Expert Witnesses - Generally**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions.   An exception to this rule exists as to those persons whom we call "expert witnesses."   Witnesses who, by education, training and experience, have become expert in some art, science, profession, or calling may state their opinions as to relevant and material matters in which they profess to be experts, and may also state their reasons for the opinion.

You should consider each expert opinion received into evidence in this case and give it such weight as you may think it deserves.

In determining the weight to be given to such opinion, you should consider the qualifications and credibility of the expert and the reasons given for his or her opinion.   If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that the opinion is outweighed by other evidence, you may disregard the expert's opinion entirely.

**Authority:**     Fed. R. Evid. 702; Commonwealth v. Smith, 357 Mass. 168, 178, 258 N.E.2d 13 (1970); Dodge v. Sawyer, 288 Mass. 402, 408, 93 N.E. 15 (1934).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 6

**Expert Opinions May be Disregarded**

Expert opinions may be properly disregarded.  Where opinions are conflicting, it is for you as members of the jury to determine which is the more worthy of credence.  In determining what is the greater weight of evidence, you should not simply count the witnesses, but you should consider their relative qualifications and credibility in reaching your decision.

**Authority:**    Cruz-Vargas v. R.J. Reynolds Tobacco Co., 348 F.3d 271, 278 (1st Cir. 2003)

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 7

**Plaintiff's Theory of Liability**

In this case, Plaintiff alleges that Defendants were negligent pursuant to the Federal Employers' Liability Act ("FELA"). Section 1 of the FELA, under which Plaintiff claims the right to recover damages in this action, provides in part:

> Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier.

**Authority:** 45 U.S.C. § 51; 3 Devitt and Blackmar, Federal Jury Practice and Instructions § 94.09 (4th ed. 1987)

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 8

**Intent of FELA**

The FELA was passed by Congress to advance the interest of railroad employees who incur an occupational injury.  It does not, however, render the employer the insurer of the safety of its employees nor does it presume negligence upon proof of an injury.  In the absence of negligence, the FELA imposes no liability upon the employer.  The legal principles that govern the employer's liability will be stated to you in the instructions that follow.

**Authorities:**   Conway v. Consolidated Rail Corp., 720 F.2d 221 (1st  Cir. 1983), cert. denied, 466 U.S. 937, 104 S. Ct. 1911 (1984); Brady v. Southern R. Co., 320 U.S. 476, 64 S. Ct. 232 (1943); Kulavic v. Chicago & Ill. M. Ry. Co., 1 F.3d 507 (7th Cir. 1993); Conrail v. Gottshall, 114 S.Ct. 2396 (1994); Eaton v. Long Island R. Co., 398 F.2d 738 (2nd Cir. 1968); Inman v. Baltimore & O. R. Co., 361 U.S. 138, 140, 80 S. Ct. 242 (1959).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 9

**FELA – Statute of Limitations**

The first question that you will be asked to deal with is whether Plaintiff's claims were brought within the time limit allowed by the statute of limitations applicable to FELA actions. An FELA claim must be brought within three years of the date the cause of action accrues or arises.

Authorities:    Massachusetts Jury Instructions - Civil § 13.5; 45 U.S.C. § 56 (1976).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 10

**FELA – Statute of Limitations – Accrual Date**

An FELA claim must be brought within three years of the date the cause of action accrues.  The general rule is that a cause of action accrues on the day of the plaintiff's injury.  However, when, as here, the plaintiff alleges to have suffered an injury over a period of time, the cause of action accrues when the plaintiff became aware, or reasonably should have been aware, of his injuries and what he believes is the potential cause.  Awareness is defined as when the plaintiff knows, or in the exercise of due diligence, has reason to know of the existence and cause of the injury which is the basis of his action.  It is of particular importance that the plaintiff has an affirmative duty to investigate the potential cause of his injury.

The question then comes down to when Plaintiff "knew" or "should have known" that he had been harmed by Defendants' conduct.  "Knew" means actual knowledge.  With respect to whether Plaintiff "should have known," you will determine this by referring to what in your judgment a reasonable person would have known under the circumstances.

When, as here, the plaintiff brings a claim for a work-related injury, the question is not whether the plaintiff knew that a relationship existed between his work and his arthritis.  Rather, the proper question regarding the plaintiff's knowledge is at what time did or should the plaintiff have known that a relationship existed between his arthritis and his employment with Defendants.

Authorities:   <u>Albert v. Maine Central R.R. Co.</u>, 905 F.2d 541 (1st Cir. 1990); <u>Urie v. Thomspon</u>, 337 U.S. 163, 170 (1949); <u>Matson v. Burlington N. Santa Fe</u>, 240 F.3d 1233 (10th Cir. 2001).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 11

**FELA – Statute of Limitations – Burden of Proof**

Plaintiff bears the burden of proving that he filed his claims within the three-year time period permitted under the FELA.  Thus, Plaintiff must prove that he did not know, nor could he have reasonably known, of his arthritis or that a possible relationship existed between his arthritis and work, more than three years before he brought his claims.  Plaintiff must also prove that he did not know, nor could he have reasonably known, of the aggravation of the arthritis of his knees, neck, left thumb and left elbow, or that a possible relationship existed between the aggravation of his arthritis and his work, more than three years before he brought his claims.


Authority:      Emmons v. S. Pac. Transp. Co., 701 F.2d 1112 (5th Cir. 1983)



ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 12

**FELA – Statute of Limitations**

The claims in this case commenced on two separate dates, September 21, 2007 and March 5, 2009.  Plaintiff's claims that Defendants' negligence caused his bilateral knee, neck, left thumb and left elbow arthritis were brought on September 21, 2007.  Plaintiff's claims that Defendants' negligence aggravated his bilateral knee, neck, left thumb and left elbow arthritis were brought on March 5, 2009.  The question, therefore, is whether these claims were brought within three years after the date on which the causes of action arose.

Thus, you must first decide whether Plaintiff has proven that he did not know, nor could he have reasonably known, that he suffered from arthritis of his knees, neck, left thumb and left elbow, or that a possible relationship existed between his arthritis and his work for Defendants, before September 21, 2004.

You must then decide whether Plaintiff has proven that he did not know, nor could he have reasonably known, of the aggravation of the arthritis of his knees, neck, left thumb and left elbow, or that a possible relationship existed between the aggravation of his arthritis and his work for Defendants, before March 5, 2006.

If you find that Plaintiff knew, or should have reasonably known, that he suffered from arthritis of his knees, neck, left thumb and left elbow, and that a possible relationship existed between his arthritis and his work for Defendants, before September 21, 2004, Plaintiff is not entitled to recover and you must find in favor of Defendants and answer accordingly on the special verdict form.

Likewise, if you find that Plaintiff knew, or should have reasonably known, of the aggravation of the arthritis of his knees, neck, left thumb and left elbow, and that a possible

15

relationship existed between the aggravation of his arthritis and his work for Defendants, before

March 5, 2006, Plaintiff is not entitled to recover and you must find in favor of Defendants and

answer accordingly on the special verdict form.

Authorities:  Emmons v. S. Pac. Transp. Co., 701 F.2d 1112 (5th Cir. 1983); Albert v. Maine
Central R.R. Co., 905 F.2d 541 (1st Cir. 1990); Urie v. Thomspon, 337 U.S.
163, 170 (1949); Matson v. Burlington N. Santa Fe, 240 F.3d 1233 (10th Cir.
2001).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 13

**Finding of Negligence Required**

Plaintiff's case against Defendants is a negligence action.   In order to recover any damages from Defendants, Plaintiff must prove that his arthritis and/or the aggravation of his arthritis resulted in whole or in part from his job duties with Defendants between 1976 and 2006. The FELA is not a workmen's compensation statute.   Workmen's Compensation involves an insurance arrangement under which an employer pays for an employee's injury regardless of whether or not the employer negligently caused the injury.   You must disregard any personal views you may have respecting so-called "on-the-job" injuries and apply the correct rule of law in this jurisdiction.   Under the FELA, unlike Worker's Compensation, Plaintiff may not collect any damages in this case unless he proves that his arthritis and/or the aggravation of his arthritis resulted in whole or in part from Defendant's negligence.

The law "does not impose strict liability on [a railroad like Defendants].   Plaintiff is required to prove the traditional common law elements of negligence: duty, breach, foreseeability and causation."

**Authorities**:   45 U.S.C.A. §51; Seaboard A. L. Railway v. Horton, 233 U.S. 492, 34 S. Ct. 635 (1914); Eaton v. Long Island R. Co., 398 F.2d 738 (2nd Cir. 1968); Soto v. Southern Pacific Transp. Co., 644 F.2d 1147 (5th Cir. 1981), cert. denied, 454 U.S. 969, 102 S. Ct. 514; Tennant v. Peoria & P. U. R. Co., 321 U.S. 29 64 S. Ct. 404 (1944); Robert v. Consolidated Rail Corp., 832 F.2d 3, 6 (1st Cir. 1987); New York, N.H. & H.R. Co. v. Dox, 249 F.2d 572, 573 (1st Cir. 1957).

ACCEPTED _____

REJECTED _____

MODIFIED _____

<u>Defendants' Proposed Jury Instruction No. 14</u>

**<u>Negligence – Generally</u>**

Generally speaking, negligence means the failure to exercise that degree of care that the ordinarily reasonable, cautious, prudent individual would have exercised under all the facts and circumstances existing in some particular situation.  More simply stated, negligence is the failure to exercise that degree of care that a reasonable person would exercise under the circumstances.

Negligence may be doing something that the ordinarily reasonable, cautious, prudent person would not have done under all the facts and circumstances existing at a particular time and place.  It may also be the failure to do something that the ordinarily reasonable, cautious, prudent person would have done under all the facts and circumstances existing at a particular time and place.

You will notice that the standard is not the conduct of the most careful person or of the least careful person, but rather the conduct of an ordinarily reasonable, cautious, prudent person, faced with the same situation and under the same circumstances as the person whose conduct is being considered.

When it is alleged, as it has been in this case, that a company has been negligent, it becomes the duty of the jury to determine on the basis of the evidence just what was the conduct of that person and, having done that, to measure that conduct against the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts or circumstances.  If the conduct of that person conforms to what would have been the conduct of the ordinarily reasonable, cautious, prudent person faced with the same facts and circumstances, then the jury should find that the person had not been negligent.  If, on the other hand, that person either did something that the ordinarily reasonable, cautious, prudent person would not have done, or failed

18

to do something that the ordinarily reasonable, cautious, prudent person would have done, then

the jury would be warranted in finding that the person had been negligent.

**Authority**:    Massachusetts Jury Instructions - Civil § 3.1.

ACCEPTED _____

REJECTED _____

MODIFIED _____

<u>Defendant's Proposed Jury Instruction No. 15</u>

**<u>Negligence – Elements</u>**

More specifically, the tort of negligence consists of four elements which are indispensible to Plaintiff's ability to succeed in this action.  Those four elements are:

(1) duty;

(2) breach of that duty;

(3) damages; and

(4) causal relation between the breach of duty and damages.

**<u>Authority</u>:**   <u>Bennett v. Eagle Brook Country Store</u>, 408 Mass. 355, 557 N.E.2d 1166, 1168 (1990), <u>citing</u> J.R. Nolan and L.J. Sartorio, <u>Tort Law</u>, 37 Massachusetts Practice § 204, at 336 (2d ed. 1989).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 16

## **Burden of Proving Negligence**

In this case, Plaintiff bears the burden of proving by a preponderance of the evidence every single element of the tort of negligence.  To prove a case by the preponderance of the evidence requires that Plaintiff prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, had more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true.  If a preponderance of the evidence does not support Plaintiff's claims under the FELA for negligence, then your verdict should be for Defendants.

**Authority**:     Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Federal Claims Instruction No. 6.1 (1990); 3 Devitt and Blackmar, Federal Jury Practice and Instructions § 72.01 (4th ed. 1987).

ACCEPTED _____

REJECTED _____

MODIFIED _____

21

Defendants' Proposed Jury Instruction No. 17

**Breach of Duty**

Under the FELA, it was the continuing duty of Defendants to use reasonable care under the circumstances in furnishing Plaintiff with a reasonably safe place in which to work and to use reasonable care under the circumstances to maintain and keep such place of work in a reasonably safe condition.  This does not mean, however, that Defendants were the guarantor of Plaintiff's safety.  The mere fact that Plaintiff sustained injuries, standing alone, does not require the conclusion that his injuries were caused by anyone's negligence.  The extent of Defendants' duty is only to exercise reasonable care under the circumstances to see that the place in which the work is to be performed is reasonably safe.  The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent.  If you find that Defendants provided a reasonably safe place to work at the time Plaintiff allegedly sustained his injuries, then you must return a verdict in favor of Defendants.

**Authority:**   Wilkerson v. McCarthy, 336 U.S. 53, 61, 69 S. Ct. 413 (1949); Conway v. Consolidated Rail Corp., 720 F.2d, 221, 223 (1st Cir. 1983) (the FELA, "unlike workmen's compensation . . . does not make the employer an insurer"); Kaminski v. Chicago River & Indiana R. Co., 200 F.2d, 3 (7th Cir. 1953) (railroad is "not an insurer of plaintiff's safety").  Shenker v. Baltimore & Ohio R.R. Co., 374 U.S. 1, 7, 83 S. Ct. 1667, 1671 (1963); Peyton v. St. Louis Sw. Ry. Co., 962 F.2d 832, 833 (8th Cir. 1992).  Tobin v. National R. Passenger Corp., 677 F.Supp. 674, 675 (D. Mass. 1988).

ACCEPTED _____

REJECTED _____

MODIFIED _____

22

Proposed Jury Instruction No.18

**Breach of Duty – Notice of Defective Condition**

Under the FELA, defendant railroads such as CSXT and Conrail "[are] not liable for failing to provide a safe workplace if they have no reasonable way of knowing that the potential hazard exists."  In a defective condition case, such as this case, a FELA plaintiff such as Mr. Crowther:

> must show by direct or circumstantial evidence that (1) an officer, employee or agent of the railroad was responsible, through negligence, for the presence of the unsafe condition; or (2) at least one of such persons had actual knowledge of its presence before the accident; or (3) the unsafe condition had continued for a sufficient length of time to justify the inference that failure to know about it and remove it was due to want of proper care.

Thus, in order to find Defendants liable under the FELA in the circumstances involved here, Plaintiff must prove that Defendants were negligent either because they:  (a) actually created the defective condition(s)/equipment; (b) had actual knowledge that the allegedly defective condition(s)/equipment was actually used by Plaintiff, or (c) should have known the equipment was defective because, in the exercise of reasonable care, sufficient time had existed for Defendants to have discovered the defect(s) and to have repaired it.  If you do not find one of these factors existed, then you must return a verdict for Defendants.

**Authorities**:  Beeber v. Norfolk S. Corp., 754 F. Supp. 1364, 1368 (N.D. Ind. 1990); see also Peyton v. St. Louis Sw. Ry. Co., 962 F.2d 832 (8th Cir. 1992) (judgment notwithstanding the verdict properly entered in FELA action where defendant-railroad "had no reasonable way of knowing about the hazard that caused the employee's injury"); O'Hara v. Long Island R. Co., 665 F.2d 8, 9 (2d Cir. 1981) (trainman failed to prove unsafe workplace under FELA, as matter of law, where "he furnished no evidence that the Railroad had notice of defect in the tiles" which loosened and thereby caused plaintiff to fall); Perry v. Morgan Guar. Trust Co. of N.Y., 528 F.2d 1378, 1379 (5th Cir. 1976) (decided under comparable

Jones Act standards and reversing judgment which had been erroneously entered in favor of plaintiff, because "there is absolutely no evidence to show how the grease [on stairs] got there, how long it had been there, or that there had been time enough for the ship owner, in the exercise of due care, to have learned of it and corrected the situation"); Kaminski v. Chicago River & Ind. R. Co., 200 F.2d 1 (7th Cir. 1952) ("[b]efore defendant can be charged with negligence in failing to remedy the condition which caused plaintiff's injury, or failed to warn plaintiff of the existence of such a condition, it is necessary to establish that the defendant had actual knowledge of the condition, or, in the exercise of ordinary care, should have known of its existence"); Turner v. Clinchfield R.R. Co., 489 S.W.2d 257 (Tenn. App. 1972) (presence of ice on locomotive steps not actionable in absence of evidence where ice came from or how long it had existed). Brown v. Cedar Rapids & Iowa City Ry. Co., 650 F.2d 159, 161 (8th Cir. 1981). See also Miller v. Cincinnati, New Orleans & Tex. Pac. Ry. Co., 203 F. Supp. 107, 111 (E.D. Tenn. 1962) ("[L]ogic impels one to conclude that so long as liability is predicated upon negligence, as it is under the FELA, no defendant should be held liable for defective equipment of which he neither does nor, in the exercise of reasonable care, should have knowledge.").

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 19

**Use of Hindsight Inappropriate**

You must determine whether Defendants acted reasonably in light of the knowledge that they possessed at the time Plaintiff's injuries occurred.  Defendants may not be held liable on the basis of knowledge they learned after Plaintiff's injuries occurred.  You may not use hindsight, but must instead determine whether Defendants exercised reasonable care in light of the circumstances that then existed and Defendants' knowledge at the time the injury occurred.

**Authority:**     Atlantic C. L. Co. v. Dixon, 189 F.2d 525 (5th Cir. 1951), cert. denied, 342 U.S. 830, 72 S. Ct. 54 (1951).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 20

**FELA Causation**

If you find by a preponderance of the evidence that Plaintiff was an employee of Defendant railroads acting in the course of his duties at the time of his injuries, and that Defendants were negligent, you must then consider whether Defendants' negligence caused Plaintiff's alleged injuries.

.

**Authorities**:   Norfolk S. v. Sorrell, 127 S.Ct. 799, 805-07 (2007); Brady v. S. Ry.Co., 320 U.S. 476, 483-84 (1943); Atchison, T. & S. Ry. Co., 281 U.S. 351, 354 (1930); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R.R. Co., 817 P.2d 672, 674-75 (Mont. 1991).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 21

**FELA Causation**

In order to establish that an injury was caused by Defendants' negligence, Plaintiff must show that (i) the injury resulted "in whole or in part" from Defendants' negligence, and (ii) Defendants' negligence was a proximate cause of the injury.   Plaintiff cannot recover if Defendants' negligence relating to his alleged working conditions between 1976 and 2006 was not the proximate cause of his injuries.

**Authorities**:   45 U.S.C. § 51; Coray v. S. Pac. Co., 335 U.S. 520, 523 (1949); Tennant v. Peoria & Pekin Union Ry. Co. 321 U.S. 29, 32 (1944); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R.R. Co., 817 P.2d 672, 674-75 (Mont. 1991); Davis v. Wolfe, 263 U.S. 239 (1923).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 22

**FELA Causation – "in whole or in part"**

Plaintiff must first show that his injuries resulted "in whole or in part" from Defendants' negligence. The phase "in whole or in part" as used in this instruction means that while Plaintiff need not show that Defendants' negligence was the only cause of his injuries, he must show that Defendants' negligence played at least some part in the cause the injury.

**Authorities**:  Norfolk S. v. Sorrell, 127 S.Ct. 799, 805-07 (2007); Brady v. S. Ry.Co., 320 U.S. 476, 483-84 (1943); Atchison, T. & S. Ry. Co., 281 U.S. 351, 354 (1930); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R. Co., 817 P.2d 672, 674-75 (Mont. 1991); Traylor v. Metro-North Comm. RR., 2002 U.S. Dist. LEXIS 19638; see also Varney v. Norfolk & W. Ry. Co., 899 F. Supp. 280 (S.D.W.V. 1995); Davis v. Wolfe, 263 U.S. 239, 243 (1923).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 23

**FELA Causation**

Accordingly, Defendants are not responsible if any other cause [or group of causes], including Plaintiff's own negligence, [the acts of a third party, or an act of nature] or some other connection was solely responsible for Plaintiff's injuries.

**Authority**:   Toth v. Grand Truck R.R., 306 F.3d 335, 351 (6th Cir. 2002); Walden v. Illinois Ctr. Gulf R.R., 975 F.2d 361, 364 (7th Cir. 1992).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 24

**FELA Causation – Proximate Cause**

If you find that Plaintiff's injuries were caused, at least in part, by the Defendants' negligence, you must then determine whether that negligence was a proximate cause of Plaintiff's injuries.   An injury is proximately caused by the defendant's negligence only if Plaintiff's injury was a natural and probable consequence of the defendant's negligence.

**Authority**:   Tennant v. Peoria & Pekin Union Ry. Co, 321 U.S. 29, 32 (1944); Brad v. S. Ry.Co., 320 U.S. 476, 483-84 (1943);  Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 505-07; Chapman v. Union Pac. R.R., 476 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R.R. Co., 817 P.2d 672, 674-75 (Mont. 1991).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 25

**FELA Causation**

If Defendants' negligence merely created an incidental condition or situation in which something else directly brought about Plaintiff's injuries, Defendants' negligence is not a proximate cause of the injury.

**Authority**:   Davis v. Wolfe, 263 U.S. 239, 243 (1923); Green v. River Terminal Ry., 763 F.2d 805, 810 (6th Cir. 1985); Kelson v. Central of Ga. R.R., 505 S.E. 2d 803, 811 (Ga. Ct. App. 1998).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 26

**FELA Causation**

Let me give you a real case example of what I mean. Suppose that the railroad was negligent in allowing a slippery substance to escape form one of its cars onto the ground around the railroad tracks.  If a worker were to slip on that substance in the course of performing his duties, the railroad's negligence would be a proximate cause of any injury he sustained.  But if, in order to avoid standing on the substance, the worker decided to ride on the side of the train, and then decided to move to the end of the train while it was coupling with another train, and there he was injured, the railroad's negligence in allowing the substance to escape from its car and remain on the ground would be only an incidental cause, not a proximate cause, of the worker's injuries.

**Authority**:   Davis v. Wolfe, 263 U.S. 239, 243 (1923); Green v. River Terminal Ry., 763 F.2d 805, 810 (6th Cir. 1985); Kelson v. Central of Ga. R.R., 505 S.E. 2d 803, 811 (Ga. Ct. App. 1998).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 27

**Causation – Burden of Proof**

The burden is on Plaintiff to prove by a preponderance of the evidence that the injuries from which he complains were proximately caused by his alleged incident. Plaintiff bears the burden of proof on this issue and he must prove causation by a fair preponderance of the evidence. You are not permitted to speculate regarding the cause of Plaintiff's injuries. Thus, if Plaintiff fails to prove that his injuries resulted from Defendants' negligence with respect to his working conditions and/or job duties, he is not entitled to recover damages in this action.

**Authorities**: Kuberski v. New York Cent. R.R., 359 F.2d 90 (1966); Dollens v. Public Belt R. R. Comm'n, 333 F. Supp. 72 (1971); Rose v. Atlantic Coast Line R.R., 277 F. Supp. 913, aff'd, 403 F.2d 204; see also Robert v. Consolidated R. Corp., 832 F.2d at 5-6 (to be recoverable under FELA, injury must be "result of the negligence of [railroads'] employers or their fellow employees"); Chesapeake & Ohio Ry. v. Carnahan, 241 U.S. 241, 244 (1916) (plaintiff must prove that employer's negligence was actual and proximate cause of his injuries); Buell v. Atchison, Topeka & Santa Fe Ry., 771 F.2d 1320, 1322 (9th Cir.), aff'd and vacated on other grounds, 480 U.S. 557 (1987).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 28

**Burden to Prove Medical Causation**

Plaintiff must prove by a preponderance of the evidence that his conditions were proximately caused by Defendants' negligence.  Defendants are not to be held responsible for any ailments from which Plaintiff may suffer which resulted from any cause other than those related to the alleged accident.

Any physical disability or illness which you find to be attributable to either a prior, unrelated or subsequent illness or accident and/or which is otherwise not a direct result of the allegations in Plaintiff's Complaint is not part of this action and should not be considered by you. You may not speculate or guess about this issue.  It is not sufficient for Plaintiff to show that his condition, injury and/or disability could or might have been caused by the alleged accident.

**Authorities:**    Chesapeake & O. R. Co. v. Carnahan, 241 U.S. 241, 244, 36 S.Ct. 594 (1916); Bowles v. Zimmer Mfg. Co., 277 F.2d 868 (7th Cir. 1960); Moody v. Maine C. R. Co., 823 F.2d 693, 695 (1st Cir. 1987); Williams v. Southern Pacific Transp. Co., 813 F. Supp. 1227, 1229-1231 (S.D. Miss. 1992).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 29

**Medical Expertise Required**

Issues of causation, for example, (1) whether Plaintiff's arthritic conditions are causally related to his workplace activities; (2) whether Defendants' tools, equipment and/or workplace were defective; and (3) whether Defendants' tools, equipment and/or workplace caused Plaintiff to develop his arthritic conditions, all represent subjects requiring specialized knowledge and expertise.  Jurors may not speculate or guess about these or any other causation issues based upon their own common, lay understanding, but rather must rely on scientific or medical evidence provided by professionals and experts.  You cannot draw an inference of causation in the absence of the requisite expert testimony.

**Authorities:**   Moody v. Maine C.R. Co., 823 F.2d 693 (1st Cir. 1987); Maylew v. Bell S.S. Co., 917 F.2d 961, 963 (6th Cir. 1990); Williams v. Southern Pac. Transp. Co., 813 F. Supp. 1227, 1229-31 (S.D. Miss. 1992).

ACCEPTED _____

REJECTED _____

MODIFIED _____

35

Defendants' Proposed Instruction No. 30

**Foreseeability**

You have previously been instructed on the nature of this case.  Plaintiff alleges that Defendants' acted negligently and that Defendants' negligence caused his injuries.   In order for Plaintiff to recover, he must prove by a preponderance of the evidence:  (1) that Defendants acted in a negligent manner; (2) that Defendants' negligence caused, in whole or in part, Plaintiff's injuries; (3) that Plaintiff's injuries resulted directly from Defendants' lack of reasonable and ordinary care; and (4) that Plaintiff has suffered an actual loss as a result of his injuries.

In addition, the FELA requires Plaintiff to show that there was a "reasonable foreseeability of harm."  Defendants' duties are determined by what was reasonably foreseeable under the circumstances or reasonably should have been anticipated.  If you find that Defendants, through their officers, agents or employees, using ordinary care, could not have reasonably foreseen the possibility of harm to Plaintiff, you must find for Defendants.

**Authorities:**   Peyton v. St. Louis Sw, Ry., 962 F.2d 832 (8th Cir. 1992); Davis v. Burlington N., Inc., 541 F.2d 182 (8th Cir. 1976); Hines v. Conrail, 926 F.2d 262 (3d Cir. 1991); Robert v. Consolidated R. Corp., 832 F.2d 3 (1st Cir. 1991); Gonet v. Chicago & Nw. Transp. Co., 195 Ill. App. 3d 766, 552 N.E. 2d 1224, (Ill. App. Ct. 1990); Turner v. Norfolk & W. R. Co., 785 S.W.2d 569 (MO. Ct. App. 1990); Gallick v. Baltimore O. R. Co., 372 U.S. 108, 83 S. Ct. 659 (1963).

ACCEPTED _____

REJECTED _____

MODIFIED _____

36

Defendants' Proposed Instruction No. 31

**<u>Plaintiff's Duty to Use Care</u>**

Under the law, all persons are bound to take ordinary and reasonable care for their own safety and are required to use that degree of care and prudence which people of ordinary intelligence and prudence would exercise under the same or similar circumstances.  A person must make a reasonable use of his or her own faculties and use due care to observe and to avoid dangers or hazards which may allegedly exist upon the equipment he or she is using and the workplace in which he or she is working.

**<u>Authorities</u>**:   <u>Allen v. Chance Mfg. Co.</u>, 873 F.2d 465, 473 (1st Cir. 1989); <u>Holdan v. Ohio Barge Line</u>, 611 F.2d 71 (5th Cir. 1980); <u>Beimert v. Burlington N., Inc.</u>, 726 F.2d 412 (8th Cir. 1984).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 32

## **Comparative Negligence**

If you, the jury, have determined that Defendants were negligent and that their negligence was a proximate cause of an injury to Plaintiff, you must then consider the effect of Plaintiff's conduct.

Under the doctrine of comparative negligence, a plaintiff whose own negligence contributes to cause his own injury is not absolutely barred from any recovery from the defendant unless his own negligence exceeds the negligence of the defendant. However, the amount of damages allowed to that plaintiff is diminished in proportion to the amount of negligence attributable to him.

The negligence of Plaintiff is to be compared to the total negligence of all persons against whom recovery is sought, and the combined total of Plaintiff's negligence, together with the negligence of the defendant, must equal one hundred percent. For purposes of the application of the comparative negligence doctrine, the amount of negligence of each party is expressed as a percentage, with the total amount of all negligence contributing to cause the injury being, of course, one hundred percent.

<u>Defendants' Proposed Jury Instruction No. 32 (continued)</u>

## **Comparative Negligence**

In applying the doctrine of comparative negligence**,** Defendants have the burden of proving by a fair preponderance of evidence that Plaintiff was himself negligent, that his negligence was also a proximate cause of his injury, and the amount of negligence attributable to Plaintiff.

**<u>Authorities</u>**:   Massachusetts Jury Instructions – Civil § 3.3.

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 33

**Violation of a Safety Rule or Practice – Evidence of Negligence**

You may consider Plaintiff's violation of Defendants' respective Safety Rules, Defendants' respective Operating Rules, Federal Regulations and/or standard railroad practices as evidence of Plaintiff's own negligence.

**Authority**:     Atchison T.& S. Ry. Co. v. Ballard, 108 F.2d 768 (5th Cir. 1940); Teets v. Chicago, Southshore & Southbend R.R., 238 F.2d 223 (7th Cir. 1956).

ACCEPTED _____

REJECTED _____

MODIFIED _____

40

Defendants' Proposed Jury Instruction No. 34

**Damages – Generally**

If you find Defendants negligent, Plaintiff is entitled to recover an award of damages that will place him in the position he was immediately before Defendants' alleged negligent act or omission.  In other words, Plaintiff is to be compensated for all past, present, and future harm caused by Defendants' negligence**.**

The elements that make up the damages Plaintiff may recover include the following:  the reasonable value of necessary medical care incurred by Plaintiff in the past minus those expenses paid for by the railroad insurance carrier; the reasonable value of necessary medical care to be incurred by Plaintiff in the future; fair compensation for the diminution in Plaintiff's earning power, that is, the loss of his capacity to work and earn a living minus the amount Plaintiff would have paid in taxes and other work-related expense; and general damages consisting of fair compensation for Plaintiff's pain and suffering and his reasonably probable future pain and suffering.

**Authorities**:   Massachusetts Jury Instructions – Civil § 19.9.

ACCEPTED _____

REJECTED _____

MODIFIED _____

41

Defendants' Proposed Instruction No. 35

**Proximate Cause – Comparative Negligence**

If you find that Plaintiff was negligent, you must next determine whether Plaintiff's negligence caused his injury in whole or in part.  You need not find that Plaintiff's negligence was the sole cause, but you must find that it was a proximate cause of his injury.  In order to find that it was a proximate cause, you must find that the injury was the natural and probable consequence of Plaintiff's negligence and that Plaintiff's negligence caused, in whole or in part, his injury.  You may not find that Plaintiff's negligence was a proximate cause if it merely created an incidental condition or situation in which an accident, otherwise caused, resulted in his injury.

<u>**Authorities**</u>:   Norfolk S. v. Sorrell, 127 S.Ct. 799, 805-07 (2007); Brady v. S. Ry. Co., 320 U.S. 476, 483-84 (1943); Atchison, T. & S. Ry. Co., 281 U.S. 351, 354 (1930); Chapman v. Union Pac. R.R., 467 N.W.2d 388, 395 (Neb. 1991); Marazzato v. Burlington N. R.R. Co., 817 P.2d 672, 674-75 (Mont. 1991).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 36

**Effect of Plaintiff's Negligence**

Defendants bear the burden of proving that Plaintiff was negligent.  If you find that Plaintiff was negligent, and that his negligence proximately caused his injuries, then you must assign a percentage of fault to him.  If Plaintiff himself was negligent and such negligence was the sole cause of his injuries, then you must find for Defendants.  With respect to his FELA negligence claim, Plaintiff's recovery will be reduced by his percentage of negligence.

**Authorities**:   Carter v. Atlanta & S.A.B.R. Co., 338 U.S. 430, 435, 70 S. Ct. 226 (1949); Hlodan v. Ohio Barge Line, 611 F.2d 71 (5th Cir. 1980); Beimert v. Burlington N., Inc., 726 F.2d 412 (8th Cir. 1984).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 37

**Damages – Must Be Reasonable**

If you find for Plaintiff, the damages you award must be reasonable.  You may award only that amount of damages as will reasonably compensate Plaintiff for his injury.   In this regard, Plaintiff has the burden of proving, by a preponderance of the evidence, that the damages which he alleges or claims were sustained as a direct result of Defendants' conduct.

**Authority:**     Nolan and Sartorio, Tort Law § 240 at 405 (2d ed. 1989).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 38

**Damages – Speculation Impermissible**

Any damages for which Plaintiff seeks recovery in this action must be proven and not left to guess work or speculation.  You are not permitted to award Plaintiff speculative damages, that is, compensation for a loss or harm which, although possible, is conjectural or not reasonably certain.

**Authorities**:   Rouse v. Chicago, Rock Island & Pac. R. Co., 474 F.2d 1180 (8th Cir. 1973); Goldstein v. Kelleher, 728 F.2d 32, 38 (1st Cir. 1984); Dillingham v. Hall, 365 S.E.2d 738 (Va. 1988); 3 Devitt and Blackmar, Federal Jury Practice and Instructions § 85.14 at 338 (4th ed. 1987).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 39

**Damages – No Inference from Instructions**

Simply because I am instructing you on the law of damages is not relevant and should create no inference whether or not you, the jury, should actually award damages in this case. If you decide to award damages in this case, Plaintiff is entitled to that sum of money which will reasonably reimburse him for the cost of the injuries he has suffered as a result of Defendants' negligence. In this regard, Plaintiff bears the burden of proving that each and every injury or incapacity which he alleges in this case was causally related to Defendants' conduct.

**Authority:**     3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §85.01 at 312 (4th ed. 1987).

ACCEPTED _____

REJECTED _____

MODIFIED _____

<u>Defendants' Proposed Jury Instruction No. 40</u>

**<u>Damages – Comparative Negligence</u>**

If you decide that it is more probable than not that Plaintiff was also negligent and that his negligence was also a contributing cause of his damages, you must then decide what percentage of the damages were caused by the Defendants' negligence**,** and what percentage of the damages was caused by Plaintiff's own negligence.

**<u>Authorities</u>**:   Massachusetts Jury Instructions - Civil § 19.10; <u>see also</u> <u>Kettinger v. Black & Decker Mfg. Co,</u> 13 Mass App. Ct. 993, 994-95 (1982).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 41

**Damages – Pain and Suffering**

There is no specific formula for determining Plaintiff's damages for physical and mental pain and suffering already suffered, and for any pain and suffering that you find Plaintiff is reasonably certain to suffer in the future as a result of the injury caused by defendants' negligence.  The damages that you, the jury, decide to award for pain and suffering should constitute what you believe to be a reasonable compensation under the facts of this case. In determining this amount, you are to be guided by your own experience and sense of fairness. You may consider the intensity and the length of Plaintiff's suffering, the nature of the injury, the injured person's age and health, and his inability to lead a normal life.  If you decide that the injury is permanent and the suffering will continue, you may also consider the probable life expectancy Plaintiff may have, in determining the extent to which Plaintiff may or may not have been damaged or injured.

**Authorities**:   Massachusetts Jury Instructions - Civil § 19.12(a).

ACCEPTED _____

REJECTED _____

MODIFIED _____

48

Defendants' Proposed Jury Instruction No. 42

**Damages –  Lost Earning Capacity**

In determining Plaintiff's damages, you may consider any evidence that has been introduced tending to show that Plaintiff's ability to earn money in the future has been impaired or diminished.  You must consider only the diminution of Plaintiff's earning capacity and not that of some standard or normal man in the same position. In determining Plaintiff's award for future damages, you must reduce such award to its present value.  There is no formula on which you can rely in arriving at an amount that reflects the present value of this element of damage. The assessment of damages for such impairment rests largely upon the common knowledge of the jury.  You may consider the following in reaching this amount: any evidence of earnings before and after the injury; any evidence of occupational education, capacity, duties, and experience; and evidence of opportunity for employment and earnings lost because of the disability.

**Authorities**:   Massachusetts Jury Instructions - Civil § 19.12(c); see also Mitchell v. Walton Lunch Co., 305 Mass. 76, 78, 25 N.E.2d 151, 153 (1940) (amount of wages the plaintiff received for his or her services before injury is relevant evidence of value of plaintiff's capacity to earn).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Jury Instruction No. 43

**Damages –  Plaintiff's Duty to Mitigate**

A plaintiff who is injured has an obligation to take reasonable steps to minimize his damages.  If you find that Defendants have proven that Plaintiff could have taken such steps and that he did not do so, you must reduce any award of damages by the amount that could have been avoided.

**Authorities**:   Massachusetts Jury Instructions - Civil § 19.5.

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 44

**Computing Damages**

If you find Defendants negligent, you may award damages only for the following four areas:

1.  Plaintiff's necessary medical expenses directly flowing from Defendants' conduct. You may not award compensation for those medical bills that have already been paid by the railroad insurance carrier. Plaintiff is only entitled to recover damages for those actual out-of-pocket expenses not paid by the railroad's insurance carrier. Thus, you may not consider as a part of damages to be assessed against Defendants those medical bills previously paid by Defendants' insurance carrier;

2.  The present value of Plaintiff's lost earnings from his last day of employment to today minus the amount Plaintiff would have paid in taxes and also minus any work-related expenses Plaintiff avoided by not having worked;

3.  An amount to compensate Plaintiff for pain and suffering which resulted from Defendants' conduct during the same period; and

4.  An amount to compensate Plaintiff for the medical expenses, loss of earnings, and discomfort, pain and suffering which are reasonably certain to occur in the future.

No allowance may be made for future damages unless you find from the evidence that it is reasonably certain that Plaintiff will sustain such future damage. Any allowance awarded should be made only for such period of time as it appears to be reasonably certain that any such injury will continue to exist.

**Authorities**:   Muzzelman v. National R. Passenger Corp., 839 F. Supp. 1094 (D. Del. 1993); Lyons v. Southern Pac. Transp., 684 F. Supp. 909 (W.D. La. 1988); Nelson v. Penn Cent. R. Co., 415 F. Supp. 225 (N.D. Ohio 1976).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 45

**Unrelated Medical Conditions/Injuries**

If you find from the evidence that at the moment he was allegedly injured, Plaintiff suffered from another pre-existing medical condition or he has since developed an unrelated medical condition, Plaintiff is not entitled to damages resulting from these unrelated and/or pre-existing medical conditions.  Instead, he may only recover such damages resulting from the injuries which are the subject of this lawsuit, if you find that the incident was proximately caused by some act of negligence on the part of Defendants.

If you find that Plaintiff's other condition and/or treatment is causing and/or caused Plaintiff's alleged injuries, then you cannot award him any damages which can be attributed to this condition and its treatment.

**Authorities**:   Stevens v. Bangor & Aroostook R. Co., 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National R. Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Sauer v. Burlington N. Co., 106 F.3d 1490, 1495 (10th Cir. 1996); Akers v. Norfolk & W. Ry. Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington & Quincy R.R. Co., 255 F. Supp. 879, 886 (S.D. Iowa 1966).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 46

**Aggravation of Injuries**

If you find that Plaintiff had a pre-existing or other medical condition or injury prior to or which has developed since the alleged incident, you should not consider any pecuniary loss caused by the unrelated condition which would have resulted independently of the injury Plaintiff alleges was caused by his working condition or the incident on September 8, 2005.  You should also not consider any medical or hospital expenses or loss of earning capacity incurred by reason of the unrelated condition which would have occurred independently of the alleged incident.  If Plaintiff's working conditions aggravated Plaintiff's pre-existing health condition, Defendants are liable only for the additional increment caused by the working condition and not for the pain and impairment that Plaintiff would have suffered even if Plaintiff's work-related injury had never occurred.

**Authorities**:   Stevens v. Bangor & Aroostook R.R. Co., 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Holladay v. Chicago, Burlington & Quincy R.R. Co., 255 F. Supp. 879, 886 (S.D. Iowa 1966); Akers v. Norfolk & W. Ry. Co., 417 F.2d 632 (4th Cir. 1969).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 47

## **Aggravation of Injuries**

Plaintiff has the burden of proving to a reasonable degree of certainty that any alleged future disability of which he complains is a result of an aggravation of injuries caused by Defendants' conduct, rather than the result of the natural development of a pre-existing condition.   Although Defendants may be held liable for their conduct which causes an aggravation of a pre-existing condition, it cannot be held liable for the pre-existing condition itself.

**Authorities**:   Stevens v. Bangor & Aroostook R.R. Co., 97 F.3d 594, 601-602 (1st Cir. 1996); Varhol v. National R.R. Passenger Corp., 909 F.2d 1557, 1564-1565 (7th Cir. 1990); Akers v. Norfolk & W. Ry. Co., 417 F.2d 632 (4th Cir. 1969); Holladay v. Chicago, Burlington & Quincy R.R. Co., 255 F.Supp. 879, 886 (S.D. Iowa 1966).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 48

**Apportionment**

If you find that Plaintiff's injury was due in part to a pre-existing or otherwise unrelated medical condition and in part to Defendants' aggravation of the pre-existing condition, you must determine how much of Plaintiff's injuries are due to his pre-existing or unrelated condition and how much of his present injuries are a result of Defendants' aggravation of his pre-existing or unrelated condition.  Defendants can only be held responsible for that portion of Plaintiff's present injury that is the result of Defendants' aggravation of his pre-existing condition.

**Authorities:**  Akers v. Norfolk W. R.R. Co., 417 F.2d 632 (4th Cir. 1969); Martin v. Johns-Manville Corp., 502 A.2d 1264 (Pa. 1985); Greenfield v. Consolidated R. Corp., 150 Ill. App. 3d 331, 500 N.E.2d 1083 (Ill. App. Ct. 1986); Dale v. Baltimore & O. R. Co., 50 Pa. 96, 552 A.2d 1037, 1041 (Pa. 1989).

ACCEPTED _____

REJECTED _____

MODIFIED_____

Defendants' Proposed Instruction No. 49

**Plaintiff not entitled to recover medial expenses**

Plaintiff is not entitled to recover damages for medical expenses covered by Plaintiff's insurance policy, the premiums for which were paid by Defendants.

**Authority:**     Nelson v. Penn Cent. R.R. Co., 415 F. Supp. 225 (1976).

ACCEPTED _____

REJECTED _____

MODIFIED_____

Defendants' Proposed Instruction No. 50

## **Reduction of Future Damages to Present Value**

Any award for future loss of earnings must be reduced to their present cash value.  An adequate allowance may be made for the earning power of money.  Future earnings should be calculated only for the length of time Plaintiff would have remained employed had he not been injured.

**Authorities**:   St. Louis S. R.R. Co. v. Dickerson, 470 U.S. 409, 105 S. Ct. 1347 (1985); Monessen S. R.R. Co. v. Morgan, 486 U.S. 330, 108 S. Ct. 1837 (1988); Chesapeake & O. R. Co. v. Kelly, 241 U.S. 485, 36 S. Ct. 630 (1916); Howard v. Chesapeake & O. R. Co., 812 F.2d 282 (6th Cir. 1987); Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 103 S. Ct. 254 (1983); Aldridge v. Baltimore & O. R. Co., 789 F.2d 1061 (4th Cir. 1986); Gorniak v. National R.R. Passenger Corp., 889 F.2d 481 (3rd  Cir. 1989); McCary v. Illinois Cent. R. Co., 12 Ill. App. 2d 425, 139 N.E.2d 817 (1957); Thompson v. Camp, 163 F.2d 396 (6th Cir. 1947).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 51

**Wage Loss – Unrelated Medical Conditions**

Under FELA, the measure of a plaintiff's lost wages is the difference between what he proves he was likely able to earn had he not sustained his alleged injury.  A plaintiff may allege that he was unable to work past a certain point due to his injuries; however, he must also prove how much he would have earned "but for" his injuries.  If he would not or could not return to work for some reason unrelated to his alleged injury, then his wage loss claim is cut off.  That other reason may be an unrelated medical condition such as a rotator cuff tear.

If you find that Plaintiff, Geoffrey Crowther, is unable to work due to physical restrictions and/or limitations resulting from any condition unrelated to the injury proximately caused by Defendants' negligence, which disables him for the same timeframe which he seeks lost wage damages, you must not award him damages for lost wages.

**Authorities:**   E.G. Trejo v. Denver & Rio Grande W. R.R. Co., 568 F.2d 181 (10th Cir. 1977); Sinclair v. Long Island R.R., 985 F.2d 74 (2nd Cir. 1993); Parra v.  The Atchison & Santa Fe Ry. Co., 787 F.2d 507 (10th Cir. 1986); Harris v. Illinois Cent. R.R. Co., 58 F.3d 1140 (6th Cir. 1995).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 52

**Punitive Damages**

If you reach a verdict in favor of Plaintiff, the monetary award must be reasonable.  You may not enlarge the amount so that it constitutes a gift or a windfall to Plaintiff or a punishment or penalty to the defendant.  Under the FELA, the law applicable to this case, the sole purpose of an award of damages is to provide Plaintiff with a reasonable amount of money to compensate him for his injury; damages are not permitted for the purpose of punishing Defendants.

**Authorities:**   Monessen S. R. Co. v. Morgan, 486 U.S. 330, 108 S. Ct. 1837 (1988); Miles v. Apex Marine Corp., 498 U.S. 19, 111 S. Ct. 317 (1990); Kozar v. Chesapeake & O. R. Co., 449 F.2d 1238 (6th Cir. 1971).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 53

**Legal Fees**

In the event that you find for Plaintiff, the law forbids you from awarding Plaintiff any amount to compensate him for his attorney fees and costs.  Nor may you include Plaintiff's attorney fees or legal costs when deliberating on an award amount.

**Authorities:**  Monessen S. R. Co. v. Morgan, 486 U.S. 330, 108 S. Ct. 1837 (1988); Miles v. Apex Marine Corp., 498 U.S. 19, 111 S.Ct. 317 (1990); Kozar v. Chesapeake & O. R. Co., 449 F.2d 1238 (6th  Cir. 1971).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 54

**Malingering – Receipt of Disability Benefits**

You may consider Plaintiff's receipt of disability benefits as evidence of his malingering (i.e., feigning physical disability to avoid work and to continue receiving disability payments) or his lack of motivation to return to work and on the issue of Plaintiff's credibility.  However, you are not to consider such evidence only on these issues; any such evidence or references to collateral sources of income are not to reduce any compensation the Plaintiff may receive here or to increase it, but only on the issue of his motivation to go back to work.  "Collateral" sources of income are only those which Plaintiff has received from sources other than Defendants.  For instance, wage continuation paid to Plaintiff is not a collateral source.

**Authorities:**   McGrath v. Consolidated Rail Corp., 136 F.3d 838 (1st Cir. 1998); see also Santa Maria v. Metro-North Commuter R.R., 81 F.3d 265, 273 (2d Cir. 1996) (holding collateral source evidence admissible if plaintiff puts financial status at issue); Moses v. Union Pac. R.R., 64 F.3d 413, 416 (8th Cir. 1995) (allowing collateral source evidence where the plaintiff's case itself has made the existence of such evidence of probative value); DeMedeiros v. Koehring Co., 709 F.2d 734, 739-41 (1st Cir. 1983); Simmons v. Hoegh Lines, 784 F.2d 1234, 1236 (5th Cir. 1986) (finding collateral source evidence admissible for limited purpose of proving another matter if little likelihood of prejudice and no strong potential for improper use, and a careful qualifying jury instruction is given); Corsetti v. Stone Co., 396 Mass. 1, 16-21 (1985) (collateral source evidence admissible where plaintiff has affirmatively pled poverty).

ACCEPTED _____

REJECTED _____

MODIFIED _____

Defendants' Proposed Instruction No. 55

**Entitlement to Damages**

The fact that I have instructed you concerning the subject of damages should in no way be interpreted by you as implying that I believe Plaintiff is, or is not, entitled to damages.  You are solely responsible for deciding the defendant's liability for damages as you apply the law incorporated in these instructions to the facts and evidence presented at trial.

Damages cannot be recovered unless the evidence affords a sufficient basis for estimating them with reasonable certainty.  Damages which are uncertain, contingent or speculative are not recoverable.

**Authorities:**   Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35, 43 (E.D. Pa. 1969), aff'd in part and rev'd in part, 430 F.2d 325 (3d Cir. 1970), cert. denied, 401 U.S. 974, 91 S. Ct. 1191 (1971); Weinglasse v. Gibson, 304 Pa. 203, 15 A. 439 (1931).

ACCEPTED _____

REJECTED _____

MODIFIED _____

<u>**CERTIFICATE OF SERVICE**</u>

I, Heather M. Gamache, attorney for Defendants CSX Transportation, Inc. and Consolidated Rail Corporation hereby certify that I have served true and correct copies of the foregoing upon all counsel of record electronically via *CM/ECF* this 19th day of November, 2010.

/s/ Heather M. Gamache_____
Heather M. Gamache, Esq.