UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>          Plaintiff,<br>     v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>          Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>          Plaintiff,<br>     v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE COURT'S OCTOBER 5, 2010 ORDER**

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corporation ("Conrail") (hereinafter referred to collectively as "Defendants"), hereby submit the following Response in Opposition to Plaintiff's Motion for Reconsideration of the Court's October 5, 2010 Order. In support thereof Defendants aver as follows:

**I.     FACTUAL BACKGROUND:**

This Court is well-aware of the facts of this case and as such Defendants will not reiterate them in their entirety here. Briefly, on September 21, 2007, Plaintiff filed suit in the Philadelphia Court of Common Pleas alleging that Defendants' negligence "caused" Plaintiff's bilateral knee, neck, left thumb and left elbow arthritis. (See Pl.'s Compl. dated Sep. 21, 2007, a copy of which is attached as Exhibit A.) Plaintiff admittedly did not file a claim alleging that Defendants' negligence aggravated Plaintiff's arthritic conditions. (Id.) On January 9, 2008,

Plaintiff filed an amended complaint in his state court action. Plaintiff's amended complaint again alleged that Defendants' negligence "caused" his bilateral knee, neck, left thumb and left elbow arthritis. (See Pl.'s Am. Compl. dated Jan. 9, 2008, a copy of which is attached as Exhibit B.) Plaintiff did not, however, amend his original complaint to include claims that Defendants' negligence aggravated Plaintiff's arthritic conditions. (Id.)

Thereafter, throughout 2008 and early 2009, Plaintiff's case was nearly fully-litigated in the Philadelphia Court of Common Pleas. Indeed, Defendants deposed Plaintiff; the parties disclosed the identities of their expert witnesses and provided written reports; Defendants deposed Plaintiff's experts; and Defendants filed their motion for summary judgment. Plaintiff did not, however, seek leave to file a second amended complaint at any time. On February 3, 2009, the state court granted Defendants' motion to dismiss and entered judgment pursuant to Rule 203 of the Pennsylvania Rules of Civil Procedure. (See Order dated February 3, 2009, a copy of which is attached as Exhibit C.) Plaintiff's action had been pending for seventeen (17) months.

On March 5, 2009, Plaintiff filed this action in the United States District Court for the District of Massachusetts. His Complaint includes a new claim, that is, that Defendants' negligence aggravated Plaintiff's arthritic conditions. (Doc. No. 1.)

Plaintiff now seeks reconsideration of the Court's Order granting Defendants' Motion for Summary Judgment on Plaintiff's aggravation of his neck arthritis claim apparently on the grounds that Court mistakenly applied March 5, 2009 as the operative date of filing rather than September 21, 2007. Plaintiff provides no legal basis whatsoever for the Court to reconsider its Order nor does he offer any legal grounds for the Court to relate his new claims back to the date he filed his state court action.

2

## II.     DISCUSSION OF LAW:

**A.     Motion for Reconsideration Standard**

The Court may consider a motion for reconsideration under Rule 60(b) of the Fed. R. Civ. P., which states in pertinent part "[o]n motion and just terms, the court may relieve a party or its legal representatives from a . . . order . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (6) any other reason that justifies relief. Fed. R. Civ. P. Rule 60(b). To prevail, the moving party must either present previously unavailable evidence or show that a manifest error of law was committed. Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).

**B.     This Court Should Deny Plaintiff's Motion for Reconsideration Because The "Relation Back" Doctrine is Inapplicable Here**

Plaintiff argues that this case is merely a continuation of Plaintiff's state court action and that his new claims should "relate back" to the date of he filed his state court action. Plaintiff's argument is unavailing.

### 1.     Plaintiff's Aggravation Claims are New Claims

Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), specifically applies to "an amendment to a pleading[.]" See Fed. R. Civ. P. Rule 15. Importantly, Plaintiff's aggravation claims are not "amended" claims pursuant to Rule 15. Instead, Plaintiff's claims that Defendants' negligence aggravated his bilateral knee, neck, left elbow and left thumb arthritis are entirely new. Plaintiff did not assert these claims in his state court action, but rather initiated them in a new complaint in a new jurisdiction. (Ex. A; Ex. B.) As such, "relation back" is not applicable to Plaintiff's aggravation claims.

## 2. The February 3, 2009 Order Specifically Applied to Plaintiff's Claims That Were Actually Pending Before The State Court at The Time of Dismissal

Plaintiff's reliance on the February 3, 2009 order, in support of his argument for reconsideration, is wholly misplaced. The February 3, 2009 order states in part, "and *the action is DISMISSED* without prejudice to re-file in Massachusetts . . . [i]f Massachusetts proves to be an unavailable forum, Plaintiff may petition to strike this order." (Ex. C.) (Emphasis added.) Clearly, the February 3, 2009 order only applies to the claims that were *actually pending* before the state court. If the state court intended for its order to include any and all additional claims Plaintiff *may* seek to bring in the future, the state court would have included such language in its order. It did not. As such, the February 3, 2009 order has no bearing whatsoever on new claims Plaintiff initiated after his state court action was dismissed. Thus, contrary to Plaintiff's argument, the state court's dismissal of Plaintiff's action, and his subsequent refiling in federal court, did not substantively impact Plaintiff's claims that were pending in state court. Accordingly, Massachusetts is, and has been, an available forum for Plaintiff's case.

## 3. The Right to Amend is Not Automatic

Plaintiff also apparently argues that the state court dismissed his action before he could make a motion to amend his complaint to include aggravation claims. Plaintiff's argument is unpersuasive. First, as noted, prior to dismissal Plaintiff had already amended his complaint once, but failed to add any aggravation claims. More importantly, his case had been pending in state court for seventeen months and had been nearly fully litigated upon dismissal. Indeed, trial was scheduled to commence only two months later in April 2009. If Plaintiff intended to amend his complaint a second time to include new claims certainly he would have done so prior to February 2009.

Second, even if Plaintiff sought leave to amend his complaint, which he did not, there is absolutely no guarantee that the state court would have granted his request. A plaintiff does not have an unfettered right to amend. Indeed, although courts generally liberally allow motions to amend complaints, the right to amend is not automatic. Foman v. Davis, 371 U.S. 178 (1962). In reaching a decision whether to grant a motion to amend, a court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" Id. at 182. Thus, Plaintiff would have had to overcome the hurdle of persuading the state court that amendment was proper and warranted.

Here, Plaintiff's hurdles are even greater. Plaintiff is essentially asking this Court: (1) to assume that, merely two months before trial and after Defendants had already filed their summary judgment motion, he actually intended to file a motion for leave to file an amended complaint to assert aggravation claims; and (2) to assume that the state court would have ruled in his favor and allowed him to amend his complaint for the second time. Plaintiff, however, has presented insufficient facts to support these assumptions. Even if Plaintiff had presented sufficient facts in support of these assumptions, which he has not, Plaintiff has failed to present any legal basis for his request. As such, this Court should deny Plaintiff's Motion for Reconsideration.

### III.   CONCLUSION:

Based on the foregoing, Defendants respectfully request that this Honorable Court DENY Plaintiff's Motion for Reconsideration.

        Respectfully submitted,
        Defendants, CSX Transportation, Inc., and
        Consolidated Rail Corporation,
        By their attorneys,

        /s/ Heather M. Gamache_____
        Michael B. Flynn, Esq., BBO# 559023
        mbflynn@flynnwirkus.com
        Lori A. Wirkus, Esq., BBO # 635525
        lawirkus@flynnwirkus.com
        Heather M. Gamache, BBO# 671898
        hgamache@flynnwirkus.com
        Flynn & Wirkus, P.C.
        400 Crown Colony Drive, Suite 200
        Quincy, MA 02169
        (617) 773-5500

DATED: November 22, 2010

G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Pleadings\PDF\Motion for Summary Judgment\Pltf's Resp to Dft Mtn for Recon\Response to Mot. for Recon. 11.16.10

## **CERTIFICATE OF SERVICE**

I, Heather M. Gamache, attorney for Defendants CSX Transportation, Inc. and Consolidated Rail Corporation hereby certify that I have served true and correct copies of the foregoing upon all counsel of record electronically via *CM/ECF* this 22nd day of November, 2010.

/s/ Heather M. Gamache____
Heather M. Gamache, Esq.