IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GEOFFREY CROWTHER  :  Civil Action No. 09-10334-MAP and
          :       09-11467-MAP
    Plaintiff   :
          :
v.          :
          :
CSX TRANSPORTATION, INC. :  ORAL ARGUMENT REQUESTED
and         :
CONSOLIDATED RAIL CORP. :
          :
    Defendants :
_____

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE MICHAEL D. SHINNICK

   COMES NOW the Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J.

Joyce, III, and Michael J. McDevitt, and hereby responds in Opposition to Defendants' Motion in

Limine to Preclude Michael D. Shinnick (Document 65), as follows:

I.  BACKGROUND:

   This is an occupational injury action brought pursuant to an Act of Congress known as

the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq.  Plaintiff, Geoffrey

Crowther, is presently age 59.  Geoffrey Crowther worked as a track laborer, track welder, track

foreman, and track inspector (Trackman) for the railroad from 1975 through December 2006,

when he became disabled (at age 55).  As a Trackman, Geoffrey Crowther 's work tasks required

an extreme amount of heavy repetitive work, utilizing certain track tools and equipment such as

torches, electric and gas welding equipment, grinders, chipping guns, track chisels, sledge

hammers, claw bars, spiking mauls, needle guns, air impact hammers and saws.  He was also

required to lift and carry heavy objects, and was exposed to excessive and harmful vibration.

Geoffrey Crowther's job duties further required prolonged use of his arms in awkward and extended positions, and working in poor ground conditions and walking on improper and poorly maintained ballast. Many times he was required to perform his tasks without adequate tools and equipment and/or adequate manpower.

Geoffrey Crowther claims occupational neck, bilateral knee, left elbow, and left thumb injuries, which were caused and/or contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by exposure to occupational risk factors for cumulative-trauma injuries, including repetition, force, vibration and/or awkward postures, in his employment as a Trackman with Defendants, CSX Transportation, Inc. (CSX) and Consolidated Rail Corp. (Conrail), and for which he underwent multiple surgeries.

Geoffrey Crowther has disclosed Michael D. Shinnick, Ed.D. as Plaintiff's expert ergonomist with regard to this matter. Michael Shinnick will be called to testify on behalf of Plaintiff as to the liability of the railroad Defendants. *Note that Michael Shinnick is not a medical expert, nor is he being called as such, and therefore will not opine as to the specific medical causation of Geoffrey Crowther's injuries. Plaintiff intends to properly prove specific medical causation through the testimony of Plaintiff's treating physicians and medical experts, Dr. Steven Wenner, Dr. R. Scott Cowan, Dr. Andrew Lehman, and Dr. Martin Luber, who are Board Certified Orthopedic Surgeons.* Rather, Michael Shinnick's role is to testify as to two types of analysis: first, whether Geoffrey Crowther was exposed to ergonomic risk factors for the development of Work Related Musculoskeletal Disorders (WMSDs) of the neck, knees, elbow and thumb, and second, whether Defendants CSX and Conrail provided their employee Geoffrey Crowther with a timely and adequate ergonomic safety program to reduce the risk of such cumulative-trauma injuries. In doing so, Michael Shinnick will also testify as to notice and

foreseeability as to when the railroad Defendants knew or should have known of the occupational risk factors for WMSDs so that, as responsible railroad corporations, they could have taken ergonomic steps to prevent or reduce the risk of Geoffrey Crowther developing cumulative-trauma injuries.  Michael Shinnick will testify that CSX and Conrail did not address any of the elements of a timely and adequate ergonomic safety program, i.e. job analysis, hazard prevention and control, medical management, and education and training.

Defendants CSX and Conrail have filed a Motion in Limine to Preclude Michael D. Shinnick, alleging that the methodology employed by Michael Shinnick in reaching his opinions is unreliable.  Defendants ignore several FELA occupational injury cases were recently tried right here in the U.S. District Court for the District of Massachusetts in which Michael D. Shinnick, Ed.D. was recognized as an ergonomic expert and was permitted to testify as an ergonomic expert without question by U.S. District Judge William G. Young, U.S. District Judge Douglas P. Woodlock, and U.S. District Judge Richard G. Stearns.  (See *Coleen Wilbur v. MBCR, et al.*, Civil Action No. 06-11028; *Roland Cox v. MBCR, et al.*, Civil Action No. 06-10995; *Kimberly Nee v. MBCR*, Civil Action No. 07-10349).

For the reasons stated herein, Defendants' Motion in Limine to Preclude Michael D. Shinnick should be denied.

II.   FACTS:

Michael D. Shinnick, Ed.D., is a qualified professional ergonomist with significant experience and knowledge as to ergonomic risk factors for occupational musculoskeletal disorders.  Michael Shinnick has worked as an ergonomist from 1981 to the present.  Michael Shinnick is the Director of Dynamics Research Group, offering expert services in applied ergonomics and work injury management.  Michael Shinnick's Professional Certifications and

Affiliations include, but are not limited to: Human Factors and Ergonomics Society, Member 2002 to 2010; Board-Certified Industrial Ergonomist, Designated Ergonomic Risk Assessment Specialist, Oxford Research Institute, 2008 to 2010; Board-Certified Work Measurement and Ergonomics Trainer, International MODAPTS Association, 1990 to 2010, awarded for five-year periods; The American College of Forensic Examiners, Board Certified Forensic Examiner, Specialty: Ergonomics and Work Injury Management, Fellow 1994-2010; and, The American Railway Engineering and Maintenance-of-Way Association, 2000 to 2010.  Michael Shinnick has served as an Ergonomics Consultant to many industries and businesses such as Ford Motor Company, General Motors, Boeing Aircraft, and Caterpillar.  (Please see Michael Shinnick's recent CV attached hereto as Exhibit 1).  It should also be noted that, over the past five (5) years, Michael Shinnick has provided trial testimony as an expert ergonomist in at least seventeen (17) cases, and deposition testimony in at least forty-one (41) cases.  (Please see Michael Shinnick's recent Testimony List attached hereto as Exhibit 2).

On November 28, 2008, Michael Shinnick authored an Applied Ergonomic Report with regard to this matter.  (Please see Michael Shinnick's Applied Ergonomic Report attached hereto as Exhibit 3).  In this report, Michael Shinnick provides a list of the material and documents he considered and reviewed in preparation of his report, including, but not limited to: *Work Related Musculoskeletal Disorders (WMSDs): A Reference Book for Prevention*, 1995; Association of American Railroads (AAR) publication*, Ergonomics Programs at Heavy, Industrial Corporations,* February 1994; National Institute for Occupational Safety and Health (NIOSH)'s *Elements of Ergonomics Programs*, March 1997; *Musculoskeletal Disorders and the Workplace – Low Back and Upper Extremities*, National Academy of Science, 2001; Association of American Railroads (AAR), Ergonomic Guide, 1991; *Ergonomics: The Study of Work*, U.S.

Department of Labor, OSHA 1991 & 2000 revision; Geoffrey Crowther's Answers to

Defendants' Interrogatories; Deposition of Geoffrey Crowther, November 18, 2008; and the

deposition transcripts of several railroad corporate officers.  Further, Michael Shinnick

interviewed Geoffrey Crowther.  Michael Shinnick also relied upon his experience from

numerous site inspections that have involved CSX trackmen / track welders.

In his Applied Ergonomic Report, Michael Shinnick has stated that Geoffrey Crowther

was exposed to the risk factors for WMSDs of the neck, knees, elbow and thumb in his work as a

Trackman for the railroad.  In arriving at his opinion, he utilized the standard methodology that

is generally accepted in the field of ergonomics.  Michael Shinnick further stated:

It has been known since the 1970s, by ergonomists / human factors engineers and
by industry, that the more force that is exerted on the joints, the more repetition of
loading, the more frequent non-neutral postures associated with occupational
activity, and the more exposure to vibrating equipment, the more one is put at risk
for developing WMSDs.

Since the 1980s, heavy industry has put into place ergonomic safety programs to
reduce and eliminate jobs and job activities that put undue stress on a worker's
joints. The elements of such an ergonomic safety program are: a) Work site
analysis; b) Hazard prevention and control; c) Medical Management; and d)
Worker training and education (source: *Elements of Ergonomics Programs*,
March 1997, NIOSH).

As described above, Mr. Crowther, while performing his job with Conrail and
CSXT, was exposed to the above-cited risk factors for the development of
WMSDs.

CSXT and Conrail did not meet industry standards with an adequate ergonomic
program in regards to Mr. Crowther because: a) Conrail and CSXT did not do any
systematic work task analysis of Mr. Crowther's job to see if performing his job
duties posed any risk of injury; b) Conrail and CSXT did not implement any
hazard prevention and control measures in Mr. Crowther's job to reduce his
exposure to the above-cited risk factors for the development of WMSDs, despite
their awareness of companywide injury claims, some with the same job duties and
work tasks as Mr. Crowther; c) Conrail and CSXT failed to implement medical
management programs to identify and monitor workers at risk for injury.  I found
no Conrail or CSXT medical management program under which they examined
possible modification of Mr. Crowther's work tasks that may have reduced or

prevented the development of his symptoms; d) Finally, Conrail and CSXT failed
to train and educate Mr. Crowther about the risk factors for developing WMSDs;
instead they left Mr. Crowther unable to participate in his own protection.

(Please see Michael Shinnick's Applied Ergonomic Report attached hereto as Exhibit 3).  In

sum, Michael Shinnick has opined that Defendants CSX and Conrail failed to provide Geoffrey

Crowther with a reasonably safe place to work.

As cited by Michael Shinnick, the National Institute for Occupational Safety and Health

(NIOSH) / Centers for Disease Control (CDC), published *Musculoskeletal Disorders and*

*Workplace Factors, A Critical Review of Epidemiologic Evidence for Work-Related*

*Musculoskeletal Disorders of the Neck, Upper Extremity, and Low Back,* in July 1997.  Thus, the

federal government, through NIOSH, as far back as 1997, determined what the occupational risk

factors were for WMSDs.

III.    ARGUMENT:

This occupational injury action was brought pursuant to an Act of Congress known as the

Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq.  Specifically, the FELA

states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of
> the states and territories, or between the District of Columbia and any of the states
> or territories and any foreign nation or nations, shall be liable in damages to any
> person suffering injury while he is employed by such carrier, in such commerce,
> or in case of death of such employee, to his or her personal representative for the
> benefit of the surviving widow or husband and children of such employee; and, if
> none, then of such employee's parents; and, if none, then of the next of kin
> dependent upon such employee for such injury or death resulting in whole or in
> part from the negligence of any of the officers, agents, or employees of such
> carrier, or by reason of any defect or insufficiency due to its negligence in its cars,
> engines, appliances, machinery, track, road bed, works, boats, wharves, or other
> equipment.
>
> Any employee of a carrier, any part of whose duties as such employee shall be in
> the furtherance of interstate commerce; or shall, in any way, directly or closely
> and substantially, affect such commerce as above set forth shall, for the purposes

of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees in certain cases".  (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

The FELA was enacted by the United States Congress in 1908.  Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job.  The FELA is to be liberally construed to allow railroad employees, such as Geoffrey Crowther, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. *Rodriguez v. Deloroy Connecting Railroad Company,* 473 F. 2d 819 (6th Cir. 1973).

This duty to provide a safe place to work was non-delegable and could not be passed on by the railroad to any person, firm or corporation.  *Bailey v. Central Vermont Railway Company,* 319 U.S. 350 (1943).  Not only is this duty to provide a safe place to work a non-delegable one, but it is also an affirmative one.  This means that the Defendants CSX and Conrail had a positive obligation to provide Geoffrey Crowther with a safe place to work, including finding any defect or hazard which would normally be revealed within the work place.  *Williams v. Atlantic Coastline Railroad Company*, 190 F. 2d 744 (5th Cir. 1951).

It has long been accepted doctrine that "the question of evidence required to establish liability in an FELA case is much less than an ordinary negligence action."  *Harbin v. Burlington Northern Railroad Company,* 921 F. 2d 129 (7th Cir. 1990).  In *Hines v. Conrail*, 926 F. 2d 262 (3rd Cir. 1991), the Third Circuit reversed the grant of summary judgment in a toxic tort case which was predicated on the exclusion of plaintiff's expert witness.  The Court held that the *FELA relaxed standard of causation also relaxes the threshold of admissibility for the reception*

*of expert testimony*.  Further, in an FELA case, the railroad employee is to be given every doubt before the Court.  *Ratigan v. New York Central Railroad Company*, 291 F. 2d 548 (2nd Cir. 1961), citing *Harris v. Pennsylvania Railroad*, 361 U.S. 15 (1959), *Moore v. Terminal Railroad Association,* 358 U.S. 31 (1958).  The obvious purpose of the FELA is to enlarge the remedy of railroad employees injured as a result of the hazards in their work place.  *Metropolitan Coal Company v. Johnson*, 265 F. 2d 173 (1st Cir. 1959).

In the instant matter before this Honorable Court, Defendants have moved to preclude the testimony of Plaintiff's ergonomic expert, Michael D. Shinnick, Ed.D.  Rule 702 of the Federal Rules of Evidence states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

F.R.E. 702.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), for expert testimony to be admitted, the proposed testimony must be supported by appropriate validation based on what is known.  The trial judge must make a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid, and of whether that reasoning or methodology properly can be applied to the facts in issue.  *Id.* at 593.

Defendants' attack against Michael Shinnick's qualifications is meritless, and frankly requires no further argument, as his qualifications speak for themselves.  Michael Shinnick has been working full time from 1981 to the present as an ergonomist.  Defendants are in error when they suggest Michael Shinnick is not qualified to testify as an expert ergonomist.  Michael Shinnick is a certified professional ergonomist.  Further, experience is one of the criteria under Rule 702, and Michael Shinnick has over twenty-five (25) years of hands-on experience as an

ergonomist.  Many Judges throughout the country, including U.S. District Judges, have accepted

Michael Shinnick as an ergonomic expert.  In fact, U.S. District Judge William G. Young, U.S.

District Judge Douglas P. Woodlock, and U.S. District Judge Richard G. Stearns, of the District

of Massachusetts, have all accepted Michael Shinnick as an ergonomic expert without *Daubert*

hearings.  (See *Coleen Wilbur v. MBCR, et al.*, Civil Action No. 06-11028; *Roland Cox v.*

*MBCR, et al.*, Civil Action No. 06-10995; *Kimberly Nee v. MBCR*, Civil Action No. 07-10349).

Defendants CSX and Conrail, in their Motion, also attempt to challenge Michael

Shinnick on his underlying methodology in arriving at his opinions and conclusions in Geoffrey

Crowther's case.  What is the methodology underlying Michael Shinnick's opinions?  What does

an ergonomic expert do to determine whether a person is exposed to risk factors for the

development of injury and whether an employer has taken reasonable steps to protect its

employees from injury?  Michael Shinnick obtained information.  He reviewed case specific

information like Geoffrey Crowther's deposition transcript.  He reviewed the relevant scientific,

medical and industry literature.  Using his experience and expertise, Michael Shinnick carefully

reviewed and analyzed Geoffrey Crowther's job duties and applied that to information he

obtained at railroad site inspections involving trackmen / track welders.  Michael Shinnick is

familiar with the occupational risk factors for WMSDs, which are repetition, force, vibration and

awkward postures.  Michael Shinnick utilized the same methodology as he's done in every other

case.  He reviewed the evidence, analyzed the evidence and determined whether there were

occupational risk factors present in Geoffrey Crowther's job as a Trackman for the development

of WMSDs.  Michael Shinnick further determined that the Defendants, based upon all of the

experiences he has had with CSX and Conrail, including review of railroad corporate witness

depositions of safety and claims officers, failed to provide their employees with a timely and

adequate ergonomic safety program that met industry standards to address and reduce the risk

factors for developing WMSDs, among other failures.  Michael Shinnick specifically considered

whether Defendants had any of the elements of an ergonomic safety program, namely: job

analysis, hazard prevention and control, medical management, and education and training.

Michael Shinnick concluded that CSX and Conrail did very little in regard to ergonomics.  That

is negligence under the FELA.  It should be noted that Michael Shinnick has in fact done

numerous other railroad site inspections that involved trackmen / track welders such as Geoffrey

Crowther, so there was no need to do another site inspection in Geoffrey Crowther's case.

In *Aparicio v. Norfolk & Western Railway Company*, 84 F. 3d 803 (6th Cir. 1996), the

Sixth Circuit considered an FELA carpal tunnel syndrome action involving a track maintenance

worker.  Robert Andres, Ph.D., was the plaintiff's ergonomic expert in the *Aparicio* case.  The

Sixth Circuit in *Aparicio* stated:

> The testimony of Dr. Robert Andres, Aparicio's ergonomics expert, shows that
> there were ergonomic risk factors and known remedial measures that had been
> described and accepted by the scientific community. This information was widely
> published in trade and scientific journals. A jury could accept Dr. Andres'
> testimony and find that a reasonably prudent employer would have known about
> the risk factors and taken steps to ameliorate them.
> …
> Aparicio has presented more than a scintilla of evidence tending to prove that
> Norfolk & Western could reasonably have anticipated that a track laborer such as
> Aparicio working with the tools he was assigned to use was likely to develop an
> upper extremity cumulative trauma injury.

*Aparicio* at 803.

Michael Shinnick identified the risk factors for work-related musculoskeletal disorders

(WMSDs) of the neck, knees, elbow and thumb present in Geoffrey Crowther's work tasks for

Defendants CSX and Conrail.   It is not necessary that Michael Shinnick *quantify* the risk factors.

*For example, although no one can quantify exactly how many cigarettes a person must smoke to*

*cause lung cancer, it is well known that smoking is a significant risk factor for the development*

*of lung cancer.  Defendants' arguments with regard to quantifying risk factors are intentionally*

*misleading and absurd.*

Michael Shinnick has stated that Defendants CSX and Conrail should have known of the

presence of occupational risk factors for cumulative-trauma injuries in Geoffrey Crowther's job,

and, as responsible railroad corporations, should have taken steps to provide their employees

with a timely and adequate ergonomic safety program to reduce the occupational risk factors for

developing WMSDs.  CSX and Conrail failed to provide a reasonably safe place to work from an

ergonomic perspective.  That is negligence under the FELA.

In *Norfolk & Western Railway Company v. Johnson*, 251 Va. 37, 465 S.E. 2d 800 (1996),

the Supreme Court of Virginia held that the evidence was sufficient to create a jury question on

issues of negligence and foreseeability, and allowed Michael Shinnick to testify as an ergonomic

expert in plaintiff's FELA carpal tunnel syndrome case.  Specifically, the Virginia Supreme

Court stated:

> The plaintiff presented evidence about the knowledge of the industrial
> community regarding carpal tunnel syndrome during the relevant period of time.
> For example, Dr. Michael D. Shinnick, an expert in industrial engineering and
> ergonomics, testified that since the late 1970s, industry has been aware that risk
> factors for the development of occupational carpal tunnel syndrome have included
> repetitiveness ("the number of cycles of the number of times that a person
> experiences a motion or even a flexion"), vibration, force (torque from using a
> tool having "a lot of" revolutions per minute), and "static positioning or holding
> something in the same position for continued periods of time." These factors were
> present in the plaintiff's job.
>
> Shinnick testified that industry had established methods to prevent occupational
> carpal tunnel syndrome. These include making an analysis of the tools used and
> performing an ergonomic study. If the study identifies hazards at the work site,
> prevention and control is employed, which should include redesigning the tools,
> redesigning the methods used in performing the work, use of protective
> equipment (such as gloves and "vibration isolator-type grips"), medical tracking
> of workers, and training and education of employees.

> Shinnick, who had examined plaintiff's job site in defendant's reclamation shop, testified that he "saw absolutely all of the risk factors associated with producing carpal tunnel. There is a high degree of repetitiveness in the fact that even though the cycle time might be a number of minutes, the repetitiveness is holding the grinder in a static position." He emphasized: "I saw repetitiveness. I saw vibration."
>
> Shinnick opined that the hazards he observed "were of sufficient magnitude to invoke some ergonomic action." He added, "My opinion is that this would be a high priority job. One would begin to initiate the process of analyzing the job and invoking engineering controls and changing them." The evidence showed that defendant had conducted no formal analyses of the jobs in its reclamation shop prior to the filing of this action.

*Norfolk & Western v. Johnson*, at 804.

Similarly, in *Norfolk Southern Railway Company v. Bowles*, 261 Va. 21, 539 S.E. 2d 727 (2001), the Supreme Court of Virginia held that Michael Shinnick's opinions that the railroad failed to provide a safe workplace were admissible, and that the trial court did not err in submitting the issue of the railroad's negligence to the jury. The Virginia Supreme Court concluded that "Dr. Shinnick's opinions were admissible because those opinions, informed by his acknowledged expertise in the area, could assist the jury in determining the fact in issue – whether NS provided a safe workplace." *Norfolk Southern Railway Company v. Bowles*, at 729. See also, *Combs v. Norfolk & Western Railway Company*, 256 Va. 490, 507 S.E. 2d 355 (1998). Michael Shinnick was also allowed to testify as an ergonomic expert for a plaintiff in an FELA occupational injury case against CSX in Columbus, Ohio, which resulted in a substantial plaintiff's verdict. See *McKahan v. CSX Transportation, Inc.,* Court of Common Pleas Franklin County, Columbus, Ohio (January 9, 2008).

It is important to note that Michael Shinnick has been recognized as an ergonomic expert and has been permitted to testify as an ergonomic expert without question in several cases right here in the U.S. District Court for the District of Massachusetts before U.S. District Judge

William G. Young, U.S. District Judge Douglas P. Woodlock, and U.S. District Judge Richard

G. Stearns.  (See *Coleen Wilbur v. MBCR, et al.*, Civil Action No. 06-11028; *Roland Cox v.*

*MBCR, et al.*, Civil Action No. 06-10995; *Kimberly Nee v. MBCR*, Civil Action No. 07-10349).

      Recently, a U.S. District Judge in Illinois considered a similar matter wherein the

defendant railroad challenged the methodology of the plaintiff's ergonomic expert, Tyler Kress,

and sought his exclusion for "failure to offer any minimum threshold or level of the risk factors

he identified which would be sufficient to cause the plaintiff's injuries", arguing that since the

expert did not conduct his own case-specific testing to plaintiff's methods in performing his job

or to quantify the forces that plaintiff was subjected to, the expert's opinion was unreliable.  *Orin*

*K. Kelly v. Illinois Central Railroad Company*, Central Dist. of Ill. Civil Action No. 08-1052.  In

*Kelly*, the Court opined:

> As an expert, Kress can rely on his specialized knowledge, training and expertise.
> It is also completely appropriate for him to form opinions based on his
> knowledge, training and experience after observing or studying the work of others
> rather than first hand participation or to rely on credible studies and reports by
> other professionals in reaching his conclusions. *Walker v. Soo Line R.R. Co.,* 208
> F.3d 581, 588 (7th Cir. 2000); *Erickson v. Baxter Healthcare Inc.,* 151 F.Supp.2d
> 952, 964 (N.D.Ill. 2001), citing *Wetherill v. University of Chicago*, 566 F. Supp.
> 1553, 1563-64 (N.D.Ill. 1983).

(See *Orin K. Kelly v. Illinois Central Railroad Company*, Central Dist. of Ill. Civil Action No.

08-1052, pp. 18-19).

      In the matter before this Honorable Court, Michael Shinnick's testimony should not be

excluded.  *In reality, Defendants' attack is not with the admissibility of Michael Shinnick's*

*evidence, but rather on the weight of the evidence*.  The jury should determine whether Geoffrey

Crowther was sufficiently exposed to occupational ergonomic risk factors for cumulative-trauma

injuries of neck, knees, elbow and thumb.  It should be up to the jury to determine what weight

to give Michael Shinnick's expert testimony.  The jury should decide if Geoffrey Crowther was

sufficiently exposed at work to the risk factors that caused and/or contributed to and/or

aggravated, worsened and exacerbated his injuries/conditions, and if Defendants took

appropriate steps to prevent or reduce the risk of same.  Ultimately, the jury should be allowed to

decide whether CSX and/or Conrail failed to provide Geoffrey Crowther with a reasonably safe

place to work.  FELA cases are supposed to be determined by the jury.  The Court should not

usurp the jury's function as a matter of law.

IV.   <u>CONCLUSION</u>:

   Michael D. Shinnick, Ed.D., is a qualified expert in the field of ergonomics based upon

his experience, who employs the same generally accepted ergonomic methodology in every

cumulative-trauma injury case.  *Michael Shinnick has been qualified and testified numerous*

*times in both Federal and State Courts on ergonomic issues as they relate to work-related*

*musculoskeletal disorders (WMSDs).*  Using his experience and expertise, Michael Shinnick

reviewed Geoffrey Crowther's deposition and job duties, as well as work site inspections of

railroad trackmen / track welders.  Michael Shinnick analyzed the job duties of Geoffrey

Crowther as a railroad trackman and welder, and identified the ergonomic risk factors present in

his job.  Michael Shinnick's ergonomic methodology is sound and scientifically valid, and his

opinions are supported by ample evidence.  Michael Shinnick's testimony will properly assist the

trier of fact to understand critical evidence in this FELA action.  Defendants' arguments do not

go to admissibility but rather weight of the evidence properly for the jury to decide.  As such,

Defendants' arguments are without merit.


   Plaintiff respectfully requests oral argument and/or is ready, willing and able to present

live testimony from Michael D. Shinnick, Ed.D. if this Honorable Court so desires.

WHEREFORE, Plaintiff respectfully requests Defendants' Motion in Limine to Preclude Michael D. Shinnick be Denied, and that Michael D. Shinnick be permitted to testify as Plaintiff's ergonomic expert at trial in this matter.

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/Thomas J. Joyce, III*
THOMAS J. JOYCE, III
Law Office of Thomas J. Joyce, III
801 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff

*/s/Michael J. McDevitt*
MICHAEL J. McDEVITT
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990
Attorney for Plaintiff

</div>

DATED: December 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GEOFFREY CROWTHER          :          Civil Action No.  09-10334-MAP and
                           :                            09-11467-MAP
          Plaintiff        :
                           :
v.                         :
                           :
CSX TRANSPORTATION, INC.   :
and                        :
CONSOLIDATED RAIL CORP.    :
                           :
          Defendants       :

_____

CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that on December 3, 2010, I electronically

filed Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in

Limine to Preclude Michael D. Shinnick, Plaintiff's Exhibits, and Plaintiff's Proposed Order,

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to

the following counsel of record for the Defendants:

Heather M. Gamache, Esquire
Flynn & Wirkus
400 Crown Colony Drive, Suite 200
Quincy, MA 02169

*/s/Thomas J. Joyce, III*
Thomas J. Joyce, III