IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GEOFFREY CROWTHER                    :      Civil Action No.  09-10334-MAP and
                                     :                        09-11467-MAP
              Plaintiff              :
                                     :
v.                                   :
                                     :
CSX TRANSPORTATION, INC.             :      ORAL ARGUMENT REQUESTED
and                                  :
CONSOLIDATED RAIL CORP.              :
                                     :
              Defendants             :
_____

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE
OR THEORY OF LIABILITY THAT PLAINTIFF'S DEGENERATIVE CONDITIONS
WERE AGGRAVATED BY ANY WORK LOCATION OTHER THAN
NEW BEDFORD, MASSACHUSETTS IN 2005

       COMES NOW the Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J.

Joyce, III, and Michael J. McDevitt, and hereby responds in Opposition to Defendants' Motion in

Limine to Preclude Any Evidence or Theory of Liability That Plaintiff's Degenerative

Conditions Were Aggravated by any Work Location Other Than New Bedford, Massachusetts in

2005 (Document 71), as follows:

I.      BACKGROUND:

       This is an occupational injury action brought pursuant to an Act of Congress known as

the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq.  Plaintiff, Geoffrey

Crowther, is presently age 59.  Geoffrey Crowther worked as a track laborer, track welder, track

foreman, and track inspector (trackman) for the railroad from 1975 through December 2006,

when he became disabled (at age 55).  As a trackman, Geoffrey Crowther 's work tasks required

an extreme amount of heavy repetitive work, utilizing certain track tools and equipment such as torches, electric and gas welding equipment, grinders, chipping guns, track chisels, sledge hammers, claw bars, spiking mauls, needle guns, air impact hammers and saws.  He was also required to lift and carry heavy objects, and was exposed to excessive and harmful vibration. Geoffrey Crowther's job duties further required prolonged use of his arms in awkward and extended positions, and working in poor ground conditions and walking on improper and poorly maintained ballast.  Many times he was required to perform his tasks without adequate tools and equipment and/or adequate manpower.

Geoffrey Crowther claims occupational neck, bilateral knee, left elbow, and left thumb injuries, which were caused and/or contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by exposure to occupational risk factors for cumulative-trauma injuries, including repetition, force, vibration and/or awkward postures, in his employment as a trackman with Defendants, CSX Transportation, Inc. (CSX) and Consolidated Rail Corp. (Conrail), and for which he underwent multiple surgeries.

Defendants CSX and Conrail filed a Motion in Limine to Preclude Any Evidence or Theory of Liability That Plaintiff's Degenerative Conditions Were Aggravated by any Work Location Other Than New Bedford, Massachusetts in 2005.  Defendants argue to the Court that evidence of the working conditions of any of the multitude of locations that Plaintiff worked for Defendants throughout his 31 year career, other than New Bedford, Massachusetts in 2005, is somehow irrelevant with regard to Plaintiff's FELA occupational *cumulative-trauma* bilateral knee, left elbow, and left thumb aggravation injury claims simply by virtue of the fact that Geoffrey Crowther testified in his discovery deposition that he first began to notice some discomfort in his bilateral knees, left elbow and left thumb while working at the New Bedford,

Massachusetts location in the fall of 2005.  Defendants further argue that Geoffrey Crowther

claims against Defendant Conrail are precluded similarly because Geoffrey Crowther did not

experience any discomfort in his bilateral knees, left elbow and left thumb until after CSX had

taken over Conrail in 1999.  For the reasons stated herein, Defendants' Motion in Limine to

Preclude Any Evidence or Theory of Liability That Plaintiff's Degenerative Conditions Were

Aggravated by any Work Location Other Than New Bedford, Massachusetts in 2005 should be

denied.

II.    FACTS:

Plaintiff Geoffrey Crowther worked as a track laborer, track welder, track foreman, and

track inspector (trackman) for the railroad from 1975 through December 2006 (age 55), when he

became permanently disabled from his railroad work due to his injuries.  Geoffrey Crowther has

produced the records and expert medical reports of his treating physicians and orthopedic

surgeons, Dr. R. Scott Cowan, Dr. Andrew Lehman, Dr. Martin Luber, and Dr. Steven Wenner.

Dr. Cowan, Dr. Lehman, Dr. Luber, and Dr. Wenner will be called to testify on behalf of

Geoffrey Crowther as to the history, physical examinations, diagnostic tests, diagnosis,

treatment, surgery, cause, disability and prognosis of Plaintiff's neck, bilateral knees, left elbow,

and left thumb injuries, respectively.

Specifically, with regard to Geoffrey Crowther's bilateral knee injuries, Dr. Andrew

Lehman has opined that that Geoffrey Crowther's bilateral knee osteoarthritis was aggravated,

worsened and exacerbated by Geoffrey Crowther's work as a trackman.  Pertinent excerpts of Dr.

Lehman's records, narrative medical report and discovery deposition testimony were previously

set down at length in Plaintiff's Response and Memorandum of Law in Opposition to

Defendants' Motion for Summary Judgment (Document 41), and further in Plaintiff's Response

and Memorandum of Law in Opposition to Defendants' Motion in Limine to Preclude Andrew P. Lehman, M.D. (Document 95), and Plaintiff refers to and specifically incorporates them herein by reference.

Specifically, with regard to Geoffrey Crowther's left elbow injuries, Dr. Martin Luber has opined that the development of Geoffrey Crowther's left elbow degenerative osteoarthropathy was caused and/or contributed to by Geoffrey Crowther's work as a trackman.  Dr. Luber has further opined that Geoffrey Crowther's left elbow degenerative osteoarthropathy was contributed to and aggravated, worsened and exacerbated by Geoffrey Crowther's work as a trackman.  Pertinent excerpts of Dr. Luber's records, narrative medical report and discovery deposition testimony were previously set down at length in Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Document 41), and further in Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in Limine to Preclude Martin J. Luber, M.D. (Document 96), and Plaintiff refers to and specifically incorporates them herein by reference.

Specifically, with regard to Geoffrey Crowther's left thumb injuries, Dr. Steven Wenner has opined that that Geoffrey Crowther's left thumb arthritis of the metacarpophalangeal joint was aggravated, worsened and exacerbated by Geoffrey Crowther's work as a trackman. Pertinent excerpts of Dr. Wenner's records, narrative medical reports and discovery deposition testimony were previously set down at length in Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Document 41), and further in Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in Limine to Preclude Steven M. Wenner, M.D. (Document 97), and Plaintiff refers to and specifically incorporates them herein by reference.

Geoffrey Crowther is not claiming that he suffered a specific traumatic injury on a certain set date and time with regard to his bilateral knee, left elbow, and left thumb aggravation injury claims, and as such there is *no one site of accident* concerning his bilateral knee, left elbow, and left thumb aggravation injury claims as Defendants appear to be arguing. Rather, Plaintiff claims occupational *cumulative-trauma* bilateral knee, left elbow, and left thumb injuries aggravated, worsened and/or exacerbated by negligent exposure to excessive repetition, force, and/or vibration to his bilateral knees, left elbow and left thumb due to the reaching, stretching, bending, twisting, squatting, kneeling, climbing, lifting, operation of equipment, use of hand tools, working in awkward positions, working in poor ground conditions, and walking on improper and/or poorly maintained ballast, which he performed in the course and scope of his lengthy 31 years of employment with Conrail and CSX as a trackman, including but not limited to the New Bedford project in the fall of 2005.

## III.   LEGAL ARGUMENT:

This occupational injury action was brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq. Specifically, the FELA states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce, or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.

> Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees in certain cases".  (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

The FELA was enacted by the United States Congress in 1908.  Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job.  The FELA is to be liberally construed to allow railroad employees, such as Geoffrey Crowther, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. *Rodriguez v. Deloroy Connecting Railroad Company,* 473 F. 2d 819 (6th Cir. 1973).

This duty to provide a safe place to work was non-delegable and could not be passed on by the railroad to any person, firm or corporation.  *Bailey v. Central Vermont Railway Company,* 319 U.S. 350 (1943).  Not only is this duty to provide a safe place to work a non-delegable one, but it is also an affirmative one.  This means that the Defendants CSX and Conrail had a positive obligation to provide Geoffrey Crowther with a safe place to work, including finding any defect or hazard which would normally be revealed within the work place.  *Williams v. Atlantic Coastline Railroad Company*, 190 F.2d 744 (5th Cir. 1951).

It has long been accepted doctrine that "the question of evidence required to establish liability in an FELA case is much less than an ordinary negligence action."  *Harbin v. Burlington Northern Railroad Company,* 921 F.2d 129 (7th Cir. 1990).  In *Hines v. Conrail*, 926 F. 2d 262 (3rd Cir. 1991), the Third Circuit reversed the grant of summary judgment in a toxic tort case which was predicated on the exclusion of plaintiff's expert witness.  The Court held that the

FELA relaxed standard of causation also relaxes the threshold of admissibility for the reception of expert testimony.  Further, in an FELA case, the railroad employee is to be given every doubt before the Court.  *Ratigan v. New York Central Railroad Company*, 291 F. 2d 548 (2nd Cir. 1961), citing *Harris v. Pennsylvania Railroad*, 361 U.S. 15 (1959), *Moore v. Terminal Railroad Association,* 358 U.S. 31 (1958).  The obvious purpose of the FELA is to enlarge the remedy of railroad employees injured as a result of the hazards in their work place.  *Metropolitan Coal Company v. Johnson*, 265 F. 2d 173 (1st Cir. 1959).

In the instant matter before this Honorable Court, Defendants argue that evidence of the working conditions of any of the multitude of locations that Plaintiff worked for Defendants throughout his thirty plus year career, other than New Bedford, Massachusetts in 2005, should be excluded from trial in Plaintiff's FELA action simply by virtue of the fact that Geoffrey Crowther testified in his discovery deposition that he first began to notice some discomfort in his bilateral knees, left elbow and left thumb while working at the New Bedford, Massachusetts location in the fall of 2005 or thereafter.  Defendants further argue similarly that Geoffrey Crowther claims against Defendant Conrail are precluded because Geoffrey Crowther did not experience any discomfort in his bilateral knees, left elbow and left thumb until after CSX had taken over Conrail in 1999.  Defendants' are in error, as Plaintiff has presented sufficient evidence for the jury to consider whether exposure to excessive cumulative-trauma, repetition, force, and/or vibration to his bilateral knees, left elbow and left thumb due to the reaching, stretching, bending, twisting, squatting, kneeling, climbing, lifting, operation of equipment, use of hand tools, working in awkward positions, working in poor ground conditions, and walking on improper and/or poorly maintained ballast in the course and scope of his employment with Defendants Conrail and CSX from 1976 through December 2006 caused and/or contributed to

and/or aggravated, worsened and exacerbated, in whole or in part, Plaintiff's neck, bilateral

knees, left elbow, and left thumb injuries, including but not limited to Plaintiff's bilateral knee,

left elbow, and left thumb aggravation injury claims.  Defendants are certainly not entitled to a

ruling precluding evidence of the working conditions of all of the multitude of locations that

Plaintiff worked for Defendants throughout his thirty plus year career save for New Bedford,

Massachusetts in 2005.  Defendants should not dictate what Plaintiff's theory of liability must be,

as Plaintiff has multiple theories of liability, including negligent aggravation of injuries in New

Bedford, Massachusetts in the fall of 2005.  The Court must not allow Defendants to attempt to

dictate or limit Plaintiff's theories of liability.

IV.    <u>CONCLUSION</u>:

Defendants' request to preclude evidence of the working conditions of all of the

multitude of locations that Plaintiff worked for Defendants throughout his thirty plus year career

save for New Bedford, Massachusetts in 2005 is improper in Geoffrey Crowther's FELA

occupational *cumulative-trauma* injury action.  The jury should properly be permitted to hear

evidence of the working conditions of all of the multitude of locations that Plaintiff worked for

Defendants throughout his 31 year career.  As such, Defendants' motion is without merit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order

denying Defendants' Motion in Limine to Preclude Any Evidence or Theory of Liability That

Plaintiff's Degenerative Conditions Were Aggravated by any Work Location Other Than New

Bedford, Massachusetts in 2005.

Respectfully submitted,


*/s/Thomas J. Joyce, III*
THOMAS J. JOYCE, III
Law Office of Thomas J. Joyce, III
801 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff


*/s/Michael J. McDevitt*
MICHAEL J. McDEVITT
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990
Attorney for Plaintiff

DATED: December 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

GEOFFREY CROWTHER          :          Civil Action No. 09-10334-MAP and
                           :                          09-11467-MAP
            Plaintiff      :
                           :
v.                         :
                           :
CSX TRANSPORTATION, INC.   :
and                        :
CONSOLIDATED RAIL CORP.    :
                           :
            Defendants     :
_____

CERTIFICATE OF SERVICE

        I, THOMAS J. JOYCE, III, hereby certify that on December 3, 2010, I electronically

filed: Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in

Limine to Preclude Any Evidence or Theory of Liability That Plaintiff's Degenerative

Conditions Were Aggravated by any Work Location Other Than New Bedford, Massachusetts in

2005; and Plaintiff's Proposed Order, with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to the following counsel of record for the Defendants:

Heather M. Gamache, Esquire
Flynn & Wirkus
400 Crown Colony Drive, Suite 200
Quincy, MA 02169


                                        */s/Thomas J. Joyce, III*
                                        Thomas J. Joyce, III