IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | Civil Action No.  09-10334-MAP and |
| | : | 09-11467-MAP |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | ORAL ARGUMENT REQUESTED |
| and | : | |
| CONSOLIDATED RAIL CORP. | : | |
| | : | |
| Defendants | : | |

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE FOR LEAVE TO INTRODUCE EVIDENCE OF PLAINTIFF'S RECEIPT OF RAILROAD RETIREMENT BOARD BENEFITS

COMES NOW the Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J. Joyce, III, and Michael J. McDevitt, and hereby responds in Opposition to Defendants' Motion in Limine for Leave to Introduce Evidence of Plaintiff's Receipt of Railroad Retirement Board Benefits (Document 75), as follows:

I.   BACKGROUND:

This is an occupational injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq.  Plaintiff, Geoffrey Crowther, is presently age 59.  Geoffrey Crowther worked as a track laborer, track welder, track foreman, and track inspector (trackman) for the railroad from 1975 through December 2006, when he became disabled (at age 55).  As a trackman, Geoffrey Crowther 's work tasks required an extreme amount of heavy repetitive work, utilizing certain track tools and equipment such as torches, electric and gas welding equipment, grinders, chipping guns, track chisels, sledge

hammers, claw bars, spiking mauls, needle guns, air impact hammers and saws. He was also required to lift and carry heavy objects, and was exposed to excessive and harmful vibration. Geoffrey Crowther's job duties further required prolonged use of his arms in awkward and extended positions, and working in poor ground conditions and walking on improper and poorly maintained ballast. Many times he was required to perform his tasks without adequate tools and equipment and/or adequate manpower.

Geoffrey Crowther claims occupational neck, bilateral knee, left elbow, and left thumb injuries, which were caused and/or contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by exposure to occupational risk factors for cumulative-trauma injuries, including repetition, force, vibration and/or awkward postures, in his employment as a trackman with Defendants, CSX Transportation, Inc. (CSX) and Consolidated Rail Corp. (Conrail), and for which he underwent multiple surgeries.

Defendants CSX and Conrail filed a Motion in Limine for Leave to Introduce Evidence of Plaintiff's Receipt of Railroad Retirement Board Benefits. Defendants first attempt to argue to the Court that Railroad Retirement Board (RRB) benefits are not a collateral source. In that this argument lacks any merit, Defendants then try to convince the Court that evidence of Geoffrey Crowther's receipt of RRB benefits is somehow admissible despite the general rule that evidence of collateral source payments is inadmissible in FELA actions. For the reasons stated herein, Defendants' Motion in Limine for Leave to Introduce Evidence of Plaintiff's Receipt of Railroad Retirement Board Benefits should be denied.

II.   FACTS:

Plaintiff Geoffrey Crowther worked as a track laborer, track welder, track foreman, and track inspector (trackman) for the railroad from 1975 through December 2006 (age 55), when he

became permanently disabled from his railroad work due to his injuries. It had been his intention, prior to injury, to continue to work until at least age 62. Geoffrey Crowther is seeking compensation under the FELA for last wages from December 18, 2006 to at least age 62. Geoffrey Crowther has also sustained pain and suffering, and loss of enjoyment of life.

Plaintiff applied for and was granted a disability annuity by the Railroad Retirement Board (RRB), and he receives disability annuity benefits from the RRB. RRB disability annuity evidence is not admissible in FELA actions.

III.     LEGAL ARGUMENT:

This occupational injury action was brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq. Specifically, the FELA states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce, or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.
>
> Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees in certain cases". (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

The FELA was enacted by the United States Congress in 1908. Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job. The FELA is to be liberally construed to allow railroad employees, such as Geoffrey Crowther, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. *Rodriguez v. Deloroy Connecting Railroad Company,* 473 F. 2d 819 (6th Cir. 1973).

In the instant matter before this Honorable Court, Defendants have moved for admission of evidence regarding Plaintiff's receipt of RRB benefits in an attempt to offset Plaintiff's claims of wage loss in this FELA action. Defendants are in error.

In *Eichel v. New York Central Railroad Co.*, 375 U.S. 253 (1963), the United States Supreme Court made it clear that evidence of collateral source payments is inadmissible in FELA actions. In *Eichel,* the defendant railroad sought to introduce evidence of plaintiff's receipt of disability benefits as motivation for plaintiff's alleged malingering. The United States Supreme Court ruled that such evidence was not admissible even for this limited purpose, because "the likelihood of misuse by the jury clearly outweighs the value of this evidence." *Eichel* at 254. The United States Supreme Court further noted that introduction of evidence of collateral benefits would be inconsistent with the spirit of the FELA. The United States Supreme Court's ruling on this issue still stands to this day, and has not been substantially altered by the U.S. Court of Appeals for the First Circuit in *McGrath v. Consolidated Rail Corp*., 136 F.3d 838 (1st Cir. 1997) as argued by Defendants in Geoffrey Crowther's present action. Indeed, in the matter of *Falconer v. Penn Maritime, Inc*., 397 F.Supp.2d 62 (D. Me. 2005), the defendant argued that evidence of plaintiff's receipt of Social Security benefits on the issue of plaintiff's

motivation to work should be admitted. The United States District Court for the District of Maine in *Falconer* considered both *Eichel* and *McGrath* and stated:

> [I]n *Eichel v. New York Central Railroad Co.*, 375 U.S. 253 … the Supreme Court found ample reason to uphold the district court's decision to exclude such evidence, finding that "insofar as the evidence bears on the issue of malingering, there will generally be other evidence having more probative value and involving less likelihood of prejudice." Id. at 255 … See also *McGrath*, 136 F.3d at 841; *DeMedeiros v. Koehring Co.*, 709 F.2d 734, 741 (1st Cir 1983) ("Even in *Eichel* …the narrower question was simply whether or not to uphold the district court's discretionary ruling).
>
> Consistent with *Eichel*, Plaintiff argues that *evidence of malingering can come from witnesses, introduction of documents, or other less prejudicial material*.
> …
> At this stage, this Court agrees with Mr. Falconer. Penn Maritime is free to introduce evidence, as it apparently intends to do, that Mr. Falconer is a college graduate with an engineering degree and is an excellent candidate for vocational training, that he is not totally disabled and can and should be gainfully employed, that if he had received training, it is likely that he would now be re-employed and earning wages consistent with his wages at Penn Maritime. However, to introduce evidence that the reason he has not done so is his receipt of SSDI benefits would in this Court's view unnecessarily complicate the trial of this case with complex and tangential issues, would likely lead to juror confusion, would bear marginal relevance, and would be more prejudicial than probative. Fed.R.Evid. 403.

*Falconer* at 66-67. (emphasis added).

With regard to Defendants' arguments that RRB disability benefits are no longer a collateral source based on the change in funding of the Railroad Retirement Act in 1974, Defendants once again are misleading the Court. In *Sloas v. CSX Transportation, Inc.*, U.S. Court of Appeals for the Fourth Circuit, Civil Action No. 09-1249 (July 2010), the Fourth Circuit affirmed the trial court in refusing to allow CSX a post-trial offset of Tier II RRB benefits based on the change in funding of the Railroad Retirement Act in 1974. In doing so, the Fourth Circuit reaffirmed the essential principals of *Eichel*, and rejected CSX's claim that *Eichel* is merely an

evidentiary rule. The Fourth Circuit jettisoned the notion that an employee's disability annuity was not a collateral source. *Sloas* is notably the first federal appellate ruling on this issue.

This Honorable Court should not entertain CSX's continuing attempts to chip away at the basic tenets and protections afforded railroad workers under the FELA. *Eichel* is still the law. *Eichel* precludes Defendants' attempts to introduce RRB disability benefits.

IV.   CONCLUSION:

Defendants' request that they be permitted to introduce evidence of Plaintiff's receipt of RRB benefits for the purpose of rebutting Plaintiff's claim of wage loss should be denied. The jury should not be permitted to hear evidence of Plaintiff's receipt of RRB benefits in Plaintiff's FELA occupational injury action before this Court. It is clear that RRB benefits *are* collateral source payments, evidence of which is routinely inadmissible in FELA actions as highly prejudicial to the Plaintiff. As such, Defendants' motion is without merit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order denying Defendants' Motion in Limine for Leave to Introduce Evidence of Plaintiff's Receipt of Railroad Retirement Board Benefits.

Respectfully submitted,

*/s/Thomas J. Joyce, III*
THOMAS J. JOYCE, III
Law Office of Thomas J. Joyce, III
801 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff

                */s/Michael J. McDevitt*
                MICHAEL J. McDEVITT
                Lawson & Weitzen
                88 Black Falcon Avenue, Suite 345
                Boston, MA 02110
                (617) 439-4990
                Attorney for Plaintiff

DATED: December 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | Civil Action No. 09-10334-MAP and |
| | : | 09-11467-MAP |
| Plaintiff | : | |
| v. | : | |
| CSX TRANSPORTATION, INC. and CONSOLIDATED RAIL CORP. | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that on December 3, 2010, I electronically filed: Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in Limine for Leave to Introduce Evidence of Plaintiff's Receipt of Railroad Retirement Board Benefits; and Plaintiff's Proposed Order, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the Defendants:

Heather M. Gamache, Esquire
Flynn & Wirkus
400 Crown Colony Drive, Suite 200
Quincy, MA 02169

*/s/Thomas J. Joyce, III*
Thomas J. Joyce, III