IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | Civil Action No.  09-10334-MAP and |
| | : | 09-11467-MAP |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | ORAL ARGUMENT REQUESTED |
| and | | |
| CONSOLIDATED RAIL CORP. | : | |
| | : | |
| Defendants | : | |

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS' MOTION IN LIMINE TO LIMIT TESTIMONY REGARDING
PLAINTIFF'S FUTURE LOST EARNING CAPACITY

COMES NOW the Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J. Joyce, III, and Michael J. McDevitt, and hereby responds in Opposition to Defendants' Motion in Limine to Limit Testimony Regarding Plaintiff's Future Lost Earning Capacity (Document 67), as follows:

I.  BACKGROUND:

This is an occupational injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq.  Plaintiff, Geoffrey Crowther, is presently age 59.  Geoffrey Crowther worked as a track laborer, track welder, track foreman, and track inspector (trackman) for the railroad from 1975 through December 2006, when he became disabled (at age 55).  As a trackman, Geoffrey Crowther 's work tasks required an extreme amount of heavy repetitive work, utilizing certain track tools and equipment such as torches, electric and gas welding equipment, grinders, chipping guns, track chisels, sledge

hammers, claw bars, spiking mauls, needle guns, air impact hammers and saws. He was also required to lift and carry heavy objects, and was exposed to excessive and harmful vibration. Geoffrey Crowther's job duties further required prolonged use of his arms in awkward and extended positions, and working in poor ground conditions and walking on improper and poorly maintained ballast. Many times he was required to perform his tasks without adequate tools and equipment and/or adequate manpower.

Geoffrey Crowther claims occupational neck, bilateral knee, left elbow, and left thumb injuries, which were caused and/or contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by exposure to occupational risk factors for cumulative-trauma injuries, including repetition, force, vibration and/or awkward postures, in his employment as a trackman with Defendants, CSX Transportation, Inc. (CSX) and Consolidated Rail Corp. (Conrail), and for which he underwent multiple surgeries.

Defendants CSX and Conrail filed a Motion in Limine to Limit Testimony Regarding Plaintiff's Future Lost Earning Capacity. Defendants argue to the Court that Geoffrey Crowther's claim for loss of future earning capacity should be limited to age 62 due to Plaintiff's discovery deposition testimony. For the reasons stated herein, Defendants' Motion in Limine to Limit Testimony Regarding Plaintiff's Future Lost Earning Capacity should be denied.

II.   FACTS:

Plaintiff Geoffrey Crowther worked as a track laborer, track welder, track foreman, and track inspector (trackman) for the railroad from 1975 through December 2006 (age 55), when he became permanently disabled from his railroad work due to his injuries. Geoffrey Crowther has produced the records and expert medical reports of his treating physicians and orthopedic surgeons, Dr. R. Scott Cowan, Dr. Andrew Lehman, Dr. Martin Luber, and Dr. Steven Wenner.

Dr. Cowan, Dr. Lehman, Dr. Luber, and Dr. Wenner will be called to testify on behalf of Geoffrey Crowther as to the history, physical examinations, diagnostic tests, diagnosis, treatment, surgery, cause, disability and prognosis of Plaintiff's neck, bilateral knees, left elbow, and left thumb injuries, respectively.  Plaintiff's treating physicians and medical experts have presented evidence that Plaintiff is physically unable to return to his railroad occupation. Plaintiff is permanently disabled from railroad work due to the occupational injuries he has sustained to his neck and bilateral knees.  It had been Plaintiff's intention, prior to injury, to continue to work until *at least* age 62.  Geoffrey Crowther has also sustained pain and suffering, and loss of enjoyment of life.

III.   LEGAL ARGUMENT:

This occupational injury action was brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq.  Specifically, the FELA states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce, or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.
>
> Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees

       in certain cases". (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

      The FELA was enacted by the United States Congress in 1908. Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job. The FELA is to be liberally construed to allow railroad employees, such as Geoffrey Crowther, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. *Rodriguez v. Deloroy Connecting Railroad Company,* 473 F. 2d 819 (6th Cir. 1973).

      This duty to provide a safe place to work was non-delegable and could not be passed on by the railroad to any person, firm or corporation. *Bailey v. Central Vermont Railway Company,* 319 U.S. 350 (1943). Not only is this duty to provide a safe place to work a non-delegable one, but it is also an affirmative one. This means that the Defendants CSX and Conrail had a positive obligation to provide Geoffrey Crowther with a safe place to work, including finding any defect or hazard which would normally be revealed within the work place. *Williams v. Atlantic Coastline Railroad Company*, 190 F.2d 744 (5th Cir. 1951).

      It has long been accepted doctrine that "the question of evidence required to establish liability in an FELA case is much less than an ordinary negligence action." *Harbin v. Burlington Northern Railroad Company,* 921 F.2d 129 (7th Cir. 1990). In *Hines v. Conrail*, 926 F. 2d 262 (3rd Cir. 1991), the Third Circuit reversed the grant of summary judgment in a toxic tort case which was predicated on the exclusion of plaintiff's expert witness. The Court held that the FELA relaxed standard of causation also relaxes the threshold of admissibility for the reception of expert testimony. Further, in an FELA case, the railroad employee is to be given every doubt before the Court. *Ratigan v. New York Central Railroad Company*, 291 F. 2d 548 (2nd Cir.

1961), citing *Harris v. Pennsylvania Railroad*, 361 U.S. 15 (1959), *Moore v. Terminal Railroad Association,* 358 U.S. 31 (1958). The obvious purpose of the FELA is to enlarge the remedy of railroad employees injured as a result of the hazards in their work place. *Metropolitan Coal Company v. Johnson*, 265 F. 2d 173 (1st Cir. 1959).

Under the FELA, the Plaintiff is entitled to recover various damages. This is not a workers' compensation case brought under state law wherein Geoffrey Crowther is limited to the payment of medical bills and the payment of a percentage of lost income or a percentage of disability. On the contrary, under the FELA, Plaintiff is entitled to recover compensation for the following items of damages: (a) any outstanding or unpaid medical bills or medical expenses; (b) lost income and earnings (including overtime) and benefits; and (c) an amount which would reasonably compensate the Plaintiff for his pain and suffering, mental anguish, inconvenience and loss of enjoyment of life. *Domeriacki v. Humble Oil Refining Company*, 443 F.2d 1245 (3rd Cir. 1971). The FELA is to provide liberal remedial remedies against the railroad in favor of injured railroad employees. *South Buffalo Railway Company v. Allen*, 344 US 367 (1953); *Kerman v. American Dredging Company*, 355 US 426 (1960). The Plaintiff is entitled to be compensated for pain and suffering that he has sustained in the past and that he is likely to sustain in the future.

In the instant matter before this Honorable Court, Defendants argue that evidence of Geoffrey Crowther's future lost earning capacity should be limited at the trial of Plaintiff's FELA action to age 62 due to Plaintiff's discovery deposition testimony. Defendants are in error. Plaintiff has clearly presented evidence of lost future earning capacity to retirement. Plaintiff testified in his discovery deposition only that it had been his intention, prior to injury, to work until *at least* age 62. Plaintiff has clearly met his burden of proof with respect to his claim

for loss of past wages and lost future earning capacity and other damages in this FELA action. Defendants are not entitled to a ruling limiting evidence of Geoffrey Crowther's lost future earning capacity at trial. Defendants may certainly cross examine Plaintiff on this issue at trial. Plaintiff reserves his right to not only put in evidence as to past wage loss but also as to loss of future earning capacity.

IV. CONCLUSION:

Defendants' request to limit evidence of Plaintiff's lost future earning capacity to age 62 is unfounded and improper in Geoffrey Crowther's FELA action. The jury should properly be permitted to hear evidence that Plaintiff is physically unable to return to his railroad occupation, and that Plaintiff has therefore lost past wages and lost future earning capacity from December 2006 through to retirement, at age 62 *at least*, if not later. As such, Defendants' motion is without merit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order denying Defendants' Motion in Limine to Limit Testimony Regarding Plaintiff's Future Lost Earning Capacity.

Respectfully submitted,

*/s/Thomas J. Joyce, III*
THOMAS J. JOYCE, III
Law Office of Thomas J. Joyce, III
801 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff

*/s/Michael J. McDevitt*
MICHAEL J. McDEVITT
Lawson & Weitzen
88 Black Falcon Avenue, Suite 345
Boston, MA 02110
(617) 439-4990
Attorney for Plaintiff

DATED: December 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | Civil Action No. 09-10334-MAP and |
| | : | 09-11467-MAP |
| Plaintiff | : | |
| v. | : | |
| CSX TRANSPORTATION, INC. and CONSOLIDATED RAIL CORP. | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that on December 3, 2010, I electronically filed: Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in Limine to Limit Testimony Regarding Plaintiff's Future Lost Earning Capacity; and Plaintiff's Proposed Order, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the Defendants:

Heather M. Gamache, Esquire
Flynn & Wirkus
400 Crown Colony Drive, Suite 200
Quincy, MA 02169

　　　　　　　　　　　　　　　　　　　　　　　　*/s/Thomas J. Joyce, III*
　　　　　　　　　　　　　　　　　　　　　　　　Thomas J. Joyce, III