IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | Civil Action No.  09-10334-MAP and |
| | : | 09-11467-MAP |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | ORAL ARGUMENT REQUESTED |
| and | : | |
| CONSOLIDATED RAIL CORP. | : | |
| | : | |
| Defendants | : | |

PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF DAMAGES ASSOCIATED WITH THE PERIOD OF TIME HE WAS DISABLED AS A RESULT OF A MAY 2009 BICYCLE ACCIDENT

COMES NOW the Plaintiff, Geoffrey Crowther, by and through his attorneys, Thomas J. Joyce, III, and Michael J. McDevitt, and hereby responds in Opposition to Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence of Damages Associated With The Period of Time He Was Disabled as A Result of A May 2009 Bicycle Accident (Document 69), as follows:

I.   BACKGROUND:

This is an occupational injury action brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Section 51, et seq.  Plaintiff, Geoffrey Crowther, is presently age 59.  Geoffrey Crowther worked as a track laborer, track welder, track foreman, and track inspector (trackman) for the railroad from 1975 through December 2006, when he became disabled (at age 55).  As a trackman, Geoffrey Crowther 's work tasks required an extreme amount of heavy repetitive work, utilizing certain track tools and equipment such as

torches, electric and gas welding equipment, grinders, chipping guns, track chisels, sledge hammers, claw bars, spiking mauls, needle guns, air impact hammers and saws.  He was also required to lift and carry heavy objects, and was exposed to excessive and harmful vibration.  Geoffrey Crowther's job duties further required prolonged use of his arms in awkward and extended positions, and working in poor ground conditions and walking on improper and poorly maintained ballast.  Many times he was required to perform his tasks without adequate tools and equipment and/or adequate manpower.

Geoffrey Crowther claims occupational neck, bilateral knee, left elbow, and left thumb injuries, which were caused and/or contributed to and/or aggravated, worsened and exacerbated, in whole or in part, by exposure to occupational risk factors for cumulative-trauma injuries, including repetition, force, vibration and/or awkward postures, in his employment as a trackman with Defendants, CSX Transportation, Inc. (CSX) and Consolidated Rail Corp. (Conrail), and for which he underwent multiple surgeries.

Defendants CSX and Conrail filed a Motion in Limine to Preclude Plaintiff from Introducing Evidence of Damages Associated With The Period of Time He Was Disabled as A Result of A May 2009 Bicycle Accident.  Defendants argue to the Court that the time during which Geoffrey Crowther was injured and recovering from a bicycle accident in May 2009 must be excluded from his claim for damages at trial of Plaintiff's FELA occupational injury action.  For the reasons stated herein, Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence of Damages Associated With The Period of Time He Was Disabled as A Result of A May 2009 Bicycle Accident should be denied.

II.     FACTS:

Plaintiff Geoffrey Crowther worked as a track laborer, track welder, track foreman, and track inspector (trackman) for the railroad from 1975 through December 2006 (age 55), when he became permanently disabled from his railroad work due to his injuries.  Geoffrey Crowther has produced the records and expert medical reports of his treating physicians and orthopedic surgeons, Dr. R. Scott Cowan, Dr. Andrew Lehman, Dr. Martin Luber, and Dr. Steven Wenner. Dr. Cowan, Dr. Lehman, Dr. Luber, and Dr. Wenner will be called to testify on behalf of Geoffrey Crowther as to the history, physical examinations, diagnostic tests, diagnosis, treatment, surgery, cause, disability and prognosis of Plaintiff's neck, bilateral knees, left elbow, and left thumb injuries, respectively.  Plaintiff's treating physicians and medical experts have presented evidence that Plaintiff is physically unable to return to his railroad occupation. Plaintiff is permanently disabled from railroad work due to the occupational injuries he has sustained to his neck and bilateral knees. (Please see Medical Records of New England Orthopedic Surgeons, attached as Exhibit 1).  (Please see Medical Reports of Dr. Cowan and Dr. Lehman, attached as Exhibits 2 & 3).  It had been Plaintiff's intention, prior to injury, to continue to work until at least age 62.  Geoffrey Crowther has also sustained pain and suffering, and loss of enjoyment of life.

III.    LEGAL ARGUMENT:

This occupational injury action was brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA), 45 U.S.C. Sec. 51, et seq.  Specifically, the FELA states, in pertinent part:

> Every common carrier by railroad while engaging in commerce between any of the states and territories, or between the District of Columbia and any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier, in such commerce,

> or in case of death of such employee, to his or her personal representative for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment.
>
> Any employee of a carrier, any part of whose duties as such employee shall be in the furtherance of interstate commerce; or shall, in any way, directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this Act be considered as being employed by such carrier, in such commerce, and shall be considered as entitled to the benefits of this Act and of an Act entitled "An Act related to the liability of common carriers by railroad to their employees in certain cases".  (App'd April 22, 1908) [45 U.S.C. Secs. 51 et seq.] as the same has been or may hereafter be amended (emphasis added).

45 U.S.C. Sec. 51.

The FELA was enacted by the United States Congress in 1908.  Congress and the United States Supreme Court have, over the years, consistently stated the purpose of the FELA is to protect and benefit railroad employees injured on the job.  The FELA is to be liberally construed to allow railroad employees, such as Geoffrey Crowther, injured in the scope of their employment to recover from the railroad even where the railroad's negligence is minimal. *Rodriguez v. Deloroy Connecting Railroad Company,* 473 F. 2d 819 (6th Cir. 1973).

This duty to provide a safe place to work was non-delegable and could not be passed on by the railroad to any person, firm or corporation.  *Bailey v. Central Vermont Railway Company,* 319 U.S. 350 (1943).  Not only is this duty to provide a safe place to work a non-delegable one, but it is also an affirmative one.  This means that the Defendants CSX and Conrail had a positive obligation to provide Geoffrey Crowther with a safe place to work, including finding any defect or hazard which would normally be revealed within the work place.  *Williams v. Atlantic Coastline Railroad Company*, 190 F.2d 744 (5th Cir. 1951).

It has long been accepted doctrine that "the question of evidence required to establish liability in an FELA case is much less than an ordinary negligence action." *Harbin v. Burlington Northern Railroad Company,* 921 F.2d 129 (7th Cir. 1990).  In *Hines v. Conrail*, 926 F. 2d 262 (3rd Cir. 1991), the Third Circuit reversed the grant of summary judgment in a toxic tort case which was predicated on the exclusion of plaintiff's expert witness.  The Court held that the FELA relaxed standard of causation also relaxes the threshold of admissibility for the reception of expert testimony.  Further, in an FELA case, the railroad employee is to be given every doubt before the Court.  *Ratigan v. New York Central Railroad Company*, 291 F. 2d 548 (2nd Cir. 1961), citing *Harris v. Pennsylvania Railroad*, 361 U.S. 15 (1959), *Moore v. Terminal Railroad Association,* 358 U.S. 31 (1958).  The obvious purpose of the FELA is to enlarge the remedy of railroad employees injured as a result of the hazards in their work place.  *Metropolitan Coal Company v. Johnson*, 265 F. 2d 173 (1st Cir. 1959).

Under the FELA, the Plaintiff is entitled to recover various damages.  This is not a workers' compensation case brought under state law wherein Geoffrey Crowther is limited to the payment of medical bills and the payment of a percentage of lost income or a percentage of disability.  On the contrary, under the FELA, Plaintiff is entitled to recover compensation for the following items of damages: (a) any outstanding or unpaid medical bills or medical expenses; (b) lost income and earnings (including overtime) and benefits; and (c) an amount which would reasonably compensate the Plaintiff for his pain and suffering, mental anguish, inconvenience and loss of enjoyment of life.  *Domeriacki v. Humble Oil Refining Company*, 443 F.2d 1245 (3rd Cir. 1971).  The FELA is to provide liberal remedial remedies against the railroad in favor of injured railroad employees.  *South Buffalo Railway Company v. Allen*, 344 US 367 (1953); *Kerman v. American Dredging Company*, 355 US 426 (1960).  The Plaintiff is entitled to be

compensated for pain and suffering that he has sustained in the past and that he is likely to sustain in the future.

In the instant matter before this Honorable Court, Defendants argue that the time during which Geoffrey Crowther was injured and recovering from a bicycle accident in May 2009 must be excluded from his claim for future damages at trial of Plaintiff's FELA occupational injury action. Defendants are in error. Plaintiff has presented evidence that he is permanently disabled from his railroad occupation as of December 2006 (age 55) due to his neck and bilateral knee injuries claimed in this matter. Plaintiff has presented evidence of lost wages and lost future earning capacity to retirement at age 62. Plaintiff was already permanently disabled due his neck and bilateral knee injuries prior to his 2009 bicycle accident. Defendants have simply not produced sufficient evidence of record to link the injuries sustained by Geoffrey Crowther in his 2009 bicycle accident with his ability to work to warrant reduction of Plaintiff's damages claim.

In *Stevens v. Bangor and Aroostook R. Co.*, 97 F.3d 594 (1st Cir. 1996), the plaintiff suffered a cardiac event before trial of his FELA injury action. In *Stevens*, the United States Court of Appeals for the First Circuit noted:

> The Railroad was not permitted to cross-examine Stevens about his cardiac event or to introduce the medical records into evidence. The Railroad argued that such examination was pertinent to Steven's life and work expectancy. The court excluded all evidence about the cardiac event *because the Railroad failed to proffer expert testimony to link it to life expectancy or work expectancy. Absent such testimony the court felt that the evidence would have been speculative and unduly prejudicial*. The trial court also excluded the evidence in part based on its understanding "that any independent event that the defendant is not responsible for in reference to hi health and condition could not be considered by [the jury] for purposes of awarding damages."
>
> This latter basis for the trial court's ruling was erroneous. If post-accident health problems have an impact on a plaintiff's ability to work or on his life expectancy and arise independently of the accident, defendant is entitled to adduce evidence of such problems in an effort to reduce a potential damages award.
> …

> *That does not mean the trial judge erred in excluding the evidence, particularly in light of his alternative grounds for doing so.* … Here, the Railroad commendably concedes that in the ordinary course, evidence of unrelated post-accident health problems *without medical testimony* as to their effect on plaintiff's life and work expectancy would be *unduly speculative*. See, e.g., *Meller v. Heil Co.*, 745 F.2d 1297, 1303 (10th Cir.) (excluding evidence of the decedent's drug use in a wrongful death action in part due to the *absence of a medical foundation* for the defendant's claim that that the decedent's life expectancy would have been diminished by his drug use).
> …
> ..[I]n the absence of even a proffer to link the cardiac event to plaintiff's life and work expectancy, it was hardly an abuse of discretion for the court to exclude the evidence.

*Stevens* at 599-600.  (emphasis added).

Defendants are not entitled to a ruling limiting evidence of Geoffrey Crowther's damages during the period of time in which he was injured and recovering from a bicycle accident in May 2009.

IV.     CONCLUSION:

Defendants' request to preclude evidence of Geoffrey Crowther's damages during the time period which he was injured and recovering from a bicycle accident in May 2009 is improper in Plaintiff's FELA action.  The jury should properly be permitted to hear evidence that Plaintiff is physically unable to return to his railroad occupation, and that Plaintiff has therefore lost past wages and lost future earning capacity from December 2006 through to retirement at age 62.  As such, Defendants' motion is without merit.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order denying Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence of Damages Associated With The Period of Time He Was Disabled as A Result of A May 2009 Bicycle Accident.

                Respectfully submitted,

                */s/Thomas J. Joyce, III*
                THOMAS J. JOYCE, III
                Law Office of Thomas J. Joyce, III
                801 Centerton Road
                Mount Laurel, NJ 08054
                (856) 914-0220
                Attorney for Plaintiff

                */s/Michael J. McDevitt*
                MICHAEL J. McDEVITT
                Lawson & Weitzen
                88 Black Falcon Avenue, Suite 345
                Boston, MA 02110
                (617) 439-4990
                Attorney for Plaintiff

DATED: December 3, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GEOFFREY CROWTHER : | Civil Action No. 09-10334-MAP and |
| : | 09-11467-MAP |
| Plaintiff : | |
| v. : | |
| CSX TRANSPORTATION, INC. : | |
| and | |
| CONSOLIDATED RAIL CORP. : | |
| Defendants : | |

CERTIFICATE OF SERVICE

I, THOMAS J. JOYCE, III, hereby certify that on December 3, 2010, I electronically filed: Plaintiff's Response and Memorandum of Law in Opposition to Defendants' Motion in Limine to Preclude Plaintiff from Introducing Evidence of Damages Associated With The Period of Time He Was Disabled as A Result of A May 2009 Bicycle Accident; Plaintiff's Exhibits; and Plaintiff's Proposed Order, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record for the Defendants:

Heather M. Gamache, Esquire
Flynn & Wirkus
400 Crown Colony Drive, Suite 200
Quincy, MA 02169

*/s/Thomas J. Joyce, III*
Thomas J. Joyce, III