UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| GEOFFREY CROWTHER,<br>Plaintiff,<br>v.<br><br>CSX TRANSPORATION, INC. and<br>CONSOLIDATED RAIL CORP,<br>Defendant<br><br>AND<br><br>GEOFFREY CROWTHER,<br>Plaintiff,<br>v.<br><br>CSX TRANSPORTATION, INC. | 3:09-cv-10334-MAP<br><br><br><br><br><br><br><br><br>3:09-cv-11467-MAP |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM OFFERING ALLAN BAUSTIN, M.D. AND AJIT MIRANI, M.D. AS EXPERTS AT TRIAL

Defendants CSX Transportation, Inc. ("CSXT") and Consolidated Rail Corporation ("Conrail") (hereinafter referred to collectively as "Defendants"), hereby submit the following Memorandum of Law in support of their Motion in Limine to Preclude Plaintiff from Offering Allan Baustin, M.D. and Ajit Mirani, M.D. as Experts at Trial. In support thereof, Defendants aver as follows:

1. Upon information and belief, Plaintiff apparently intends to offer Allan Baustin, M.D. and Ajit Mirani, M.D. as expert witnesses at trial.

2. Plaintiff, however, violated the disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure by not providing Defendants with a copy of Drs. Baustin and Mirani's expert reports, curriculum vitae, fee schedules and/or prior trial testimony.

3. Plaintiff's violation of Rule 26(a)(2)(B) has severely prejudiced Defendants' ability to defend this case.

Accordingly, this Court should preclude Plaintiff from offering Dr. Baustin and Dr. Mirani as medical experts at trial.

## I. FACTUAL BACKGROUND:

Defendants will not reiterate the facts of this case in their entirety here, instead Defendants hereby incorporate by this reference their Omnibus Statement of Facts in Support of Defendants' Motions in Limine and exhibits attached thereto. Briefly, Plaintiff apparently intends to offer Allan Baustin, M.D. and Ajit Mirani, M.D., as medical experts in this case to provide testimony regarding Plaintiff's traumatic injury to his left forearm. (See Pl.'s Pretrial Mem., Doc. 46, at 6 and 7.) Plaintiff's Rule 26 expert disclosures in his traumatic case, Civ. No. 09-11467 (now consolidated with the instant action) were due on July 9, 2010. (See Scheduling Order dated December 3, 2009, Doc. No. 16 in Civ. No. 09-11467.) On July 9, 2010, Plaintiff merely provided Defendants with a letter identifying Dr. Baustin and Dr. Mirani as medical experts and attached medical records and internet generated biographical information for each doctor. See Letter dated July 9, 2010 and exhibits, a copy of which is attached as Exhibit A. Plaintiff did not provide: (1) a report (2) a curriculum vitae; (3) a fee schedule; or (4) a list of cases in which, during the last four years, the witness testified as an expert at trial, for either Dr. Baustin or Dr. Mirani. In fact, to date, Plaintiff has failed to provide additional information, most importantly, expert reports, to Defendants.[1]

---

[1] Defendants received a copy of Dr. Baustin's curriculum vitae on July 14, 2010, however, the letter enclosing the curriculum vitae indicated that it was being offered in connection with Plaintiff's occupational case, not his traumatic case. See Letter dated July 14, 2010, a copy of which is attached as Exhibit B. In addition, on July 23, 2010, Defendants received a copy of Dr. Mirani's curriculum vitae, however, again the letter enclosing the curriculum vitae indicated that it was being offered in connection with Plaintiff's occupational case, not his traumatic case. See Letter dated July 23, 2010, a copy of which is attached as Exhibit C.

## II. **DISCUSSION OF LAW:**

Plaintiff failed to comply with the disclosure requirements of Rule 26(a)(2)(B), and therefore, should be precluded from offering Drs. Baustin and Mirani as medical experts at trial. Rule 26(a)(2)(B) states:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-prepared and signed by the witness-if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involved giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the data or other information considered by the witness informing them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness' qualifications, including a list of all publications authored in the previous ten years;
>
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). This disclosure is necessary to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." United States v. Procter & Gamble, 356 U.S. 677, 682 (1958). Indeed, "Rule 26 increases the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus for the court's supervision of the judicial process." Thibeault, 960 F.2d at 244 (citations omitted).

Rule 26(a)(2)(B)(v) violations undermine the opposing party's ability to "properly prepare for trial and for cross-examination . . . ." Gay v. Chandra, No. 05-CV-0150, 2009 U.S.

Dist. LEXIS 80952, *2 (S.D. Ill. 2009) (allowing motion in *limine* to exclude expert testimony based on multiple violations of Rule 26(a)(2)(B). While the judge has discretion when issuing sanctions, Rule 37(c) "contemplates stricter adherence to discovery requirements and harsher sanctions for breaches of this rule . . . ." Klonoski v. Mahlab, 156 255, 269 (1st Cir. 1998); see Poulin v. Greer, 18 F.3d 979, 984 (1st Cir. 1994). Indeed, when an expert does not comply with Rule 26, "the sanction of exclusion is *automatic and mandatory* . . . ." R.C. Olmstead, Inc. v. CU Interface, LLC, No. 5:08CV234, 657 F. Supp. 2d 905, 909 (N.D. Oh. 2008) (emphasis in original) (citing Johnson v. Galen of Va., Inc., 325 F.3d 776, 782 (6th Cir. 2003)).

Here, Plaintiff utterly failed to comply with Rule 26(a)(2)(B).[2] As noted, *supra*, Plaintiff has merely provided Defendants with the identity of his proposed medical experts and untimely copies of their curriculum vitae. This is a gross and obvious violation of Rule 26(a)(2)(B). More importantly, Plaintiff has made no attempt whatsoever to supplement his purported July 9, 2010 disclosure with a copy of Drs. Baustin and Mirani's expert reports, fee schedules or prior trial testimony as required under the Rule. Yet, in his Pretrial Memorandum Plaintiff boldly states that he still intends to rely on these doctors as medical experts at trial.

Permitting Plaintiff to rely on Drs. Baustin and Mirani as medical experts at trial despite his obvious violation of Rule 26(a)(2)(B) will severely prejudice Defendants' defense. This is especially true when considering that Defendants' have absolutely no idea what the doctors' opinions are or what information their opinions are based on. Indeed, as noted, Plaintiff has not

---

[2] It is of particular importance that Plaintiff likewise failed to comply with the disclosure requirements as to his proposed medical experts Drs. Lehman, Luber, Wenner, and Cowan, as well as his proposed ergonomic expert Michael D. Shinnick, Ed.D. and his proposed economic expert David Hopkins. Indeed, Plaintiff merely provided Defendants with a copy of each witnesses written reports and curriculum vitae, but, with the exception of Dr. Luber's fee schedule, otherwise failed to provide any additional documents as required under Rule 26(a)(2)(B). See Plaintiff's Expert Disclosure dated Jan. 29, 2010, a copy of which is attached as Exhibit D; see also Letter dated April 30, 2010, a copy of which is attached as Exhibit E. To date, Plaintiff has not supplemented his disclosures in any way. As such, Defendants likewise move to preclude Plaintiff's above-referenced proposed experts on the grounds that Plaintiff has failed to comply with the disclosure requirements of Rule 26(a)(2)(B).

provided Defendants with written reports from either doctor. Therefore, this Court should preclude Plaintiff from offering Drs. Baustin and Mirani as medical experts at trial.

WHEREFORE, for all the above-stated reasons as well as the reasons stated in the Memorandum of Law, Defendants' Motion should be **ALLOWED**.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Defendants respectfully state that oral argument may assist the Court and requests a hearing on its Motion in Limine.

> Respectfully submitted,
> Defendants, CSX Transportation, Inc., and
> Consolidated Rail Corporation,
> By their attorneys,
>
> /s/ Heather M. Gamache
> Michael B. Flynn, Esq., BBO# 559023
> mbflynn@flynnwirkus.com
> Lori A. Wirkus, Esq., BBO # 635525
> lawirkus@flynnwirkus.com
> Heather M. Gamache, BBO# 671898
> hgamache@flynnwirkus.com
> Flynn & Wirkus, P.C.
> 400 Crown Colony Drive, Suite 200
> Quincy, MA 02169
> (617) 773-5500

DATED: November 10, 2010

G:\F & A\CASE FILES\CSX OCCUPATIONAL\Worn\Crowther - WORN - 61-123\Trial\Motions in Limine\MIL to Preclude Baustin and Mirani\MOL re MIL prec Buastin and Mirani

## CERTIFICATE OF SERVICE

I, Heather M. Gamache, attorney for Defendants hereby certify that I have served true and correct copies of the foregoing Motion in Limine upon all counsel of record electronically via *CM/ECF* this 10th day of November, 2010.

/s/ Heather M. Gamache
Heather M. Gamache, Esq.