UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

GEOFFREY CROWTHER,              )
        Plaintiff               )
                                )
              v.                 ) C.A. NO. 09-cv-10334-MAP
                                ) C.A. NO. 09-cv-11467-MAP
CONSOLIDATED RAIL CORPORATION   )
and CSX TRANSPORTATION, INC.    )
        Defendants              )


               MEMORANDUM AND ORDER REGARDING
          DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW
                          (Dkt. No. 123)

                         February 3, 2011

PONSOR, D.J.

                         I. INTRODUCTION

     On January 3, 2011, a jury trial commenced in which Plaintiff Geoffrey Crowther sought relief under the Federal Employee Liability Act ("FELA"), 45 U.S.C. § 51, for so-called "wear-out" injuries to his knees, neck, left elbow, and left thumb, and aggravation of injuries to his knees, left elbow, and left thumb, all of which he alleged were caused, at least in part, by negligence on the part of Defendants CSX Transportation and Consolidated Rail Corporation ("Conrail").  Plaintiff additionally sought relief for a specific traumatic injury to his left forearm that occurred in 2005 while he was working in New Bedford, Massachusetts.  At the close of evidence of Plaintiff's case, Defendants moved for judgment as a matter of law on

all counts. The court orally allowed in part and denied in part Defendants' motion, and briefly conveyed its reasons for doing so. This post-trial memorandum elaborates on the court's reasoning.

## II. DISCUSSION

Federal Rule of Civil Procedure 50(a) enables a court to resolve an issue against a plaintiff at the close of the plaintiff's case if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).

### A. Statute of Limitations.

Defendants contended that Plaintiff had not met his burden of proving that, with the exception of his left forearm injury, he did not know and reasonably could not have known of any connection between his injuries and his employment on the railroad within the applicable statutory limitations period.

A claim under the FELA must commence within three years of the date that the cause of action accrued. 45 U.S.C. § 56. "[T]he three-year statute of limitations period begins to run when a plaintiff knows, or should know, of [his] injury and its cause." Granfield v. CSX Transp., Inc., 597 F.3d 474, 482 (1st Cir. 2010). The "'plaintiff has the duty of alleging that he has brought his action in due time.'"

2

Id. at 481 (quoting Brassard v. Boston & Maine R.R., 240 F.2d 138, 141 (1st Cir. 1957)).  It is undisputed that the limitations period for Plaintiff's claim of injury to his knees, neck, left elbow, and left thumb began on September 21, 2004, and that the limitations period for Plaintiff's claim of aggravation of injury to his knees, left elbow, and left thumb began on March 5, 2006.

At trial, Plaintiff testified on redirect examination that in 2005 he became aware that his injuries were work-related.  Accordingly, all of his claims of aggravation of injury are time-barred.

Plaintiff's primary care physician, Dr. Allan Baustin, testified in a deposition that was read to the jury that he ordered an x-ray of Plaintiff's neck in 2002 in response to Plaintiff's complaints of neck pain.  (Dkt. No. 41, Ex. 2, Baustin Dep. 13:12-15.)  Plaintiff himself testified that, at that time, Dr. Baustin recommended that Plaintiff stop working as a manual laborer and move into a management position.  (See also, e.g., Dkt. No. 41, Ex. 16, Crowther Dep. 106:25-107:10.)  He further testified that he followed this advice, and his pain diminished considerably.  (Id. at 107:13-16.)  Accordingly, the jury could not reasonably have

found that Plaintiff reasonably should not have known of the relationship between his work and his neck pain in 2002.[1]

Similarly, as to Plaintiff's knees, the evidence included a 1986 x-ray of Plaintiff's right knee that revealed "severe degenerative arthritis." (Dkt. No. 49, Ex. 6.) In 1992, Plaintiff reported on a Conrail medical form that he was having trouble with his right knee. (Dkt. No. 49, Ex. 7.) In 1998, he again reported that his knee was "bothersome." (Id.) As to his left knee, Dr. Baustin testified that he noticed "arthritic changes" in Plaintiff's left knee in 2003. (Baustin Trial Test., Jan. 19, 2011.) In 2007, Plaintiff's chiropractor, Dr. John Macatee, wrote in his notes that Plaintiff stated to him in 2007 that "his <u>knees</u> became painful starting 2002 probably due to overuse at work, walking frequently on track." (Dkt. No. 39, Ex. 12, at 11 (emphasis in original).) Having heard all of this testimony and viewed these exhibits, the only reasonable conclusion the jury could draw was that Plaintiff should have known, prior to September 21, 2004, of his knee injuries and their potential relationship to his work.

---

[1] Plaintiff also has failed to meet his burden in showing a causal medical connection between his neck injury and his work. Plaintiff's neck surgeon testified in his deposition, which was played for the jury, "I believe that Mr. Crowther would have developed degenerative disk disease to his neck independent of work." (Dkt. No. 64, Ex. 3, Cowan Dep. 76:7-9.)

Accordingly, the court granted judgment as a matter of law in favor of Defendants as to Plaintiff's claims of injury to his neck and knees and aggravation of injury to his knees, thumb, and elbow because these claims violated the statute of limitations. Following this ruling, remaining for consideration by the jury were Plaintiff's claims of injury to his thumb and elbow and the separate claim of injury to his forearm.[2]

B. <u>Negligence and Causation</u>.

In addition to the statute of limitations arguments, Defendants also moved for judgment as a matter of law on the ground that Plaintiff had not met his burden of proof in demonstrating that either Defendant was negligent. "FELA regulates the liability of railroad common carriers . . . for injuries sustained by their employees due to the carrier's negligence." <u>Granfield</u>, 597 F.3d at 480. It is therefore not enough for a plaintiff to show that he was injured, or that he was injured at work, or that his injuries were caused by his work. A plaintiff in a FELA case must show that the railroad was negligent, and that this negligence caused or contributed to, in whole or in part, the injuries.

---

[2] The jury eventually found in favor of Defendants on all of these claims.

In his opposition to Defendants' motion, Plaintiff articulated his theories that Defendants were negligent by failing to provide adequate tools, adequate manpower, and any ergonomic training for employees. (Dkt. No. 124.) After hearing argument and considering the testimony that had been presented, the court precluded Plaintiff from pursuing all but the manpower theory.

The only testimony that the jury heard regarding inadequate tools concerned a brief period in late 2005 when Plaintiff worked in New Bedford. Given that Plaintiff's career with the railroad began in 1977 and continued through December 2006, the testimony regarding 2005 was insufficient for the jury to have found that Defendants were negligent for failing to provide adequate tools and that this negligence resulted in "wear-out" injuries. Moreover, there was no testimony that linked Plaintiff's injured thumb and elbow to any failure on Defendants' part to provide adequate tools. Finally, there was no testimony about how the use of any other tools would have prevented injury. Since there was no evidence of any failure to use reasonable care with regard to tools, Plaintiff was prohibited from proceeding on this theory.[3]

---

[3] The jury was permitted to consider Plaintiff's claim that his traumatic injury (not the "wear-out" injuries) was caused by inadequate tools. The verdict went against

Plaintiff's theory regarding the failure of Defendants to provide an ergonomics program was similarly unsupported. Plaintiff's expert, Dr. Michael Shinnick, was the only witness to testify as to what Plaintiff might have gained from an ergonomics program, but -- beyond generalities -- this testimony was limited to statements about welding helmets and neck injuries. Because Plaintiff's neck injury claim is no longer at issue, this testimony is immaterial. The general testimony about ergonomics was never tied either to Plaintiff or to his injuries. The jury was never informed as to how any hypothetical program might have made a difference to Plaintiff. Thus, the jury could not reasonably have found that Defendants, in relation to Plaintiff, were negligent for failing to offer ergonomic training. Moreover, no causal link, even the slightest, was identified between any inadequate ergonomics program and Plaintiff's injury.

The court allowed Plaintiff to proceed on his theory of inadequate manpower based on testimony that Defendants hired fewer workers over the years. A reasonable jury could draw an inference that the presence of fewer coworkers might have required more work on Plaintiff's part. While admittedly thin, the court found sufficient evidence for Plaintiff to

---

Plaintiff on this point.

argue to the jury -- unsuccessfully, as it turned out -- that "wear-out" injuries to his thumb and elbow were the result of overuse due to a lack of manpower.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion for judgment as a matter of law (Dkt. No. 123) was ALLOWED as to Plaintiff's claims of injury to his knees and neck as well as Plaintiff's claims of aggravation of injury to his knees, elbow, and thumb.  The motion was DENIED as to Plaintiff's claim of injury to his elbow, thumb, and forearm.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge