```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS


GEOFFREY CROWTHER,                )
         Plaintiff                )
                                  )
     v.                           ) C.A. NO. 09-10334-MAP
                                  )
CONSOLIDATED RAIL CORPORATION     )
and CSX TRANSPORTATION, INC.      )
         Defendant                )


            MEMORANDUM AND ORDER REGARDING
               DEFENDANTS' BILL OF COSTS
                    (Dkt. No. 150)

                   October 3, 2011
```

PONSOR, D.J.

Plaintiff, Geoffrey Crowther, brought suit against Defendants, Consolidated Rail Corporation and CSX Transportation, Inc., under the Federal Employer's Liability Act, 45 U.S.C. § 51. Following a jury trial, the court entered judgment for Defendants on all claims pursuant to a special verdict of the jury and a motion for judgment as a matter of law.

Defendants have now submitted a Bill of Costs under Fed. R. Civ. P. 54(d) in the amount of $16,363.94. Plaintiff has opposed the motion, contesting the following expenses: $10,062.90 for deposition transcripts, $4,135.00

for printing, and $1,526.99 for exemplification and copies.

While there is a "presumption favoring cost recovery for the prevailing parties," courts have discretion "to deviate from this baseline." In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire, 994 F.2d 956, 962-63 (1st Cir. 1993). The relevant inquiry when awarding costs is "whether the costs were necessary to resolution of the case." Gochis v. Allstate Inc. Co., 162 F.R.D. 248, 251 (D. Mass. Jun 14, 1995). In this case, the court will exercise its discretion and limit Defendants' award of costs for several reasons.

First, while depositions entered into evidence or used at trial should be taxed to the losing party, other depositions may be taxed to the losing party at the court's discretion only "if special circumstances warrant it." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Defendants seek to recover costs of transcription services for depositions of six witnesses -- all of which were used at trial -- and for three unidentified depositions. (Dkt. No. 150, Bill of Costs, at 5, 7, 10-11, 13, 15-16.) Because Defendants

provide no evidence of necessity for the unidentified depositions (cost of $5879.10), the court will decline to tax these costs.

Second, Defendants seek to recover costs for "[p]hotocopies made in-house on behalf of client," totaling $4,135.00. (Dkt. No. 150, Bill of Costs.) To recover photocopying fees, "'counsel should inform the Court of the number of copies, the cost of each copy, and provide, if possible, a breakdown of the reasons why photocopying of certain documents was necessary.'" Martinez v. Cui, No. 06-40029-FDS, 2009 WL 3298080, at *3 (D. Mass. 2009) (internal citation omitted). For in-house photocopying, the prevailing party should additionally demonstrate either "the various components of its in-house photocopying costs . . . or show the prevailing cost of comparable outside copy services." In re San Juan Dupont Plaza Hotel Fire Litigation, 111 F.3d 220, 237 (1st Cir. 1997). While Defendants' detail the number of copies and the cost of each copy, they provide no further explanation of the nature or necessity of these copies or of the components of in-house photocopying costs. Consequently, the court will decline to

3

tax these costs.

Finally, Defendants seek to recover costs for several charges for "[o]utside document preparation," "[o]utside photocopies," and "FedEx Office copying charges for trial exhibits." (Dkt. No. 150, Bill of Costs, at 3-4, 6-7, 12, 14-17). For exemplification and copy costs to be recoverable, "there must be a showing that the fees are necessary as opposed to merely convenient or helpful." Walsh v. Paccar, Inc., No. 04-10304-MBB, 2007 U.S. Dist. LEXIS 53767, at *10 (D. Mass. July 25, 2007). Defendants do not explain any of their expenses or their necessity. Without further substantiation, the court will refuse to tax these costs.

In summary, because of Defendants' failure to explain large portions of their request for costs, Defendants' Bill of Costs (Dkt. No. 150) is ALLOWED to the following extent: $160.05 for fees of the clerk, $479.00 for fees for service of summons and subpoena, and $4,183.80 for deposition transcripts. The Bill of Costs is DENIED in all other respects.

It is So Ordered.

                                              <u>/s/ Michael A. Ponsor</u>
                                              MICHAEL A. PONSOR
                                              U.S. District Judge